Mark S. Lee (SBN 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 213.375.3811
Facsimile: 213.375.3811

Attorneys for Defendant
DEADLY DOLL. INC..

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILA,<br><br>       Plaintiff,<br><br>   v.<br><br>DEADLY DOLL, INC.,<br><br>       Defendant. | Case No.  2:21-CV-05837-ODW-MRW<br><br>**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  April 11, 2022<br>Time:  1:30 p.m.<br>Courtroom:  5D<br><br>(The Hon. Otis D. Wright, II)<br>Complaint filed July 20, 2021 |
| DEADLY DOLL, INC.<br><br>       Counterclaim Plaintiff,<br><br>   v.<br><br>CARLOS VILA,<br><br>       Counterclaim Defendant. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................ 1

II.     VILA's COMPLAINT, DD'S ANSWER AND COUNTERCLAIM, AND VILA'S ANSWER .................................................. 1

III.    VILA'S ARGUMENT THAT HIS IMAGE IS NOT A DERIVATIVE WORK AS A MATTER OF LAW SHOULD BE REJECTED ...................... 5

IV.     DD'S COPYRIGHT REGISTRATION SHOULD NOT BE INVALIDATED OR ITS COUNTERCLAIM DISMISSED FOR A TYPOGRAPHICAL ERROR ........................................................ 8

V.      VILA'S ARGUMENT THAT HIS USE OF DD'S COPYRIGHTED PIN-UP GIRL IMAGE IS "FAIR" AS A MATTER OF LAW SHOULD BE REJECTED ................................................................ 11

VI.     CONCLUSION .................................................................. 16

DEADLY DOLL, INC.'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLEADINGS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Albritton v. Tiffany & Bosco, P.A.*,
   2013 WL 12153571 (D. Arizona April 23, 2013)..............................................10

6

7

*Alexander v. Take-Two Interactive Software, Inc.*,
   489 F. Supp. 3d 812 (S.D. Ill. 2020) ..........................................................13, 14

8

9

*Anderson v. Stallone*,
   1989 WL 206431 (C.D. Cal. April 26, 1989)....................................................8

10

11

*Andy Warhol Foundation for the Visual Arts, Inc., v. Goldsmith*,
   992 F. 3d 99 (2d Cir. 2021) ..........................................................................14, 15

12

13

*Browne v. McCain*,
   612 F. Supp. 2d 1125 (C.D. Cal. 2009)............................................................11

14

15

*Classical Silk, Inc. v. Dolan Group, Inc.*,
   2016 WL 7638113 (C.D. Cal. February 2, 2016) .................................................7

16

*DC Comics v. Towle*,
   802 F.3d 1012 (9th Cir. 2015).........................................................................8

17

18

*Dr. Seuss Enters., L.P. v. ComicMix LLC*,
   983 F.3d 443 (9th Cir. 2020) .........................................................................13

19

20

*Ets-Hokin v. Skyy Spirits, Inc.*,
   225 F.3d 1068 (9th Cir. 2000) (Mot. 7)..........................................................6, 7

21

22

*Gamer v. Higgins*,
   2015 WL 574352 (W.D. Va. Feb. 11, 2015).....................................................12

23

24

*Gaylord v. U.S.*,
   777 F.3d 1363 (Fed. Cir. 2015) .....................................................................5

25

26

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*,
   925 F.3d 1140 (9th Cir. 2019) .......................................................................9

27

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
   896 F.2d 1542 (9th Cir.1990) .......................................................................5

28

ii

1

## <u>TABLE OF AUTHORITIES CONT'D</u>

2

**Page(s)**

3

**Cases**

4

*Harper & Row Publisher, Inc. v. Nation Enterprises*,
    471 U.S. 539, 185 S. Ct. 2218(1985) ................................................................. 13

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*,
    345 F.3d 1140 (9th Cir. 2003) ........................................................................... 7

*Leicester v. Warner Bros.*,
    232 F.3d 1212 (9th Cir.2000) ............................................................................ 7

*Michael Grecco Productions, Inc. v. Livingly Media, Inc.*,
    2021 WL 2546749 .......................................................................................... 7

*Peterman v. Republican National Committee*,
    320 F. Supp. 3d 1151 (D. Mont. 2018) ........................................................... 12

*Ringgold v. Black Entertainment Television, Inc.*,
    126 F. 3d 70 (2d Cir. 1997) ............................................................................. 14

*Rivers v. Skate Warehouse, LLC*,
    2013 WL 12128800 (C.D. Cal. April 15, 2013 ) ............................................. 10

*Rogers v. Koons*,
    960 F. 2d 301 (2d Cir. 1992) ........................................................................... 14

*Sobhani v. @Radical.Media Inc.*,
    257 F. Supp. 3d 1234,1239 (C.D. Cal. 2003) ................................................. 15

*Sobhani v. @Radical Media Incl.*,
    257 F.Supp. 2d 1234 (C.D. Cal, 2003) ..................................................... 11, 15

*SOFA Entm't, Inc. v. Dodget Productions, Inc.*,
    709 F.3d 1273 (9th Cir. 2013) ......................................................................... 11

*Solid Oak Sketches, LLC v. 2K Games, Inc*.,
    2018 WL 16261458 (S.D.N.Y. March 30, 2018) ............................................ 11

*Sony Music Entertainment v. Cox Communications, Inc.*,
    426 F. Supp 3d 217 (E. D. Va. 2019) ................................................................ 9

iii

# TABLE OF AUTHORITIES CONT'D

**Page(s)**

**Cases**

*Star Athletica, L.L.C. V. Varsity Brands, Inc*.,
   U.S., 137 S. Ct. 1002 (2017), 137 S. Ct. ......................................................... 7

*Ticketmaster L.L.C. v. Prestige Entertainment West, Inc*.,
   315 F.Supp.3d 1147 (C.D. Cal. 2018) .............................................................. 7

*Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc*.,
   55 F. Supp. 2d 1113 (D. Nev. 1999) ................................................................. 6

*TMTV Corp. v. Mass Productions, Inc.*,
   645 F.3d 464 (1st Cir. 2011) ............................................................................ 8

*Unicolors, Inc v. H&M Hennes & Mauritz*,
   --U.S.--, 2022 WL 547681 (February 24, 2022) ............................................. 9

*United Fabrics Intern., Inc. v. C&J Wear, Inc.*,
   630 F.3d 1255 (9th Cir. 2011) ...................................................................... 7, 9

*United Feature Syndicate, Inc. v. Koons*,
   817 F. Supp. 370 (S.D.N.Y. 1993) ................................................................... 5

*United States v. Mazariegos*,
   2020 WL 5517308 (N.D. Cal. 09/14/2020)..................................................... 10

*Vila v. Alison Lou LLC*,
   Case No. 1:19-CV-06634 (S.D.N.Y.) ............................................................... 1

DEADLY DOLL, INC.'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLEADINGS

# <u>TABLE OF AUTHORITIES CONT'D</u>

**Page(s)**

**Statutes**

17 U.S.C. §101 ................................................................................................ 5, 7

17 U.S.C. §107 .......................................................................................... 11, 12, 13

17 U.S.C. § 410(c) ............................................................................................... 7

17 U.S.C. §411(b)(1) ........................................................................................... 8

17 U.S.C. §411(b)(1)(A) ...................................................................................... 8

**Other Authorities**

Fed. R. Civ. Proc. 12(c) ........................................................................ 4, 6, 10, 11

Rule 12(b)(6) ............................................................................................... 11, 12

William F. Patry, *Patry on Fair Use* §7:5 .......................................................... 12

DEADLY DOLL, INC.'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLEADINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff and Counter-Defendant Vila ("Vila") moves to invalidate Defendants' copyright registration and dismiss Defendants' counterclaim based on a typographical error in the registration. He argues that his copying of Defendants' copyrighted work must be fair use as a matter of law because his copyright is the only one that matters. Vila's arguments lack merit and his motion should be denied for the reasons described below.

## II. VILA's COMPLAINT, DD'S ANSWER AND COUNTERCLAIM, AND VILA'S ANSWER.

This action began when Vila filed suit claiming that Defendant and counterclaimant Deadly Doll, Inc. ("DD") infringed his copyright in a photograph of Irena Shayk wearing an item of DD clothing. Vila alleges that DD infringed his rights when it briefly posted that image, with Irena Shayk's permission, on its Instagram page. (Dkt. No. 1, ¶¶ 21-22.)[1]

---

[1] This case is one of about 20 similar cases Vila has filed in the last several years, most of which settled shortly after filing. See the Court Dockets in *Vila v. Laval Official LLC*, Case No. 1:19-CV-06154 (S.D.N.Y.) filed July 1, 2019; *Vila v UpscaleHype, LLC.*, Case No. 4:19-CV-01995 (S.D. Tex.) filed 06/03/2019; *Vila v. Alison Lou LLC*, Case No. 1:19-CV-06634 (S.D.N.Y.) filed July 16, 2019 *Vila v. Robert & Fraud, Inc.*, Case No. 1:19-CV-06772 (S.D.N.Y.), filed July 19, 2019); *Vila v. Monse LLC*, Case No. 1:19-CV-07078 (S.D.N.Y) filed July 30 2019); *Vila v. Lymi Inc.*, Cas No. 1:19-CV-08171 (S.D.N.Y. September 1, 2019); *Vila v. Vice Media LLC,* Case No. 1:19-CV-05332 (S.D.N.Y), filed 9/18/2019; *Vila v. Staud, Inc.*, Case No. 1:19-CV-09119 (S.D.N.Y.), filed October 2, 2019; *Vila v. Indigoods LLC,*. Case No. 1:19-CV-09121 (S.D.N.Y.) filed October 2, 2019; *Vila v. Fenty Corp.* Case NO. 1:19-CV-11790 (S.D.N.Y. December 24, 2019: *Vila v. Calzedonia USA Inc.*, Case No. 1:20-CV-00046 (S.D.N.Y January 3, 2020; *Vila v. Mango USA, Inc.,* Case No. 1:20-CV-00064 (E.D.N.Y.) filed January 3, 2020); *Vila v. J Brand, Inc.*, Case No. 1:20-CV-02107 (S.D.N.Y.) filed March 9, 2020;*Vila v. Miaouxx, LLC*, Case No. 1:20-CV-02401 (S.D.N.Y.) filed March 18, 2020; *Vila v. Loewe LLC*, Case No. 1:20-CV-04149 (S.D.N.Y.) filed May 29, 2020; *Vila v. Nice Kicks*

---

1

1    However, Vila's complaint does not mention that the photograph he claims

2  DD infringed prominently depicts a preexisting image whose copyright is owned by

3  DD, on the DD clothing Irena Shayk was wearing. Vila never sought or obtained

4  permission from DD (or, DD is informed and believes, Irena Shayk) to copy and

5  post the photo bearing her likeness and DD's copyrighted image on Vila's website.

6  DD answered Vila's complaint raising, *inter alia*, affirmative defenses that Vila's

7  copyright is invalid as an unauthorized derivative work, and that DD's reproduction

8  of Vila's image displaying DD's copyrighted work with Irena Shayk's permission

9  was fair use. (Dkt. No. 14, ¶¶ 6-10.)

10    DD also counterclaimed for declaratory relief that Vila's copyright is invalid

11  as an unauthorized derivative work, and it alleges that Vila infringed DD's

12  copyright when he reproduced DD's underlying copyrighted image in his

13  photograph which, without irony, he claims DD infringed. (Dkt. No. 15, ¶¶ 1, 6-19.)

14    As stated in its counterclaim, DD manufactures and sells cutting edge

15  clothing that is beloved by fashion forward celebrity fans such as Irina Shayk.  One

16  of the recurring motifs in DD's clothing is its use of distinctive, original artwork,

17  song lyrics, and other graphics that often are prominently displayed on its clothing.

18  (Dkt. No. 15, ¶ 6.)

19    Among the graphic images DD uses on its clothing is a cartoon-style work

20  depicting a "Pin-up" girl holding a skull in her left hand. DD created that artwork in

21  2018, and first published it in late 2019. (Dkt. No. 15, ¶ 7.) It is the image Vila

22

23

24

25  *Holdings, LLC*, Case No. 1:21-CV-00037 (W.D. Tex..) filed January 12, 2021: *Vila v. Brixton*, LLC., Case No. 3:21-CV-01132 (S.D.N.Y.) filed June 18, 2021; *Vila v.*

26  *Nili Lotan, Inc.*, Case No. 1:22-CV-00712 (S.D.N/Y.) filed January 27, 2022; and

27  *Vila v. LYMI Inc.*, Case No. 2:22-CV-01346 (C.D.Cal.) filed February 28, 2022).

28  DD respectfully asks the Court to take judicial notice of those filings and dispositions.

DEADLY DOLL, INC.'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLEADINGS

reproduced without permission. That artwork has been registered for copyright by DD with the U.S. Copyright Office,[2] and is shown below:



(Dkt. No.15, ¶ 8.)

       Vila's photograph prominently displays virtually all DD's copyrighted "Pin-up" girl from DD's copyrighted image without DD's consent as shown below:

_____

[2] There are different creation and publication dates in DD's copyright registration, but they do not require amendment to the counterclaim because the dates stated in the counterclaim are correct. DD discovered it inadvertently provided inaccurate dates in its copyright application after it filed it but before it filed its counterclaims herein. It was able to submit correct dates in its counterclaim herein, and immediately filed a supplementary registration application to correct the inaccurate dates in the registration. (Lee Decl. and Ex. 1.) An amended registration has not yet issued, but the inaccurate dates in the original registration do not affect its validity as shown in Section IV below.



(Dkt. No. 15, ¶ 9.)

Vila applied for and obtained a copyright registration in the above image with DD's image, and he has posted it online to license or attempt to license it to both online and print publications.  (Dkt. No. 15, ¶¶ 10-11.)

DD contends that there is a justiciable controversy whether Vila's photograph is an unenforceable derivative work, and seeks declaratory relief on that basis. (Dkt. No. 15, ¶13.)  DD also alleges that Vila infringed DD's copyright in its "Pin-up Girl" image when, without DD's permission, he copied it in his photograph and posted the photograph in his online portfolio of images he offers to license to others. (Dkt. No. 15, ¶¶ 11, 17-19.)

Vila filed an answer to DD's counterclaim in which, *inter alia*, he pleads a "fair use" affirmative defense. (Dkt. No. 23, ¶ 26.) He now moves for judgment on the pleadings to dismiss DD's counterclaim pursuant to Fed. R. Civ. Proc. 12(c) on that and other bases. (Dkt. No. 30.)

DEADLY DOLL, INC.'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLEADINGS

"Judgment on the pleadings is proper [only] when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1990). Vila's motion fails under this standard as described below.

## III.   VILA'S ARGUMENT THAT HIS IMAGE IS NOT A DERIVATIVE WORK AS A MATTER OF LAW SHOULD BE REJECTED.

Vila's argument that DD's declaratory relief counterclaim must be dismissed because his photograph containing DD's copyrighted visual art is not a "derivative work" as a matter of law (Mot. 6-8) lacks merit for a number of reasons.

First, Vila's incorporation into his photograph of virtually all of DD's copyrighted "Pin-up" girl in its copyrighted image means his photograph qualifies as a "derivative work" under the Copyright Act.  "A 'derivative work' is a work based upon one or more preexisting works…such as a[n] …art reproduction…or any other form in which a work may be recast, transformed or adapted." 17 U.S.C. §101(definition of "derivative work"). Including some or all of a separate copyrighted work in or as an element of a subsequent work can make the subsequent work a derivative of the underlying work under that definition. See 17 U.S.C. §101(definition of "derivative work"); *Gaylord v. U.S.*, 777 F.3d 1363, 1370 (Fed. Cir. 2015) (including artwork on t-shirts made the t-shirts "derivative works incorporating" the underlying artwork); *United Feature Syndicate, Inc. v. Koons,* 817 F. Supp. 370, 382 (S.D.N.Y. 1993) (artist licensed artwork for use in "T-shirts, calendars and other derivative works"). Here, DD's counterclaim states facts which show that Vila reproduced and incorporated the heart of DD's copyrighted "Pin-up" girl image into Vila's photograph, conduct which satisfies that legal definition. Vila's motion should be denied for this reason alone.

Second, whether Vila incorporated enough of DD's "Pin-up" girl image to qualify as a derivative work is a question of fact that should not be resolved on this

motion for judgment on the pleadings. "The Ninth Circuit Court of Appeals has held that in order to establish the existence of an infringing derivative work, a plaintiff must show that the defendant's work substantially incorporated protected materials from the plaintiff's preexisting work." *Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc.,* 55 F. Supp. 2d 1113, 1122 (D. Nev. 1999), citing *Allen v. Academic Games League of America, Inc.,* 89 F.3d 614, 617 (9th Cir.1996).

On motion for partial summary judgment, *Tiffany* held that plaintiff's scanning of preexisting photographs to remove images from them that plaintiff incorporated into plaintiff's own subsequent photographs was copyright infringement as a matter of law. 55 F. Supp. 2d 1113.  However, it declined to also grant partial summary judgment that plaintiff's subsequent photographs were infringing derivative works, because "whether Defendant used a sufficient amount of recognizable elements from the 1998 Image to constitute …an infringing derivative work… is a question of fact that should be decided during trial." Id.

DD believes Vila's copying of virtually the entirety of the "Pin-up" girl depicted in DD's copyrighted work strongly favors a finding that Vila's photograph is a derivative work under the statute, and thus at least creates a material question of fact that precludes judgement on the pleadings for Vila (and may support summary judgment for DD after discovery is conducted.) Nevertheless, the factual nature of that "derivative work" determination means it should not be decided on this Rule 12(c) motion.

Third, Vila's citation to *Ets-Hokin v. Skyy Spirits, Inc.,* 225 F.3d 1068, 1078 (9th Cir. 2000) (Mot. 7) does not support his motion, and in fact affirmatively supports DD's counterclaim.  *ETS-Hokin* held that the photograph it considered was not a derivative work, but only because the underlying "work" the photograph incorporated was an uncopyrightable utilitarian object, namely, a vodka bottle. Id.

Here, DD alleges that Vila's photograph incorporated a copyrightable and copyrighted underlying image, namely an image of a cartoon-style "Pin-up" girl.

DEADLY DOLL, INC.'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLEADINGS

1   Such visual art easily qualifies for copyright protection. See 17 U.S.C. §101

2   (definition of protectable "graphic works" includes "art reproduction").  Further,

3   DD's copyright registration is entitled to a presumption of validity that cannot be

4   resolved on this motion.  17 U.S.C. § 410(c)(establishing a presumption of validity

5   for registered works); *United Fabrics Intern., Inc. v. C&J Wear, Inc.,* 630 F.3d

6   1255, 1257-58 (9th Cir. 2011); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345

7   F.3d 1140, 1144 (9th Cir. 2003); *Ticketmaster L.L.C. v. Prestige Entertainment*

8   *West, Inc.*, 315 F.Supp.3d 1147, 1161 (C.D. Cal. 2018); *Classical Silk, Inc. v. Dolan*

9   *Group, Inc.,* 2016 WL 7638113 (C.D. Cal. February 2, 2016).

10          The fact that DD's image is affixed to its clothing does not affect the image's

11   protectability. DD's visual art is conceptually separable from the "useful article" to

12   which it is affixed, and copyright law has long protected conceptually separable

13   visual art affixed to useful articles.  See 17 U.S.C. § 101 (definition of ""pictorial

14   and graphic works" includes conceptually separate artistic elements on useful

15   articles); *Star Athletica, L.L.C. V. Varsity Brands, Inc.*, --U.S.--, 137 S. Ct. 1002,

16   1008 (2017) ("a "pictorial, graphic, or sculptural featur[e]" incorporated into the

17   "design of a useful article" is eligible for copyright protection if it (1) 'can be

18   identified separately from,' and (2) is 'capable of existing independently of, the

19   utilitarian aspects of the article'"), 137 S. Ct. at 110, quoting 17 U.S.C.

20   §101(definition of "Pictorial, graphic and sculptural works"); *Leicester v. Warner*

21   *Bros.,* 232 F.3d 1212, 1219 (9th Cir.2000) (courts have traditionally afforded

22   copyright protection to pictorial, graphic and sculptural works incorporated within a

23   useful article).

24          Since Vila's photograph incorporated DD's conceptually separable,

25   copyrightable and copyrighted "Pin-up" Girl into Vila's photograph, Vila's

26   photograph qualifies as a derivative work under *Ets-Hokin v. Skyy Spirits, Inc.  See*

27   *Michael Grecco Productions, Inc. v. Livingly Media, Inc.,* 2021 WL 2546749, *5

28   (C.D. Cal. April 16, 2021("the Court agrees the Photographs are derivative [under

7

1   *ETS-Hokin*] because they are based on copyrighted work-The underlying television

2   show[,]" but finds they were not infringing because authorized).

3          Here, since Vila's use of DD's "Pin-up" girl in his photograph was

4   unauthorized, it infringes DD's copyright and is not eligible for independent

5   copyright protection under the law of the Ninth Circuit and other courts. *DC Comics*

6   *v. Towle*, 802 F.3d 1012 (9th Cir. 2015) (defendants' creation of a three-dimensional

7   model of the "Batmobile" from "Batman" comics was an infringing and

8   unauthorized derivative work); *TMTV Corp. v. Mass Productions, Inc.*, 645 F.3d

9   464 (1st Cir. 2011) (defendants liable for copyright infringement because their

10  television program was an unauthorized derivative of Plaintiff's underlying work);

11  *Anderson  v. Stallone*, 1989 WL 206431 at *8 (C.D. Cal. April 26, 1989)

12  (unauthorized "Rocky" screenplay an unauthorized derivative work not entitled to

13  copyright protection).

14         Thus, Vila's incorporation into his photograph of DD's copyrighted "Pin-up"

15  girl at least states a justiciable claim that must be resolved by a fact finder. Vila's

16  motion for judgment on the pleadings on this basis must be denied.

17  **IV.     DD'S COPYRIGHT REGISTRATION SHOULD NOT BE**

18  **INVALIDATED OR ITS COUNTERCLAIM DISMISSED FOR A**
    **TYPOGRAPHICAL ERROR.**

19

20         Vila's argument that a factual discrepancy on two dates in DD's counterclaim

21  and copyright registration invalidates DD's copyright registration and requires

22  dismissal DD's counterclaim (Mot. 13) should be rejected for a number of reasons.

23         First, Vila cites no case law to support these propositions, because there is

24  none and the arguments are intuitively frivolous.

25         Second, the arguments are refuted by all relevant case law that addresses

26  these issues.  An inadvertent error in a copyright application cannot invalidate a

27  copyright registration, because the Copyright Act prohibits invalidation of a

28  copyright registration based on them. Under 17 U.S.C. §411(b)(1), errors in an

1   application do not invalidate a registration unless "the inaccurate information was
2   included on the application…with knowledge that it was inaccurate…" Further, the
3   Supreme Court, Ninth Circuit and other case law interpreting that statute uniformly
4   hold that errors that are not fraudulent do not invalidate a registration as a matter of
5   law.

6        Indeed, the Supreme Court recently held that under this statute even
7   intentional factual misstatements in an application do not invalidate the resulting
8   registration unless the applicant knew that it would do so when it filed the
9   application. *Unicolors, Inc v. H&M Hennes & Mauritz,* --U.S.--, 2022 WL 547681
10  (February 24, 2022) (registrant's lack of legal understanding about the import of
11  factually inaccurate information it knowingly provided in an application meant it
12  qualified for the "safe harbor" protection of §411(b)(1)(A), and the registration at
13  issue was therefore valid).

14       This recent Supreme Court decision arguably goes further than earlier Ninth
15  Circuit and other authority that limited invalidation of registrations to instances of
16  fraud on the Copyright Office. See *Gold Value Int'l Textile, Inc. v. Sanctuary*
17  *Clothing, LLC*, 925 F.3d 1140, 1146 (9th Cir. 2019) (internal citation and quotation
18  marks omitted) (for a copyright inaccuracy to invalidate a copyright registration,
19  "the inaccurate information must have been included in the application ... with
20  knowledge that it was inaccurate and [that] the inaccuracy of the information, if
21  known, would have caused the Register of Copyrights to refuse
22  registration"); *United Fabrics Intern., v. C&J Wear, Inc.*, 630 F.3d 1255, 1259 (9th
23  Cir. 2011) (failure to identify a work as derivative did not invalidate the copyright
24  registration because no intent to defraud the Copyright Office); *Sony Music*
25  *Entertainment v. Cox Communications, Inc.*, 426 F. Supp 3d 217 (E. D. Va. 2019)
26  (plaintiff granted summary judgment on copyright ownership based on the statutory
27  presumption of validity in the registration despite erroneous  "work for hire"
28  designation because defendant did not meet its burden of proving that the alleged

1   errors were material or that plaintiff knew they were false when made).

2       Here, DD's counterclaim does not allege that DD knowingly made factual

3   misstatements in its registration that it knew would invalidate the resulting

4   registration (because, in fact, DD did not do so). DD's pleadings certainly do not

5   establish that DD knowingly filed false information in a copyright application it

6   knew would invalidate the registration as a matter of law.[3] Since his Rule 12(c)

7   motion must be based on DD's pleadings, Vila's motion to invalidate DD's

8   copyright registration on this basis must be denied in these circumstances.

9       Nor would a typographical error in a pleading (which is not present here)

10  support a motion to dismiss it. Courts in this circuit have repeatedly denied motions

11  made on this basis, and have threatened Rule 11 sanctions against litigants who seek

12  dismissal of actions based typographical errors. See, e.g., *United States v.*

13  *Mazariegos,* 2020 WL 5517308 (N.D. Cal. 09/14/2020) (typographical error does

14  not support dismissal of criminal indictment); *Rivers v. Skate Warehouse, LLC*,

15  2013 WL 12128800, *8 (C.D. Cal. April 15, 2013 ) ("A single typographical error

16  does not require dismissal of an otherwise adequately pled claim"); *Albritton v.*

17  *Tiffany & Bosco, P.A.*, 2013 WL 12153571,*3 (D. Arizona April 23, 2013) (court

18  finds plaintiff's notice of defendant's typographical error and motion to strike based

19  on it frivolous, and warns that "any further violations of Rule 11…will result in

20  dismissal of this case…")

21      DD has repeatedly advised Vila that the different creation and publication

22  dates in its counterclaim and copyright registration were due to an inadvertent

23  typographical error for months, only to face repeated claims from Vila that DD had

24  no valid registration or counterclaim on this basis. (Lee Decl. ¶   .)  DD does not

25  know why DD finally decided to waste the Court's time with motion. based on such

---

27  [3] And in fact, the different dates would not invalidate the registration as a matter of
28  law because even if inaccurate, the registration would be valid with earlier dates
    stated in the counterclaim.

a frivolous ground. Regardless, Vila's decision to file this motion and make such arguments does not support dismissal of DD's counterclaims, and his motion should be denied.

## V.   VILA'S ARGUMENT THAT HIS USE OF DD'S COPYRIGHTED PIN-UP GIRL IMAGE IS "FAIR" AS A MATTER OF LAW SHOULD BE REJECTED.

Vila's argument that DD's declaratory relief and copyright infringement counterclaims against him must be dismissed because his copying of DD's "Pin-up" girl image is fair use as a matter of law (Mot. 14-16) lacks merit for a number of reasons.

First, Vila raises fair use as a "sword" to vest copyright in what DD's answer and counterclaim allege is an unauthorized derivative work, and he should not be permitted to use the fair use defense in that manner. *Sobhani v. @Radical Media Incl.,* 257 F.Supp. 2d 1234, 1239 (C.D. Cal, 2003) (court rejects plaintiff's assertion of "fair use" to validate the copyright in his unauthorized derivative work to support a copyright infringement claim against defendant: "Plaintiff seeks to use Section 107 as a 'sword' in order to vest copyright in an unauthorized derivative work…it is relatively clear that Congress did not contemplate such.")

Second, Vila's fair use arguments are not properly raised on this motion because fair use is a mixed question of law and fact that is not generally resolvable by motions to dismiss or for judgment on the pleadings.  *SOFA Entm't, Inc. v. Dodget Productions, Inc.*, 709 F.3d 1273, 1277 (9th Cir. 2013) (fair use a mixed question of law and fact);. *Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009) (court denies Rule 12(b)(6) motion to dismiss copyright infringement claim made on fair us grounds because "[c]ourts analyze fair use as a mixed question of law and fact" and "rarely analyze fair use on a 12(b)(6) motion"); *Solid Oak Sketches, LLC v. 2K Games, Inc*., 2018 WL 16261458 *4, *5 (S.D.N.Y. March 30, 2018) (Rule 12(c) "fair use" motion for judgment on the pleadings for

1   Defendant's use of copyrighted tattoos on a character in a video game denied

2   because "[t]he Court is…unable to conclude without the aid of extrinsic evidence

3   that no reasonable jury, properly instructed, could find" there was de minimis

4   copying or fair use of the copyrighted tattoos.)

5        Third, fair use should not be decided based on DD's pleadings because DD's

6   counterclaim need not plead facts that refute it. *Peterman v. Republican National*

7   *Committee,* 320 F. Supp. 3d 1151, 1157 (D. Mont. 2018) (motion to dismiss

8   copyright infringement claim on fair use grounds denied because, inter alia, "it is

9   not necessary to plead facts that disprove fair use to survive a Rule 12(b)(6) motion

10  to dismiss"); *Gamer v. Higgins*, 2015 WL 574352, *3 (W.D. Va. Feb. 11, 2015)

11  (fair use motion to dismiss under Rule 12(b)(6) denied because "[Plaintiff] Gamer

12  need not plead facts in her complaint that *disprove* fair use in order to survive a

13  motion to dismiss") (emphasis in original); William F. Patry, *Patry on Fair Use*

14  §7:5 ("it is not necessary to plead facts that disprove fair use in order to survive a

15  motion to dismiss, any more than it is necessary to plead facts disproving any other

16  affirmative defense…") The absence of facts disproving fair use in DD's pleading

17  therefore cannot support Vila's motion for judgment on the pleadings

18        Fourth, although DD need not plead them, facts weighing against fair use are

19  already stated in the counterclaim, and they support denial of Vila's "fair use"

20  motion on the merits. 17 U.S.C. §107 codifies pre-exiting case law to articulate four

21  factors courts should weigh to evaluate a fair use affirmative defense, and those

22  factors weigh against a fair use determination here.  They are:

23  (1) *The "purpose and character"* of Vila's use- Commercial uses tend to

24       weigh against fair use determination more than non-profit, educational

25       uses do, and since DD alleges Vila copied its "Pin-up" girl for commercial

26       purposes, this factor weighs against fair use.  "Transformative" uses can

27       favor fair use even when commercial in nature, but as shown below, Vila's

28       use of "DD's copyrighted image was not transformative because it merely

1    reproduced DD's "Pin-up" girl on clothing as DD presented it.

2    (2) *The "nature of the copyrighted work"* Vila copied- DD's cartoon-like

3    "Pin-up" girl visual art is close to the core of protected copyrightable

4    expression, and thus Vila's copying of it weighs against fair use.

5    (3) *The "amount and substantiality of the portion used"* by Vila- Vila copied

6    virtually the entirety of DD's "Pin-up Girl" image, which obviously is the

7    heart of DD's copyrighted work. His copying thus is both qualitatively and

8    quantitatively significant. This factor also weighs against fair use.

9    (4) *The effect of the use upon the potential market"* for DD's copyrighted

10    image-Although DD alleges that Vila is making commercial use of DD's

11    visual art to its damage as described above, its counterclaim does not

12    include allegations on the effect of Vila's copying on the original or

13    derivative market for DD's image. Thus, this factor is, at most, neutral.

14    17 U.S.C. §107; *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443 (9th Cir.

15    2020) (discussing at length how fair use applies under §107, and concluding in the

16    summary judgment setting that defendants' use of elements from a children's book

17    in a "mashup" with Star Trek was not fair use.) Thus, since at least three of the four

18    "fair use" factors weigh against fair use as shown above, a jury could find no fair

19    use here, and this Court should not rule otherwise as a matter of law on this motion.

20    Courts have repeatedly rejected fair uses defenses when one copyrighted

21    work takes and uses some or all of another's underlying visual art without

22    permission in analogous factual settings, because, as  the Supreme Court has made

23    clear, "[t]he fair use doctrine is not a license for corporate [or individual] theft…"

24    *Harper & Row Publisher, Inc. v. Nation Enterprises*, 471 U.S. 539, 558, 185 S. Ct.

25    2218(1985) The decisions below all rejected arguments similar to Vila's and,

26    evaluating the above factors, they evaluated the taking  in a manner similar to that

27    set forth above and ruled against fair use.

28    For example, in what may be the most obviously analogous case, *Alexander v.*

13

1  *Take-Two Interactive Software, Inc*., 489 F. Supp. 3d 812 (S.D. Ill. 2020), held on
2  summary judgment that a video game's depiction of a wrestler with tattoos the real
3  wrestler actually wore infringed a tattoo artist's copyright in the tattoos, even though
4  the depictions were licensed by the wrestler. The court rejected the video game
5  producers' fair use arguments, similar to those Vila makes here, that there was fair
6  use as a matter of law because its reproduction of the tattoo images in the video
7  game was transformative, the tattoos were only entitled to minimal copyright
8  protection, only a minor part of the original works were copied and briefly visible in
9  the video game, and there was no harm to the potential market for derivative and
10 licensing rights in the tattoos. 489 F. Supp. 3d at 821-23.

11       A series of decisions from the Second Circuit Court of Appeals involving the
12 incorporation of elements from a prior work of visual art into a subsequent one also
13 counsel against a fair use determination here. Most recently, *Andy Warhol*
14 *Foundation for the Visual Arts, Inc., v. Goldsmith,* 992 F. 3d 99 (2d Cir. 2021),
15 reversed summary judgment for Andy Warhol and  ruled that his use of an
16 underlying copyrighted  photograph to create 15 different images of the musical
17 artist "Prince"  was not a fair use, because the images Warhol created were used for
18 commercial and non-transformative purposes, the underlying work was close to the
19 core of protectable expression, he took a substantial part of the underlying work, and
20 other factors weighed against a fair use determination.

21       *Ringgold v. Black Entertainment Television, Inc.,* 126 F. 3d 70 (2d Cir. 1997),
22 reversed a fair use determination by a trial court on summary judgment and held that
23 a television program's use of plaintiff's visual art, which was only visible in the
24 background of a few scenes of a 30-minute television program for less than 30
25 seconds, could infringe the visual artist's copyright in her underlying works and not
26 be fair use, because there were triable issues of fact on the relevant fair use factors.

27       *Rogers v. Koons*, 960 F. 2d 301 (2d Cir.  1992), rejected postmodern artist
28 Jeff Koons' argument that he had a "fair use" right to use a photograph of puppies to

1  create his three-dimensional sculpture "String of Puppies" because his use was

2  "fair" under relevant factors, affirming a trial court's summary judgment that none

3  of the fair use factors favored a fair use determination.

4  Finally, a court in this district in *Sobhani v. @Radical.Media Inc.*, 257 F.

5  Supp. 3d 1234,1239, fn. 4 (C.D. Cal. 2003), after rejecting a plaintiff's effort to

6  improperly use fair use as a "sword" to vest copyright in an unauthorized derivative

7  work, opined that plaintiff's taking of elements from the defendant's preexisting

8  commercials to create new "demo" commercials was probably not fair use, because:

9  "[I]t is questionable whether Plaintiff would have the benefit of

10  the fair use defense. Plaintiff's use of [Defendants'] copyrighted

11  material to produce a commercial portfolio is wholly unlike the uses

12  specifically contemplated in Section 107, such as criticism, news

13  reporting and teaching. *See* 17 U.S.C. § 107. Moreover, the Court

14  notes, without deciding, that it does not appear fair use would be

15  warranted under the four factors prescribed by the statute."

16  *Sobhani*, 257 F. Supp. 3d at 1239, fn. 4

17  Taken together, the above cited decisions at least show that fair use should

18  not be found as a matter of law on this motion, because a reasonable fact finder

19  could determine that Vila's use is not "fair" under relevant factors.

20  More fundamentally, they show that, contrary to Vila's apparent belief, his

21  copyright is not the only one that matters. A paparazzo photographer like Vila, like

22  video game maker Take-Two Interactive Software, artist Andy Warhol, television

23  producer Black Entertainment Television, or sculptor Jeff Koons, cannot simply

24  disregard others' copyrights  when creating their own works because it is

25  inconvenient to respect them. Vila's inclusion of DD's copyrighted work in his

26  photograph does not make it "fair" as a matter of law, and this Court should deny

27  Vila's motion arguing that it is as a matter of law.

28

15

1  **VI.** <u>**CONCLUSION**</u>

2       Vila's motion should be denied for all the reasons described above.

3

4  Dated:  March 21, 2022

5                                   RIMON, P.C.

6
                              By: <u>/s/ Mark S. Lee</u>
7                                  Mark S. Lee

8
                                   Attorneys for Defendant
9                                   DEADLY DOLL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEADLY DOLL, INC.'S OPPOSITION TO MTN FOR JUDGMENT ON THE PLEADINGS