**O**

# United States District Court
# Central District of California

| | |
|---|---|
| CARLOS VILA,<br><br>    Plaintiff,<br><br> v.<br><br>DEADLY DOLL, INC.,<br><br>    Defendant,<br><br>DEADLY DOLL, INC.,<br><br>    Counterclaimant,<br><br> v.<br><br>CARLOS VILA,<br><br>    Counter Defendant. | Case № 2:21-cv-05837-ODW (MRWx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT'S COUNTERCLAIMS [30]** |

## I. INTRODUCTION

On July 20, 2021, Plaintiff Carlos Vila brought this copyright infringement action against Defendant Deadly Doll, Inc. (*See* Compl., ECF No. 1.) On September 3, 2021, Deadly Doll filed Counterclaims against Vila. (*See* Countercl., ECF No. 15.) Vila now moves, pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), for judgment on the

pleadings against Deadly Doll's Counterclaims. (Mot. J. Pleadings ("Mot." or "Motion"), ECF No. 30.) For the reasons that follow, the Court **DENIES** the Motion.[1]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this Rule 12(c) Motion, the Court accepts Deadly Doll's well-pleaded allegations as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (on Rule 12(b)(6) motion). Deadly Doll is a clothing company that incorporates "original artwork, song lyrics, and other graphics" in its clothing. (Countercl. ¶ 6.) In August 2018, a piece of artwork was created for Deadly Doll, which comprised "a cartoon-style image of a 'Pin-up' girl holding a skull in her left hand" (the "Artwork"). (*Id.* ¶ 7.) In August 2019, Deadly Doll first published the Artwork, and in late 2019, Deadly Doll first used the Artwork on its clothing. (*Id.*) Deadly Doll registered the Artwork with the U.S. Copyright Office, which assigned to the Artwork copyright registration number VA0002263282. (*Id.*) Deadly Doll is the author and owner of that copyright on a "work made for hire" basis. (*Id.*)

On February 7, 2020, Vila, a professional photographer, took a photograph of celebrity Irina Shayk wearing Deadly Doll pants displaying a large depiction of the Artwork on the length of the right pant leg (the "Photograph"). (*Id.* ¶¶ 9, 11.) Without Deadly Doll's knowledge or consent, Vila then applied for and received a copyright registration in the Photograph. (*Id.* ¶ 10.) When registering the Photograph, Vila did not indicate to the U.S. Copyright Office that the Photograph was derivative of the Artwork. (*Id.*) Vila also included the Photograph in his portfolio of images that he offers to online and print publications, and has licensed or has attempted to license the Photograph to online and print publications. (*Id.* ¶ 11.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

2

|     |     |     |
| --- | --- | --- |
| 1   | The Artwork: | The Photograph: |




According to Vila, Deadly Doll displayed the Photograph on an Instagram page without Vila's permission. (Compl. ¶¶ 21–26.) Accordingly, Vila initiated this action against Deadly Doll, alleging a single claim for infringement of Vila's copyright in the Photograph. (*Id.*) In turn, Deadly Doll filed its Counterclaims, alleging that Vila infringed Deadly Doll's copyright in the Artwork, and seeking a judicial declaration clarifying the validity of the copyrights in the Artwork and in the Photograph, and whether either party infringed the other's copyright. (*See* Countercl.) By way of a fully briefed Motion, Vila now seeks judgment on the pleadings as to Deadly Doll's Counterclaims. (*See* Mot.; Opp'n, ECF No. 32; Reply, ECF No. 33.)

### III.   LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied to a Rule 12(c) motion is the same as that applied to Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations omitted)); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

When ruling on a motion for judgment on the pleadings, a court should construe the facts in the complaint in the light most favorable to the nonmoving party, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.*

If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   DISCUSSION

Vila argues that he is entitled to judgment as a matter of law because the Photograph is not a derivative of the Artwork, Deadly Doll is not entitled to declaratory judgment, Deadly Doll's copyright in the Artwork is invalid, and Vila's Photograph constitutes fair use of the Artwork. (*See* Mot.) The Court addresses each argument in turn.

### A.   Whether the Allegations Preclude Infringement as a Matter of Law

Vila first argues that his Photograph is not a derivative of the Artwork and Vila therefore could not have possibly infringed the Artwork's copyright. (Mot. 6–8.) As explained below, the Court finds this argument is not appropriate for judgment on the

pleadings because it requires the Court to make a factual determination contrary to the allegations in the Counterclaims.

The Copyright Act provides a copyright owner with "a number of exclusive rights, including the right 'to prepare derivative works' based on its original work of authorship." *DC Comics v. Towle*, 802 F.3d 1012, 1023 (9th Cir. 2015) (quoting 17 U.S.C. § 106). "A derivative work is a work based upon one or more preexisting works that recasts, transforms, or adapts the preexisting work." *Id.* (internal citations and quotation marks omitted). The standard for determining whether a work is derivative of another is the same as that for determining whether that work is infringing the other. *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984).

Here, Vila argues that his Photograph is highly unlikely to be considered a derivative work under Ninth Circuit precedent, which protects photographers from their inherent vulnerabilities to copyright infringement suits based on the individual copyrighted elements necessarily captured in their photographs. (*See* Mot. 6.) Vila contends that to allow a photograph to be considered derivative, and therefore infringing, would impose a "chilling effect on the art of photography." (*Id.*) However, Vila does not—and cannot—cite to any precedent stating that photographs can *never* be derivative works of any artwork displayed therein. That is, Vila fails to show that his Photograph is not a derivative work *as a matter of law*. Accordingly, the question of whether the Photograph is a derivative work still requires the Court to determine whether the Photograph recasts, transforms, or adapts the Artwork. This is a question of fact to be established on summary judgment or determined at trial, and not a question of law to be decided in a motion for judgment on the pleadings. *See Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc.*, 55 F. Supp. 2d 1113, 1122 (D. Nev. 1999). Accordingly, the Court denies Vila's Motion for judgment on this basis.

### B. Whether the Allegations Preclude Declaratory Relief

Vila next argues that Deadly Doll cannot possibly prevail on its claim for declaratory relief because Vila's Photograph is sufficiently original to warrant its own

copyright protection. (Mot. 8–12.) Specifically, Vila cites to the Ninth Circuit's "extremely low" threshold for originality. (Mot. at 8.) But this argument fails in the same way as Vila's previous argument. By citing precedent that merely suggests Deadly Doll is unlikely to prevail on its claim, instead of citing precedent holding that Deadly Doll's claim is untenable as a matter of law, Vila does not meet his burden to show he is entitled to judgment.

### C. Whether Deadly Doll's Copyright in the Artwork is Valid

Next, Vila argues that he is entitled to judgment as a matter of law because Deadly Doll's copyright in the Artwork is invalid as the dates of creation, first publication, and registration alleged in the Counterclaims do not match those dates as displayed on the U.S. Copyright Office's webpage. (Mot. 12–14.) This peculiar argument fails in four different ways. First, and most significantly, Vila does not provide any precedent to support a finding that inconsistencies between copyright dates alleged in a complaint and those dates depicted on the copyright registration, render the copyright registration void or cancellable so as to entitle a movant to judgment on the pleadings.

Next, for purposes of this Motion, the Court must accept as true all the allegations in the Counterclaims, *Twombly*, 550 U.S. at 555–56, and Deadly Doll's copyright registration is entitled to a presumption of validity, *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). Third, Deadly Doll contends that, in any case, the inconsistent dates are the product of a mere typographical error and such erroneous information, without proof that it was filed knowingly, cannot be the basis for invalidating a copyright. (Opp'n 8–9 (citing 17 U.S.C. § 411(b)(1)).) Deadly Doll is correct that erroneous information, alone, is not a basis for copyright invalidation.

Fourth and finally, Deadly Doll has submitted a supplemental copyright registration for its Artwork, (Req. Judicial Notice ("Request"), Ex. 1 ("Supplemental

Registration"), ECF No. 35), which the Court judicially notices.[2] The Supplemental Registration displays dates of creation, first publication, and registration that are consistent with the relevant allegations in the Counterclaims, thus mooting Vila's argument. (*Compare id. with* Countercl. ¶ 7.) Accordingly, the Court again finds that Vila fails to show he is entitled to judgment as a matter of law.

### D. Whether Vila's Photograph was Fair Use as a Matter of Law

Vila finally argues that he is entitled to judgment on the pleadings because in any case, Vila's incorporation of the Artwork into the Photograph constitutes fair use and therefore is not copyright infringement. (Mot. 14–17.) The determination of whether a work constitutes fair use requires "a case-by-case analysis and a flexible balancing of relevant factors." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 800 (9th Cir. 2003). The factors include "(1) the purpose and character of the use . . . ; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." *Id.* Resolving these factors would require the Court to weigh evidence outside of the Counterclaims, which it cannot do on a motion for judgment on the pleadings. As Deadly Doll correctly stated, "Vila's fair use arguments are not properly raised on this motion because fair use is a mixed question of law and fact that is not generally resolvable by motions to dismiss or for judgment on the pleadings." (Opp'n 11 (citing *SOFA Entm't, Inc. v. Dodget Prods., Inc.*, 709 F.3d 1273, 1277 (9th Cir. 2013)).) Accordingly, like Vila's other arguments discussed above, Vila's contention that his use was "fair" raises a factual inquiry, not a

---

[2] "Judicial notice of a copyright registration may be appropriate pursuant to Fed. R. Evid. 201(b)." *Allen v. Ghoulish Gallery*, No. 06cv371 NLS, 2007 WL 4207923, at *1 (S.D. Cal. Nov. 20, 2007). Accordingly, the Court **GRANTS** Deadly Doll's Request to judicially notice its Supplemental Registration. The Court also notes that Deadly Doll seeks judicial notice of numerous other district court actions brought by Vila. (Opp'n 1 n.1.) As the Court does not rely on these filings in its analysis, the Court **DENIES** Deadly Doll's request.

legal one.  Vila cannot show that, looking only to the Counterclaims, Vila's Photograph was fair use as a matter of law.

## V. CONCLUSION

The Court finds that Deadly Doll states sufficient claims for copyright infringement and declaratory relief, and accordingly, Vila is not entitled to judgment on the pleadings.  The Court therefore **DENIES** Vila's Motion.  (ECF No. 30.)

**IT IS SO ORDERED.**

August 23, 2022

_____
         **OTIS D. WRIGHT, II
         UNITED STATES DISTRICT JUDGE**