1

2

3

4

5

Craig B. Sanders, Esq. (Cal Bar 284397)
csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600
Facsimile: (516) 282-7878

*Attorneys for Plaintiff and Counterclaim*
*Defendant, Carlos Vila*

6

7

8

9

10

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLOS VILA,

               Plaintiff,

     vs.

DEADLY DOLL, INC.,

               Defendant.

----------------------------------------------

DEADLY DOLL, INC.,

               Counterclaim Plaintiff,

     vs.

CARLOS VILA,

               Counterclaim Defendant.

Case No. 2:21-cv-05837-ODW-MRW

**NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PRO. 56 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: Hon. Otis D. Wright, II

Action Filed:     July 20, 2021
Discovery Cutoff:  Sept. 19, 2022
Pretrial Conf. Dt:  March 6, 2023
Trial Date:       March 28, 2023

Hearing**:**    November 28, 2022
Time**:**       1:30 p.m.
Courtroom**:**  350 West 1st Street
            Los Angeles, CA. 90012
            Courtroom 5D

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on Monday, November 28, 2022 at 1:30 PM, or on such date and time thereafter that the Court deems appropriate, in Courtroom 5D of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff/Counterclaim-Defendant CARLOS VILA ("Vila") hereby moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure for an Order granting Vila partial summary judgment as to liability on the single Count of his Complaint for direct copyright infringement against Counterclaim-Plaintiff DEADLY DOLL, INC. ("Deadly Doll") as well as for summary judgment dismissing the two counts of Deadly Doll's Counterclaim on the grounds that Vila's photograph is not a derivative work and is not an infringement of any copyright claimed to be held by Defendant as a matter of fact or law; or, alternatively, that Vila's alleged use of Deadly Doll's work is protected by the "fair use" doctrine, together with such other and further relief as this Court deems just, appropriate, and proper.

This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities in Support thereof, filed concurrently herewith and all exhibits thereto, the pleadings and papers on file in this action; and upon such oral and documentary evidence as may be presented at the argument of this matter, if any.

## STATEMENT PURSUANT TO LOCAL RULE 7-3

This motion has been made following the conference of counsel which took place on October 3, 2022. Despite discussing the matter at length, the parties could not come to an agreement as to the underlying dispute, necessitating the instant motion. The instant motion is timely filed pursuant to the Court's Order dated

October 14, 2022 (*Dkt. No.* 45), which granted Plaintiff's unopposed motion to amend the Scheduling Order otherwise entered in this case (*Dkt. No.* 25).

Dated: October 19, 2022

**SANDERS LAW GROUP**

By: __/s/ Craig B. Sanders__
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel:   (516) 203-7600
Email: csanders@sandersalaw.group
*Attorneys for Plaintiff and Counterclaim
Defendant, Carlos Vila*

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................... iv

    I.     INTRODUCTION ........................................................... 1

    II.    JURISDICTION AND VENUE ...................................... 2

    III.   PROCEDURAL POSTURE .......................................... 2

    IV.   STATEMENT OF FACTS ............................................ 3

    V.    ARGUMENT ................................................................ 6

        A. STANDARD OF REVIEW ........................................... 6

        B. PLAINTIFF HAS ESTABLISHED A *PRIMA FACIE* CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT ...................................... 8

        C. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO DEFENDANT'S COUNTERCLAIMS .................................. 10

           1.   Plaintiff's Photograph is Protected by 17 U.S.C §113 ............... 10

           2.   Plaintiff's Photograph is Not a Derivative Work ..................... 12

           3.   Plaintiff's Photograph is Protected by the Fair Use Doctrine ................................................................. 15

               i.    Purpose and character of use ............................... 15

               ii.   The Nature of the Copyrighted Work ............... 17

               iii.  Amount and substantiality of the portion used ................. 18

               iv.  Effect on the potential market for copyright holder's work ................................................. 18

CONCLUSION .................................................................. 20

PLAINTIFF'S NOTICE OF MOTION, MOTION and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.,*
  239 F.3d 1004 (9th Cir. 2001) ........................................................................... 7

*ABS Ent., Inc. v. CBS Corp.,*
  908 F.3d 405 (9th Cir. 2018) ............................................................................. 9

*Addisu v. Fred Meyer, Inc.,*
  198 F.3d 1130 (9th Cir. 2000). ........................................................................... 6

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................... 6

*Bill Graham Archives, LLC. v. Dorling Kindersley Ltd.,*
  386 F.Supp.2d 324 (S.D.N.Y. 2005) ................................................................ 16

*BWP Media USA, Inc. v. Gossip Cop Media, Inc.,*
  196 F. Supp. 3d 395 (S.D.N.Y. 2016) .............................................................. 16

*California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.,*
  818 F.2d 1466 (9th  Cir. 1987) ........................................................................... 6

*Campbell v. Acuff-Rose Music, Inc.,*
  510 U.S. 579, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994) ....................... 14, 15, 16

*Celotex Corp. v. Catrett,*
  477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)) ................................. 6

*Chicago Bd. of Educ. v. Substance, Inc.,*
  354 F.3d 624 (7th Cir. 2003) ............................................................................ 16

*Ellis v. Infinite Labs, LLC,*
  No. SACV13241JLSANX, 2014 WL 12558115 (C.D. Cal. Aug. 1, 2014) ....... 7

*Ets-Hokin v. Skyy Spirits, Inc.,*
  225 F.3d 1068 (9th Cir. 2000) ............................................................... 10, 11, 12

*Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.,*
  499 U.S. 340 (1991) ........................................................................................... 7

*Fox Broad. Co. Inc. v. Dish Network, L.C.C.,*
  905 F. Supp. 2d 1088 (C.D. Cal. 2012), aff'd sub nom. *Fox Broad. Co. v. Dish Network L.L.C.,* 723 F.3d 1067 (9th Cir. 2013), and aff'd sub nom. *Fox Broad. Co. v. Dish Network L.L.C.,* 747 F.3d 1060 (9th Cir. 2014) .............................. 8

*Harper & Row, Publishers, Inc. v. Nation Enters.,*
  471 U.S. 539 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) ............................... 15, 16

*Hous. Rts. Ctr. v. Sterling,*
  404 F. Supp. 2d 1179 (C.D. Cal. 2004) .............................................................. 6

PLAINTIFF'S NOTICE OF MOTION, MOTION and MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

*Kennedy v. Applause, Inc.*,
  90 F.3d 1477 (9th Cir. 1996) ................................................................. 6

*Lenz v. Universal Music Corp.*,
  815 F.3d 1145 (9th Cir. 2015) .............................................................. 14

*Major v. Sony Music Entertainment, Inc.*,
  No. 92-2826 PKL, 1992 WL 210115 (S.D.N.Y. August 17, 1992) ........... 12, 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ........................ 6

*Monge v. Maya Magazines, Inc.*,
  688 F.3d 1164 (9th Cir. 2012) ............................................. 7, 14, 15, 16

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*, +
  213 F.Supp.2d 1146 (C.D.Cal. 2002) .................................................... 8

*Perfect10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) ............................................................ 7, 8

*S.O.S. Inc. v. Payday, Inc.*,
  886 F.2d 1081 (9th Cir. 1989) .............................................................. 7

*Signorelli v. N. Coast Brewing Co. Inc.*,
  No. 5:18-CV-02914-EJD, 2019 WL 2569582 (N.D. Cal. June 21, 2019) .. 12, 13

*UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*,
  446 F.Supp.2d 1164 (E.D.Cal. 2006) .................................................... 8

*VHT, Inc. v. Zillow Grp., Inc.*,
  918 F.3d 723 (9th Cir. 2019) ............................................................... 8

*Villiarimo v. Aloha Island Air, Inc.*,
  281 F.3d 1054 (9th Cir. 2002) ............................................................. 6

*Zorikova v. Kineticflix, LLC*,
  No. 219CV04214ODWGJSX, 2022 WL 1266662 (C.D. Cal. Apr. 28, 2022) ... 5

**Statutes**

17 U.S.C.
  § 101 ............................................................................................. 9, 12
  § 102(a) .............................................................................................. 7
  § 106 ............................................................................................... 7, 8
  § 107(4) ............................................................................................. 15
  § 113 ................................................................................................ 12

28 U.S.C.
  § 1331 ................................................................................................. 2
  § 1338(a) .............................................................................................. 2
  § 1391(a)(2) .......................................................................................... 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Rules**

Fed. R. Civ. P.
   Rule 56(a) .........................................................................................5

Local Rule
   56-1 ...................................................................................................3

PLAINTIFF'S NOTICE OF MOTION, MOTION and MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.    **INTRODUCTION**

Plaintiff/Counterclaim-Defendant Carlos Vila ("*Plaintiff*" or "*Vila*") hereby moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure for an Order granting him partial summary judgment on the issue of liability on the single Count of his Complaint for direct copyright infringement against Counterclaim-Plaintiff Deadly Doll, Inc. ("*Defendant*" or "*Deadly Doll*") as well as full summary judgment on both counts of Defendant's Counterclaim.

Plaintiff is entitled to partial summary judgment as to liability on his claim-in-chief for direct copyright infringement insofar as the facts show that Plaintiff is the author of the photograph at issue and has proffered a Certificate of Copyright Registration for same.  Further, the evidence adduced in discovery shows that: (i) the photograph was posted to Defendant's Instagram account; (ii) Defendant was responsible for such posting; (iii) Defendant does not have a license or other permission from Plaintiff to display the photograph; (iv) Defendant has no documents to support its claim that it has any license or permission from anyone else to use the photograph; (v) even if Defendant did purport to present any claim of licensure, it would be of no moment insofar as the Certificate of Registration identifies Plaintiff as the sole author of the photograph.

Plaintiff is also entitled to summary judgment as to Defendant's counterclaims, to the extent that his photograph of model Irina Shayk cannot be considered a derivative work as a matter of fact or law.  That is because, even if Defendant does hold a valid copyright in its "Pin-Up Girl" image—a point which Plaintiff does not concede—by affixing the "Pin-Up Girl" image to useful articles of clothing that have been offered for sale or other distribution to the public, copyright law permits the making, distribution, or display of pictures or photographs of such articles. *See* 17 U.S.C. § 113.

## II.   **JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Los Angeles County, California. Venue is proper under 28 U.S.C. § 1391(a)(2) because Deadly Doll, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## III.   **PROCEDURAL POSTURE**

Plaintiff commenced this action upon the filing of a Complaint with this Court on July 20, 2021. *Dkt. No.* 1, *et seq.* The Clerk of the Court issued the requested Summons on the same date. *Dkt. No.* 9. Defendant was served on July 22, 2021, and proof of such service was filed with the Court on July 27, 2021. *Dkt. No.* 11. Pursuant to a stipulation between the parties (*Dkt. No.* 13), Defendant filed its Answer to the Complaint on September 3, 2021. *Dkt. No.* 14. On the same day, Defendant filed Counterclaims against Plaintiff. *Dkt. No.* 15. On October 7, 2021, the Court "So Ordered" a stipulation extending Plaintiff's time to respond to the Counterclaims. *Dkt. No.* 22.

On October 22, 2021, Plaintiff filed an Answer to Defendant's Counterclaims. *Dkt. No.* 23. The Court then issued an Order referring this matter to ADR Procedure No. 1. *Dkt. No.* 26. On March 14, 2022, Plaintiff filed a Motion for Judgment on the Pleadings seeking to dismiss Defendant's counterclaims. *Dkt. No.* 30, *et seq.* Defendant filed Opposition to the motion on March 21, 2022 (*Dkt. No.* 32, *et seq.*) and Plaintiff filed a Reply. *Dkt. No.* 33. On August 23, 2022, the Court issued an Order denying Plaintiff's motion for judgment on the pleadings. *Dkt. No.* 39.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   STATEMENT OF FACTS

The facts of this case are taken from Plaintiff's accompanying statement pursuant to Local Rule 56-1 (the "*SUF*"), unless otherwise indicated.

Plaintiff is a photojournalist by trade.  *SUF* at ¶ 1.  Plaintiff's primary focus is authoring photographs of celebrities, models, and other persons with whom the public-at-large is interested.  *Id.* at ¶ 2.  Plaintiff thereafter licenses his photographs to online and print news and tabloid publications.  *Id.* at ¶ 3.  Since the public fascination with celebrities and celebrity culture is constantly changing—often a "flavor of the month" relationship—it is incumbent upon Plaintiff to renew, refresh and update his portfolio of work.  *Id.* at ¶ 4.

Plaintiff's livelihood depends in large part on his ability to not only consistently author new works and content, but to control the licensing, distribution and display of his photographs.  *Id.* at ¶ 5.  Plaintiff has invested significant time and money in building his portfolio of photographs, as it is quite time consuming and expensive to find out where any given celebrity or public figure may be at any given time.  *Id.* at ¶ 6.  Many of Plaintiff's photographs are taken on the street, or in other public places, as such locations provide him with the greatest ability to capture a photograph or series of photographs, which Plaintiff then edits prior to offering the photographs for license.  *Id.* at ¶ 7.  Plaintiff is aware of the fact that the media outlets to whom he licenses his photographs will often use his works in connection with articles about fashion, a celebrity's lifestyle, latest romances or other endeavors, as a photojournalist and, as such, authors his photographs with that in mind.  *Id.* at ¶ 8.

Relevant to this case, on February 7, 2020, Plaintiff authored a photograph of model Irina Shayk, taken while she was crossing a street in New York City (the "*Photograph*").  *Id.* at ¶ 9.  In taking the Photograph, Plaintiff chose the angle at which to photograph her; Plaintiff waited until he had the appropriate background;

PLAINTIFF'S NOTICE OF MOTION, MOTION and MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

1   and chose to feature Ms. Shayk prominently in the picture, without other
2   individuals in her immediate proximity.  *Id.* at ¶ 12.  Plaintiff chose to take the
3   Photograph at a time when there were no extraneous materials cluttering the image.
4   *Id.* at ¶ 13.  In addition to the framing of the image, Plaintiff chose the lens, focal
5   length, shutter speed, I.S.O., lighting and F-stop to use, to capture the image in a
6   manner so as to reflect his own artistic expression of that exact moment in time.
7   *Id.* at ¶ 14.

8        Plaintiff applied to register the Photograph with the United States Copyright
9   Office (the "*USCO*"), among others, on or about March 30, 2020, under
10  Application No. 1-8687856921.  *Id.* at ¶ 10.  On May 5, 2020, the Photograph was
11  registered under Registration No. VA 2-201-931 (with an effective date of March
12  30, 2022).  *Id.* at ¶ 11.  At the time Plaintiff took the Photograph of Ms. Shayk, she
13  was wearing a pair of pants which are claimed to have been manufactured and/or
14  sold by Defendant.  *Id.* at ¶ 15.  At the time Plaintiff took the Photograph, Ms.
15  Shayk was also wearing black, high-cut shoes, what appears to be a black down
16  jacket, a black baseball cap and black sunglasses. *Declaration of Carlos Vila* at ¶
17  14.  At the time Plaintiff authored the Photograph, he did not pay attention to any
18  of Ms. Shayk's specific attire.  *Id.* at ¶ 15.  Instead, Plaintiff's primary purpose was
19  to capture Ms. Shayk at a moment when she was looking in his direction and would
20  best portray her for use in any given article by Plaintiff's regular licensees.  *Id.*
21  Plaintiff licensed the Photograph to the Daily Mail, among others who, as expected,
22  used the Photograph in a news article to discuss Ms. Shayk's (then) most recent
23  public appearance.  *SUF* at ¶ 16.

24       Defendant is a California Corporation with a principal place of business at
25  9100 Wilshire Blvd, Beverly Hills in Los Angeles County, California.  *Id.* at ¶ 17.
26  Jesse Jo Stark is the president of Defendant and maintains an account on Instagram
27  (the "*Account*") which is associated with Defendant.  *Id.* at ¶¶ 18-19.  Defendant is

28
PLAINTIFF'S NOTICE OF MOTION, MOTION and MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

1  the owner and operator of the Account and controls the Account. *Id.* at ¶¶ 20-23.

2  Defendant's ownership and operation of the Account is a part of a commercial

3  venture. *Id.* at ¶ 24.

4      On or about February 10, 2020, Plaintiff observed his Photograph on the

5  Account in a social media story and post-dated February 8, 2020. *Id.* at ¶ 25. The

6  Photograph was displayed at URL: https://www.instagram.com/p/B8UfsINnDaH/.

7  *Id.* at ¶ 26. Defendant, through its president, Jesse Jo Stark, posted the Photograph

8  to the Account. *Id.* at ¶ 27. Defendant did not alter the Photograph in any way,

9  prior to posting it to the Account. *Id.* at ¶ 28. Plaintiff did not grant Defendant a

10 license or other permission to use the Photograph or to post the Photograph to the

11 Account. *Id.* at ¶ 30.

12     Defendant appended the Photograph with the words "goddess ♥ in skele

13 merch, restock soon." *Id.* at ¶ 29. Upon information and belief, the words

14 appended to the Photograph by Defendant are intended to advertise Defendant's

15 products (here, a pair of pants) and to promote its sales by highlighting the fact that

16 a world-famous model (Ms. Shayk) was seen in public wearing Defendant's

17 "merch."

18     Upon information and belief, Defendant stole Plaintiff's Photograph for the

19 sole purpose of trying to show that its items of clothing are popular with celebrities

20 and used the Photograph for the purpose of increasing its sales. *Id.* at ¶ 31.

21 Defendant's use of the Photograph is the type of use for which Plaintiff would have

22 required a license. *Id.* at ¶ 32. Upon information and belief, Defendant profited

23 from its theft of Plaintiff's Photograph, or, at least sought to do so. *Declaration of*

24 *Carlos Vila* at ¶ 28. A photoshoot of a A-list celebrity wearing merchandise is

25 extremely expensive to organize and contract for, insofar as celebrities regularly

26 expect to be compensated in their own right for product endorsements. *Id.* at ¶ 32.

27     Defendant claimed in discovery that Ms. Shayk is a co-author of the

28

Photograph and granted it permission to use the Photograph, however, Defendant is not in possession of any documents evincing any licensing agreement involving the Photograph from Plaintiff or any other person. *SUF* at ¶ 33. The Certificate of Registration of the Photograph identifies Plaintiff as the sole author thereof. *Id.* at ¶ 34. Further, it should be readily apparent that Ms. Shayk could not be the co-author of the Photograph in that she is the subject of the Photograph (i.e. she was in front of and not holding or behind the camera).

## V.   **ARGUMENT**

Plaintiff is entitled to summary judgment on his claim for direct copyright infringement insofar as the undisputed facts show that: (i) Plaintiff is the sole author of the Photograph; (ii) Defendant copied, stored and displayed the Photograph on its Instagram Account; and (iii) that Defendant did not have a license or other permission from Plaintiff to display the Photograph.

Plaintiff is similarly entitled to summary judgment with respect to Defendant's counterclaims for a variety of reasons, including, primarily, that the Photograph is not a derivative work as a matter of law. See 17 U.S.C. § 113(c). Nor does the Photograph infringe on any copyright purportedly owed by Defendant. That is because the Copyright Act includes a specific carve-out which holds that the making, distribution or display of a photograph depicting a "useful article"—such as Defendant's pants—is not an infringement of copyright when such photograph is used in connection with advertisements, commentaries or news reports. *Id*

For all these reasons, as well as those set forth herein, it is respectfully submitted that the instant motion should be granted in its entirety.

### A. STANDARD OF REVIEW

As Your Honor has held, a Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." *Zorikova v. Kineticflix, LLC*, No. 219CV04214ODWGJSX, 2022 WL 1266662, at *2 (C.D. Cal. Apr. 28, 2022) (citing Fed. R. Civ. P. 56(a)). A disputed fact is "material" where the resolution of that fact "might affect the outcome of the suit under the governing law," and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, and the moving party may meet this burden with arguments or evidence or both. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)).

To this end, it is well-settled that once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S. Ct. 1348, 1355, 89 L. Ed. 2d 538 (1986); *California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1468 (9th Cir. 1987). To satisfy this burden, the non-moving party must show that there are "genuine factual issues that ... may reasonably be resolved in favor of either party." *Id.* In this regard, "uncorroborated and self-serving" testimony will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc*., 90 F.3d 1477, 1481 (9th Cir. 1996)). "Conclusory" or "speculative" testimony is likewise "insufficient to raise genuine issues of fact and defeat summary judgment." *Hous. Rts. Ctr. v. Sterling*, 404 F. Supp. 2d 1179, 1183 (C.D. Cal. 2004). Stated otherwise, the nonmoving party must provide more than a "scintilla" of contradictory evidence to

avoid summary judgment. *Anderson*, 477 U.S. at 251–52; *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## B. PLAINTIFF HAS ESTABLISHED A *PRIMA FACIE* CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT

As the Court is aware, to establish a *prima facie* case of direct copyright infringement, a plaintiff "must show ownership of the allegedly infringed material" and "demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017), quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

As to the first point, Plaintiff has shown ownership of the Photograph, insofar as Plaintiff has proffered a valid certificate of registration for the Photograph. This satisfies Plaintiff's *prima facie* burden of proof. *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). That is because under 17 U.S.C. § 401(c), a certificate of registration establishes a rebuttable presumption of ownership, originality, and validity in the Photograph. *S.O.S. Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

Here, Defendant has not rebutted the presumption that the Photograph is a copyrightable "original work[ ] of authorship fixed in [a] tangible medium of expression." 17 U.S.C. § 102(a); *see also Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1177 (9th Cir. 2012) ("[p]hotos are generally viewed as creative, aesthetic expressions of a scene or image and have long been the subject of copyright."); *Ellis v. Infinite Labs, LLC*, No. SACV13241JLSANX, 2014 WL 12558115, at *3 (C.D. Cal. Aug. 1, 2014). Instead, Defendant argues only that the Photograph is purportedly a derivative work, insofar as Ms. Shayk is wearing a pair of pants which feature Defendant's "Pin-Up Girl" image, in which Defendant

purports to hold a copyright.  Insofar as this argument is addressed more fully in Point C.1.iii.2, *infra,* Plaintiff incorporates that argument by reference, rather than by repetition.

As to the second point, whether Defendant violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106, a claim for direct infringement requires a copyright plaintiff to show only "causation" (also referred to as the "volitional conduct requirement") by the defendant. *VHT, Inc. v. Zillow Grp., Inc*., 918 F.3d 723, 731 (9th Cir. 2019).  Under Ninth Circuit precedent, "the word 'volition' in this context does not mean an 'act of willing or choosing' or an "act of deciding…" *Id*. (citing *Giganews, Inc*., 847 F.3d at 666).  Instead, it "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Id*. (citations omitted).  *Id.* and *id.*

Stated otherwise, a copyright plaintiff need not demonstrate the accused infringer's intent to infringe the copyright to establish infringement … but it must establish that the defendant "actively engage[d]" in the copying." *Fox Broad. Co. Inc. v. Dish Network, L.C.C*., 905 F. Supp. 2d 1088, 1099 (C.D. Cal. 2012), aff'd sub nom. *Fox Broad. Co. v. Dish Network L.L.C*., 723 F.3d 1067 (9th Cir. 2013), and aff'd sub nom. *Fox Broad. Co. v. Dish Network L.L.C*., 747 F.3d 1060 (9th Cir. 2014) (quoting *UMG Recordings, Inc. v. Disco Azteca Distributors, Inc*., 446 F.Supp.2d 1164, 1172 (E.D.Cal. 2006) and *Perfect 10, Inc. v. Cybernet Ventures, Inc*., 213 F.Supp.2d 1146, 1168 (C.D.Cal. 2002)).

Here, Defendant's discovery responses serve to establish that Defendant actually engaged in the copying of Plaintiff's Photograph[1] and that Defendant did

---

[1]    *See* Exhibit 2 to the accompanying Declaration of Craig B. Sanders (Defendant's responses to Request for Admission) at ¶¶ 8-9; Exhibit 3 to the Sanders Declaration (Defendant's responses to Request for Production) at ¶ 11.

1  not have a license or other permission from Plaintiff to copy, save and publicly

2  display same.[2]

3      On these facts, it is clear that Plaintiff is entitled to partial summary judgment

4  on his claim for direct copyright infringement as to liability, because Plaintiff need

5  not show that Defendant intended to infringe copyright.  Instead, Plaintiff must

6  simply show that Defendant "actively engaged in the copying."  Because Defendant

7  has admitted to these facts, Plaintiff has established a claim for direct copyright

8  infringement as a matter of law.

9  **C. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO**

10  **DEFENDANT'S COUNTERCLAIMS**

11      Plaintiff is similarly entitled to full summary judgment with respect to

12  Defendant's counterclaims for a variety of reasons.  Among them are that: **(i)**

13  Defendant can claim no right of infringement because (a) the pants to which

14  Defendant's "Pin-Up Doll" image was affixed is a "useful article" that was offered

15  for sale or other distribution to the public and, as such (b) the making, distribution,

16  or display of pictures or photographs of such article in connection with

17  advertisements, commentaries or news reports would not be an infringement of

18  copyright (see 17 U.S.C. § 113(c)); alternatively **(ii)** the Photograph is not a

19  derivative work; and **(iii)** even if the Photograph were a derivative work, which it

20  is not, Plaintiff's Photograph would be protected by the fair use doctrine.

21  **1. Plaintiff's Photograph is Protected by 17 USC §113**

22      It is axiomatic that Defendant's pants, upon which the "Pin-Up Doll" is

23  affixed, are useful articles that have been offered for sale or other distribution to

24  the public.  This is significant because, pursuant to 17 U.S.C. § 113, copyright does

25  not include any right to prevent the making, distribution, or display of pictures or

26  photographs of such articles in connection with advertisements or commentaries

27  

28  [2]   *See* Exhibit 2 to the Sanders Declaration at ¶ 13.

related to the distribution or display of such articles, or in connection with news reports." *Signorelli v. N. Coast Brewing Co. Inc.*, No. 5:18-CV-02914-EJD, 2019 WL 2569582, at \*4 (N.D. Cal. June 21, 2019).  Stated otherwise, pursuant to 17 U.S.C. §113(c), Defendant cannot claim copyright infringement arising from a photograph made of its useful article (pants), notwithstanding that the pants feature the Pin-Up Doll image, in which Defendant purports to have a copyright.

"A 'useful article' is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. An article that is normally a part of a useful article is considered a 'useful article.'" *Id.* (quoting 17 U.S.C. § 101). Applying this definition, the *Signorelli* Court found that North Coast Brewing's beer bottles were held to be "useful articles." *Id.* (citing *Ets-Hokin,* 225 F.3d at 1080) (alcohol beverage bottle recognized to be a "useful article"). Likewise, the labels, themselves on the beer bottles were held to be useful articles because they are "normally a part of" North Coast Brewing's beer bottles. 17 U.S.C. § 101; *see also Major v. Sony Music Entertainment, Inc.*, No. 92-2826 PKL, 1992 WL 210115, at \* 3 (S.D.N.Y. August 17, 1992) (finding video package cover is a "useful article").  As a result, there was no infringement resulting from taking a picture thereof.

Here, Plaintiff created the Photograph for purposes of seeking to license same to gossip and similar media outlets (whether in print or online), which are engaged in the business of reporting news concerning celebrities and other persons of public fascination.  As a result, even if this Court were to find that Defendant has a valid copyright in its "Pin-Up Girl" image, that Defendant affixed such image to a "useful article" (pants) and offered them for sale to the public statutorily prohibits any claim by Defendant that a photograph of the "useful article" (pants) is a derivative work or that Defendant otherwise has any other protectible copyright interest in the photograph.

## 2. __Plaintiff's Photograph is not a Derivative Work__

Even if 17 U.S.C. §113 was not dispositive as to this issue, which Plaintiff respectfully submits it is, the gravamen of Defendant's counterclaim rests on the contention that Plaintiff's Photograph is purportedly an unauthorized derivative work, because Ms. Shayk was wearing a pair of pants which featured Defendant's "Pin-up Doll" image, at the time Plaintiff photographed her.

Defendant's argument is fanciful, to the extent that "[a] 'derivative work' is defined in the Copyright Act as a work 'based upon one or more preexisting works' that 'recast[s], transform[s], or adapt[s]' a preexisting work and 'consist[s] of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship'." *ABS Ent., Inc. v. CBS Corp*., 908 F.3d 405, 414 (9th Cir. 2018) (quoting 17 U.S.C. § 101).

As Plaintiff previously submitted, the Ninth Circuit cautioned against applying the rules pertaining to derivative works too narrowly with respect to photographs. That is because "[i]n a colloquial sense, of course, a photograph is [invariably] derived from the object that is its subject matter." *Ets-Hokin v. Skyy Spirits, Inc*., 225 F.3d 1068, 1078 (9th Cir. 2000) (alteration added). Continuing, the Court noted that "one teacher of photography wrote of a photo as being an image "derived from ... the object pictured." *Id*.[3] Critically, however, the Court noted that "simply because photographs are in this colloquial sense 'derived' from their subject matter, it does not necessarily follow that they are derivative works under copyright law." *Id*.

The import of the Ninth Circuit's discussion and observations in this regard cannot be understated. That is because any photograph will almost invariably result

---

[3]    Quoting Henry Holmes Smith, *Photography In Our Time*, in KALAMAZOO ART CTR., THREE PHOTOGRAPHERS (catalog of exhibition) (Feb. 1961), reprinted in PHOTOGRAPHERS ON PHOTOGRAPHY, at 99, 102.

in an image which features one or more products or items to which others own a copyright; whether it is an item of clothing, other artwork, or any other material capable of an attaining copyright protection. If Defendant's argument were to be accepted, it would necessarily result in a determination that a photographer could not register, protect or sell any images without first obtaining permission from any and all rightsholders who have any portion of an image separately entitled to copyright featured in a photograph. This would invite an overly restrictive and an unworkable result.

In this case, the Court should find that the Photograph is not a derivative work, insofar as it is not "based on" a pre-existing work. While Defendant's "Pinup Doll" image is partially observable on one portion of one leg of the pants Ms. Shayk is wearing, it is completely incidental to the Photograph. Indeed, the Photograph is intended to feature a world-renowned model walking in a public street. Ms. Shayk's choice of clothing has no bearing on the public's fascination with celebrity culture.

In this regard, the analysis in *Ets-Hokin* is directly on point, and serves to show why Plaintiff is entitled to summary judgment with respect to Defendant's counterclaims. In *Ets-Hokin*, Skyy Spirits ("*Skyy*") hired a professional photographer (Ets-Hokin) to create "product shots," of the Skyy vodka bottle. Ets-Hokin created the desired product shots and registered them for copyright protection. Skyy later claimed that Ets-Hokin's photographs were unsatisfactory and sought to hire other photographers to create its desired product shots. When those efforts failed, Skyy wound up using Ets-Hokin's photographs in promotional advertisements. When Ets-Hokin discovered Skyy's use of his photographs, he sued for copyright infringement.

Skyy objected to Ets-Hokin's claims, as Defendant does here, by contenting that Ets–Hokin's photographs were derivative works and, therefore, not subject to copyright protection. While the District Court agreed with Skyy, the Ninth Circuit

did not. More specifically, while the Ninth Circuit recognized that "a derivative work must be based on a preexisting work that is copyrightable," it nonetheless held that "the Skyy vodka bottle is a utilitarian object that is not protected by copyright." *Ets-Hokin*, 226 F.3d. at 1078. As a result, the Ninth Circuit held that "because Ets–Hokin's product shots are based on the bottle as a whole, not on the label … and [b]ecause Ets–Hokin's product shots are shots of the bottle as a whole-a useful article not subject to copyright protection-and not shots merely, or even mainly, of its label, we hold that the bottle does not qualify as a "preexisting work" within the meaning of the Copyright Act. As such, the photos Ets–Hokin took of the bottle cannot be derivative works." *Id.* at 1081.

Here, similarly to *Ets-Hokin*, Plaintiff's Photograph was intended to feature Ms. Shayk, not Defendant's pants. Even if Plaintiff had intended to feature Defendant's pants in the Photograph—which he did not—because Defendant affixed its "Pin-Up Girl" image to its pants, a useful article, the pants are not subject to copyright protection, even if the "skele" image would be on its own. Therefore, Plaintiff's Photograph of Ms. Shayk cannot be a derivative work, regardless of the fact that she was wearing pants at the time.

Although the Court rejected a similar argument advanced by Plaintiff in connection with his motion for judgment on the pleadings, the Court did so upon finding that "[t]he standard for determining whether a work is derivative of another is the same as that for determining whether that work is infringing the other." *Dkt. No.* 39 at p. 5 (citing *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984)). To this end, the Court found that such argument presented a question of fact that would be inappropriate for resolution on a motion for judgment on the pleadings, because it would "still require[] the Court to determine whether the Photograph recasts, transforms, or adapts the Artwork." *Dkt. No.* 39 at p. 5.

1    Here, there is no such impediment, insofar as the Court may resolve alleged

2    disputes of fact in the context of a motion for summary judgment where, as here,

3    there is no evidence in the record to support the position taken by the non-movant.

4    **3.   <u>Plaintiff's Photograph is Protected by the Fair Use Doctrine</u>**

5    Plaintiff asked this Court to find that Defendant's counterclaims should be

6    dismissed as a matter of law when he filed his motion for judgment on the

7    pleadings.  The Court declined Plaintiff's invitation for reasons similar to those

8    stated above, *to wit,* that "fair use is a mixed question of law and fact that is not

9    generally resolvable by motions to dismiss or for judgment on the pleadings." *Dkt.*

10   *No.* 39 at p. 7 (citations omitted).  As with the above, the Court may properly

11   consider this argument in the context of the instant motion for summary judgment.

12   In determining whether a use is fair, the following, non-exhaustive, list of

13   factors, set forth in 17 U.S.C. § 107, are to be considered: (1) The purpose and

14   character of the use; (2) The nature of the copyrighted work; (3) The amount and

15   substantiality of the work used; and (4) The effect of the use on the copyright

16   holder's potential market for the work. *Lenz v. Universal Music Corp.,* 815 F.3d

17   1145, 1151-1152 (9th Cir. 2015); *Monge,* 688 F.3d at 1171. While no one factor is

18   dispositive, the most weight will be given to the first and fourth factors. *Monge*,

19   688 F.3d at 1171.

20   **i.   <u>Purpose and character of use</u>**

21   The question here is whether Plaintiff transformed the Pin-Up girl in the

22   creation of the Photograph by "add[ing] something new, with a further purpose or

23   different character." See *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 579, 114

24   S.Ct. 1164, 127 L.Ed.2d 500 (1994). Here, the answer to that simple question can

25   be unequivocally answered in the affirmative be merely observing the subject

26   works in a side-by-side comparison:

27

28

Deadly Doll Pin-Up Girl Image          Plaintiff's Photograph

          

As the Court can readily see, Plaintiff's photograph has "added" innumerable elements, well-beyond the cartoon image in which Defendant claims a (spurious) right; including but not limited to: Russian model Irina Shayk, a public street, a taxi cab, buildings, etc… As such, the Photograph would clearly be transformative. As the *Monge* Court explained, "[t]ransformation is a judicially-created consideration that does not appear in the text of the statute." *Monge*, 688 F.3d at 1173. Although not appearing in the statute, the Supreme Court explained this test as follows:

> "The central purpose of this investigation is to see, in Justice Story's words, whether the new work merely 'supercede[s] the objects' of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is 'transformative'."

*Campbell* at 579. This factor clearly favors the Plaintiff and a finding of fair use.

## ii.  The Nature of the Copyrighted Work

In determining whether the nature of the copyrighted work itself supports fair use, the Court must consider whether the work was creative. *Monge,* 688 F.3d at 1177. Photographs that document events are creative, because they are "aesthetic expressions" of a scene. *Monge,* 688 F.3d at 1177.  As was noted above, "[p]hotos are generally viewed as creative, aesthetic expressions of a scene or image and have long been the subject of copyright." *GoPro, Inc. v. 360Heros, Inc*., 291 F. Supp. 3d 1060, 1071 (N.D. Cal. 2017), on reconsideration, No. 16-CV-01944-SI, 2018 WL 574930 (N.D. Cal. Jan. 26, 2018) (citing *Monge*, 688 F.3d at 1177; 17 U.S.C. § 102(a)(5)).  As the Ninth Circuit has held, "[a]lthough the amount of creative input by the author required to meet the originality standard is low, it is not negligible." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003).  To meet this relatively simple threshold, "[t]here must be something more than a 'merely trivial' variation, something recognizably the artist's own." *Id.* (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 489 (9th Cir. 2000)).  Here, the Court should be able to readily conclude that the Photograph is recognizably Plaintiff's own.

More specifically, the Photograph is of world-renowned model, Irina Shayk. Plaintiff chose the angle at which to photograph her. He waited until he had the appropriate background of his choosing.  He chose to feature Ms. Shayk prominently in the picture, without other individuals in her immediate proximity. He chose to take the photograph at a time when there were no extraneous materials cluttering the image.  He also chose the lens, focal length, shutter speed, I.S.O., lighting and F-stop to use in order to capture the image in a manner so as to reflect his own artistic expression.

"When this articulation of the minimal threshold for copyright protection is combined with the minimal standard of originality required for photographic works, the result is that even the slightest artistic touch will meet the originality test

for a photograph." *Ets-Hokin*, 225 F.3d at 1076. "In assessing the 'creative spark' of a photograph, we are reminded of Judge Learned Hand's comment that "no photograph, however simple, can be unaffected by the personal influence of the author." *Id.* citing *Jewelers' Circular Pub. Co. v. Keystone Pub. Co*., 274 F. 932, 934 (S.D.N.Y. 1921).

This approach, according to a leading treatise in the copyright area, "has become the prevailing view," and as a result, "almost any[ ] photograph may claim the necessary originality to support a copyright merely by virtue of the photographers' [sic] personal choice of subject matter, angle of photograph, lighting, and determination of the precise time when the photograph is to be taken." *Id.* Accordingly, this factor also clearly favors the Plaintiff and a finding of fair use.

### iii. <u>Amount and substantiality of the portion used</u>

The Court must next consider the amount and substantiality of Plaintiff's use of Defendant's image from both a quantitative and qualitative perspective. *See Monge*, 688 F.3d at 1178. The quantitative inquiry considers the actual proportion of the Pin-Up Girl image that Plaintiff used. *See Monge*, 688 F.3d at 1178. The qualitative inquiry considers whether Plaintiff used the "heart" of the Pin-Up Girl Image. *See Monge*, 688 F.3d at 1178. Here, while Plaintiff's Photograph arguably encompasses some of the Pin-Up girl image, the Pin-Up girl constitutes only a tiny fraction of the overall composition of the Photograph. Accordingly, this factor also clearly favors the Plaintiff and a finding of fair use or is, at best for Defendant, neutral.

### iv. <u>Effect on the potential market for copyright holder's work</u>

The final fair use factor is "the effect of the use upon the potential market for or value of the copyrighted work." *Monge*, 688 F.3d at 1180, quoting 17 U.S.C. § 107(4) (italics by Court). As the Supreme Court held in *Harper & Row*, "[t]his

last factor is undoubtedly the single most important element of fair use." *Harper & Row, Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 566 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) (footnote and citation omitted) (emphasis added). The fact that the focus is on the potential market for or value of the copyrighted work is critical to this inquiry, insofar as it shifts the Court's focus away from the myopic— whether this particular defendant's actions have diluted the market for this particular picture—to the broad, that is: "if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted work." *Monge,* 688 F.3d at 1180, quoting *Harper & Row*, 471 U.S. at 568; *Chicago Bd. of Educ. v. Substance, Inc.,* 354 F.3d 624, 627 (7th Cir. 2003) ("[t]here is no analytical difference between destroying the market for a copyrighted work by producing and selling cheap copies and destroying the subsequent years' market for a [work] ...").

In other words, the fourth fair use factor focuses on the question of usurpation. That is because "[c]opyright law serves to protect a copyright holder's ability to benefit from the market for his or her work, as well as from any markets that the copyright holder could reasonably be expected to enter." *BWP Media USA, Inc. v. Gossip Cop Media, Inc*., 196 F. Supp. 3d 395, 409 (S.D.N.Y. 2016) citing *Bill Graham Archives, LLC. v. Dorling Kindersley Ltd.,* 386 F.Supp.2d 324, 331 (S.D.N.Y. 2005). "Thus, when assessing the fourth fair use factor, courts ask whether a defendant's use usurps the market for the copyright holder's work." *Id.* citing *Campbell*, 510 U.S. at 593, 114 S.Ct. 1164.

With this in mind, it is clear that the fourth fair use factor <u>strongly</u> favors Plaintiff. Here, there is literally no potentially cognizable impact on the market for the Pin-Up Girl image that Defendant affixes on its apparel. That is because the photograph of a model wearing a pair of Defendant's pants does not usurp the market for Defendant selling a pair of pants. If anything, the argument would be to

the contrary. More specifically, the Photograph featuring a world-renowned model wearing Defendant's pants almost certainly would have a positive impact on Defendant's sales of its clothing; that is precisely why Defendant elected to post the Photograph to its Instagram Account. It is beyond cavil that the Photograph does not usurp Defendant's market for its clothing or any possible derivative usage of the Pin-Up Girl Image. There is literally no credible argument that can be offered to the contrary. As such this factor, as with all of the factors, favors the Plaintiff and a finding of fair-use.

## <u>CONCLUSION</u>

For all the reasons set forth above, the Court should find that there are no circumstances upon which Defendant could prevail on the Counterclaim and that Defendant has admitted all of the material elements necessary for the granting of liability on Plaintiff's claim for direct infringement.  In light of the foregoing, cause exists to grant the instant motion in its entirety, awarding Plaintiff partial summary judgment on the issue of liability on the single Count of his Complaint for direct copyright infringement as well as full summary judgment dismissing both counts of Defendant's Counterclaim together with any such other and further relief as this Court deems just, equitable, and proper.

DATED:      October 19, 2022

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd., Suite 402
Uniondale, NY  11553
Telephone: (516) 203-7600
Facsimile: (516) 282-7878

*Attorneys for Plaintiff and Counterclaim Defendant, Carlos Vila*