RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 213.375.3811
Facsimile: 213.375.3811
Mark.Lee@rimonlaw.com.

Attorneys for Defendant, DEADLY
DOLL, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARLOS VILA,<br><br>          Plaintiff,<br><br>     v.<br><br>DEADLY DOLL, INC.,<br><br>          Defendants. | Case No. 2:21-cv-05837-ODW-MRW<br><br>**DEFENDANT AND COUNTERCLAIMANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  November 28, 2022<br>Time:  1:30 p.m.<br>Courtroom:  5D |
| DEADLY DOLL, INC.,<br><br>          Counterclaim Plaintiff,<br><br>     v.<br><br>CARLOS VILA,<br><br>          Counterclaim Defendant. | (The Hon. Otis D. Wright, II)<br><br>Complaint filed July 20, 2021 |

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

2

3    I.      INTRODUCTION.................................................................................................1

4    II.     FACTUAL AND PROCEDURAL HISTORY....................................................1

5    III.    SUMMARY JUDGMENT STANDARD ..........................................................4

6    IV.     VILA'S ARGUMENT THAT HIS  IMAGE IS NOT DERIVATIVE OF DD's
             IMAGE AS A MATTER OF LAW MUST BE REJECTED. ..................................5
7
     V.      THERE IS AT LEAST AN ISSUE OF FACT WHETHER VILA'S COPYRIGHT
8            REGISTRATION IS INVALID.......................................................................11

9    VI.     VILA'S ARGUMENT THAT HIS PHOTOGRAPH IS "PROTECTED" BY 17
             U.S.C. § 113 AS A MATTER OF LAW SHOULD BE REJECTED................................13
10
     VII.    VILA'S FAIR USE AFFIRMATIVE DEFENSE SHOULD NOT BE DECIDED
11           ON THIS MOTION ........................................................................................17

12   VIII.   CONCLUSION ...............................................................................................22

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

**Cases**

4

*AK Futures LLC v. Boyd Street Distro, LLC,*
    *supra*, 35 F. 4th  at 688 ................................................................ 2, 13

5

6

*Alexander v. Take-Two Interactive Software, Inc.*,
    489 F. Supp. 3d 812 (S.D. Ill. 2020) ................................ 18, 19, 20

7

8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ...................... 4, 5

9

*Anderson v. Stallone*,
    1989 WL 206431 (C.D. Cal. April 26, 1989) ........................... 10

10

11

*Andy Warhol Foundation for the Visual Arts, Inc., v. Goldsmith*,
    --U.S.--, 142 S. Ct. 1412 (2022) ......................................... 21

12

*Andy Warhol Foundation for the Visual Arts, Inc., v. Goldsmith*,
    992 F. 3d 99 (2d Cir. 2021) ............................................. 21

13

14

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) ..................... 5

15

16

*DC Comics v. Towle*,
    802 F.3d 1012 (9th Cir. 2015) ........................................... 10

17

*Ets-Hokin v. Skyy Spirits, Inc.*,
    225 F.3d 1068 (9th Cir. 2000) .......................................... 7, 8

18

19

*Gaylord v. U.S.*,
    777 F.3d 1363 (Fed. Cir. 2015) ........................................... 6

20

*Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*,
    925 F. 3d 1140 (9th Cir. 2019) .......................................... 12

21

22

*Hayden v. 2K Games, Inc.*,
    2022 WL 4356211 (N.D. Ohio September 20, 2022) ............... 18, 19, 20

23

24

*Healthestate, LLC, v. United States*,
    160 Fed. Cl. 91 (Ct. Fed. Cl. 2022) .................................... 12

25

26

*Jorst v. D'Ambrosio Bros. Inv. Co.*,
    2001 WL 969039 (N.D. Cal. August 13, 20010) ......................... 14

27

28

ii

1

## <u>TABLE OF AUTHORITIES CONT'D</u>

2

**Page(s)**

3

**Cases**

4

*Lawrence v. City and Cnty. of San Francisco,*
5
    258 F. Supp. 3d 977 (N.D. Cal. 2017) .................................................. 16

6
*Leicester v. Warner Bros.,*
    232 F.3d 1212 (9th Cir.2000) ............................................................... 8
7

8
*Lieb v. Korangy Publishing,*
    2022 WL 1124850 (E.D.N.Y. 4/14/2022) ...................................... 12, 13

9
*Mackie v. Hippie,*
10
    2010 WL 11561847 (W.D. Wash. March 22, 2020) ............................. 9

11
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) ........................ 5
12

13
*Michael Grecco Productions, Inc. v. Livingly Media, Inc.,*
    2021 WL 2546749 (C.D. Cal. April 16, 2021) ..................................... 9

14
*Mirage Editions, Inc. v. Albuquerque A.R.T. Co.,*
15
    856 F.2d 1341 (9th Cir.1988), *cert. denied,* 489 U.S. 1018 (1989) ........ 8

16
*Nat'l Ass'n of Optometrists & Opticians v. Harris,*
    682 F.3d 1144 (9th Cir.2012) ............................................................... 4
17

18
*Norse v. City of Santa Cruz,*
    629 F.3d 966 (9th Cir.2010) (*en banc* ) .............................................. 5

19
*Ringgold v. Black Entertainment Television, Inc.,*
20
    126 F. 3d 70 (2d Cir. 1997) ............................................................... 21

21
*Estate of Rodriguez v. Solis,*
    2021 WL 4125870 (C.D. Cal. August 12, 2021) ............................... 16
22

23
*Rogers v. Koons,*
    960 F. 2d 301 (2d Cir. 1992) ............................................................. 21

24
*Schrock v. Learning Curve Intern. Inc.,*
    586 F. 3d 513 (7th Cir. 2009) .............................................................. 9
25

26
*Sobhani v. @Radical.Media Inc.,*
    257 F. Supp. 2d 1234 (C.D. Cal. 2003) ........................................ 10, 18

27
*Star Athletica, L.L.C. V. Varsity Brands, Inc.,*
28
    --U.S.--, 137 S. Ct. 1002 (2017), 137 S. Ct. ........................................ 8

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1

## TABLE OF AUTHORITIES CONT'D

2

**Page(s)**

3

**Cases**

4

*Subafilms, Ltd. v MGM-Pathe Communications Co.*

5
    24 F. 3d 1088 (9th Cir. 1994).......................................................................... 17

6
*Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc.*,
    55 F. Supp. 2d 1113 (D. Nev. 1999) ............................................................ 7, 9

7

8
*TMTV Corp. v. Mass Productions, Inc.*,
    645 F.3d 464 (1st Cir. 2011) ........................................................................... 10

9

10
*Unicolors, Inc., v. H&M Hennes & Mauritz, L.P.*,
    --U.S.--, 142 S. Ct. 941 (2022) ...................................................................... 12

11
*United Feature Syndicate, Inc. v. Koons*,
    817 F. Supp. 370 (S.D.N.Y. 1993) .................................................................. 6

12

13
*United States Postal Service v. American Postal Workers Union AFL-CIO*,
    89 F. 2d 1117 (9th Cir. 1990)......................................................................... 14

14

15
*Vila v. Deadly Doll, Inc.*,
    2022 WL 3636331 (C.D. Cal. August 23, 2022) ........................................... 6

16
*Wash. Mut. Inc. v. United States*,
    636 F.3d 1207 (9th Cir.2011)........................................................................... 4

17

18
*Wild v. Benchmark Pest Control, Inc.*,
    2016 WL 1046925. (E.D. Cal. March 16, 2016) .......................................... 15

19
**Statutes**

20
17 U.S.C. §101 ...................................................................................................... 6, 8

21
17 U.S.C. §103(a)...................................................................................................... 10

22
17 U.S.C. §103(b) ..................................................................................................... 11

23
17 U.S.C. §107 ................................................................................................... 1, 18, 19

24
17 U.S.C. §113 ....................................................................................................*passim*

25
17 U.S.C. §113(c) ................................................................................................*passim*

26
17 U.S.C. § 411(b)(1) and (2) ............................................................... 11, 12, 13

27

28

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES CONT'D

**Page(s)**

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................ 4

Fed. R. Civ. P. 56(c), (e) ......................................................................... 5

Fed. R. Civ. Proc. 12(c) ........................................................................... 4

Fed. R. Civ. Proc. 37(c) ......................................................................... 16

Fed R. Civ. Proc. 37(c)(1) ..................................................................... 16

Fed. R. Civ. Proc. 56 ............................................................................... 5

Fed. R. Civ. Proc. 56(c) ........................................................................... 5

**Other Authorities**

https://www.copyright.gov/circs/circ42.pdf;
    https://www.copyright.gov/eco/help/group/grpph.html ......................... 11

https://www.copyright.gov/forms/formva.pdf .......................................... 11

https://www.dailymail.co.uk/ushome/index.html ..................................... 17

William F. Patry, 4 *Patry on Copyright* ................................................ 15

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.       INTRODUCTION.**

Plaintiff and Counter-Defendant Carlos Vila ("Vila") moves for summary judgment with arguments that are unsupported by evidence or which this Court has already rejected. Vila's motion lacks merit and should be denied because:

A.     Plaintiff's photograph incorporates virtually all of Defendants' underlying "Pin-up" girl image, and thus there is at least a material factual issue whether the photograph is an unauthorized derivative work;

B.     Plaintiff's failure to identify his Photograph as a derivative work in his copyright application violates Copyright Office regulations and creates a material factual issue whether his copyright registration is invalid and cannot support his copyright infringement claims;

C.     Plaintiff's photograph is not "protected" by 17 U.S.C. §113, because: i) Plaintiff did not raise it as an affirmative defense herein to Defendant's prejudice, ii) he has not produced evidence to show whether it could apply here, and iii) the statute bars Plaintiff's copyright infringement claims against Defendant, and not the reverse, to the extent it does apply; and

D.     A reasonable jury could find that Defendant's use of Plaintiff's photograph is "fair" pursuant to 17 U.S.C. §107, and therefore does not infringe any copyright.

Plaintiff's motion should be denied for the reasons described below.

**II.      FACTUAL AND PROCEDURAL HISTORY.**

Vila commenced this action when he claimed that DD infringed his copyright in a photograph of Irena Shayk wearing an item of DD clothing when DD briefly posted it on Defendants' Instagram page with Irina Shayk's permission. (Dkt. No. 1 ¶¶ 21-27.)

This is not Vila's first copyright infringement suit; he has filed over 20 copyright infringement actions in the last several years. (Declaration of Mark S. Lee

["Lee Decl."] ¶¶ and Ex. 1.)  Since a copyright registration is a "vital prerequisite" to filing a copyright infringement action, AK Futures LLC v. Boyd Street Distro, LLC, 35 F. 4th 682, 688 (9th Cir. 2022), Plaintiff necessarily filed copyright applications before filing each of those copyright infringement actions.

Vila's complaint does not allege that he used the photograph in which he claims copyright in any advertisement or commentary related to any DD product, or in connection with any news report. In fact, his complaint does not describe any use of the photograph by Vila at all (Dkt. No. 1), and he identified no licensee of the photograph in either his Rule 26 disclosures or in discovery. (Lee Decl. ¶¶ 2-4 and Ex. 2.)

DD answered Vila's complaint, and raised the invalidity of the copyright registration relies on to support his copyright infringement action herein as its first affirmative defense. (Dkt. No. 14 at 2.)

DD manufactures and sells cutting edge clothing that is beloved by fashion forward celebrity fans such Irina Shayk.  One of the recurring motifs in DD's clothing is its use of distinctive, original artwork, song lyrics, and other graphics that often are prominently displayed on its clothing. (Declaration of Jess Jo Stark ["Stark Decl."] ¶¶ 3-4.)

Among the graphic images DD uses on its clothing is a cartoon-style image of a "Pin-up" girl holding a skull in her left hand. (Stark Decl. ¶¶ 4, 6.)  That artwork has been registered for copyright by DD with the U.S. Copyright Office. The registered image is shown on the left below.

Vila took a photograph of Irina Shayk wearing clothing manufactured by DD that prominently displayed DD's copyrighted "Pin-up" girl image without DD's consent, as shown on the right below. (Stark Decl. ¶¶ 7, 9.)

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT



(Stark Decl. ¶¶ 5-6.)

Vila applied for and obtained a copyright registration in his photograph on the right and claims a copyright in it, and he has either licensed or attempted to license it to online and print publications.  (Stark Decl. ¶ 8; Declaration of Carlos Vila ["Vila Decl."] ¶¶ 16, 27 and Ex. 1 thereto, Dkt. No. 46-3 at 2 and 5 and 46-4.) His application did not disclose that his photograph incorporates DD's "Pin-up" girl image. (Dkt. No 46-4.)

DD's counterclaim alleges that Vila' photograph copied an image of a "Pin-up" girl in which DD owns the copyright that was on DD's clothing without DD's permission, and that Vila sues DD for infringing his alleged "copyright" in his unauthorized derivative photograph.  DD counterclaims against Vila for 1) declaratory relief that Vila's alleged copyright in his unauthorized derivative work is invalid, and 2) copyright infringement for reproducing and creating an unauthorized derivative work that used DD's underlying "Pin-up" girl image without DD's permission. (Dkt. No. 15, ¶¶ 1, 6-19.)

Vila answered DD's counterclaim. (Dkt. No 23.)  His answer does not allege any affirmative defense based on 17 U.S.C. §113, nor that he used the photograph in

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

which he claims copyright in any advertisement or commentary related to any DD product, or in connection with any news report. (Id.) His discovery responses likewise identify no licensee who used the photograph, and they disclosed no use of Plaintiff's photograph in advertisement or commentary related to any DD product, or in connection with any news report. (Lee Decl. ¶ 4; Ex. 2.) In fact, his discovery responses did not identify any license or licensee at all. (Id.) Fact discovery in this action closed on September 19, 2022. (Dkt. No. 25 at 24.)

Vila previously moved to dismiss DD's counterclaim pursuant to Fed. R. Civ. Proc. 12(c). (Dkt. No. 30.) This Court denied that motion on the grounds that, inter alia, DD's counterclaims raised issues of fact not properly resolvable on a motion for judgment on the pleadings. (Dkt. No. 39.)

Vila first moved for summary judgment on October 3, 2022, and he filed his present motion for summary judgment on October 19, 2022, using some of the same arguments this Court rejected when denying his previous motion for judgment on the pleadings. (Dkt. Nos. 40, 46.) The present motion makes one new argument based on 17 U.S.C. §113 that was not raised in any affirmative defense in his answer or any previous pleading or motion, and he attempts to support that argument with "evidence" he did not disclose or produce before the discovery cut-off. (Dkt. No. 46 and 46-3 at ¶¶ 16, 27; Lee Decl. ¶¶ 3-4, Ex. 2.) Vila's motion for summary judgment should be denied for the reasons described below.

III.   **SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir.2011). "Material facts" are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir.2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id*. at 324, 106 S. Ct. 2548 (quoting Fed. R. Civ. P. 56(c), (e)); see also *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir.2010) (*en banc* ) ("Rule 56 requires the parties to set out facts they will be able to prove at trial."). "[T]he inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

In sum, Vila can obtain summary judgment only if undisputed, admissible evidence shows that no reasonable jury could return a verdict for DD on its affirmative defenses and counterclaims, with all inferences from the facts viewed in the light most favorable to DD.  Vila's motion does not do so here as shown below.

## IV.   VILA'S ARGUMENT THAT HIS  IMAGE IS NOT DERIVATIVE OF DD's IMAGE AS A MATTER OF LAW MUST BE REJECTED.

Vila's argument that his photograph containing DD's copyrighted visual art is not a "derivative work" as a matter of law (Dkt. No 46 at 19-22) lacks merit for several reasons.

First, Vila's motion rehashes legal arguments this Court already rejected, without identifying any new evidence to support them. This Court previously denied Vila's earlier motion for judgment on the pleadings on the derivative work issue

because "Vila fails to show that his Photograph is not a derivative work *as a matter of law*. Accordingly, the question of whether the Photograph is a derivative work still requires the Court to determine whether the Photograph recasts, transforms, or adapts the Artwork. This is a question of fact to be established on summary judgment or determined at trial…" *Vila v. Deadly Doll, Inc.*, 2022 WL 3636331, *2 (C.D. Cal. August 23, 2022) (emphasis in original).

Vila's present motion relies on the same "evidence" he cited in his earlier motion for judgment on the pleadings, namely the images of his and DD's copyrighted works. (Dkt. No. 46 at 23.)  This Court already ruled that evidence did not establish that Plaintiff's photograph is not a derivative of DD's "Pin-up" girl as a matter of law when it denied Vila's previous "derivative work" motion as described above, and it should do so again here. Vila's failure to introduce additional evidence to support his argument that his image is not a derivative work is fatal to this argument.

Second, Vila's motion does not dispute that his photograph incorporates virtually all of DD's underlying copyrighted "Pin-up" girl image, which it obviously does.  (Stark Decl. ¶¶ 6-8.)  This at least creates an issue of fact whether his photograph qualifies as a derivative work under the Copyright Act under relevant law.  "A 'derivative work' is a work based upon one or more preexisting works…such as a[n] …art reproduction…or any other form in which a work may be recast, transformed or adapted." 17 U.S.C. §101(definition of "derivative work"). Including preexisting art in or as an element of a subsequent work can make the subsequent work a derivative of the original under that definition. See 17 U.S.C. §101(definition of "derivative work"); *Gaylord v. U.S.*, 777 F.3d 1363, 1370 (Fed. Cir. 2015) (discussing "derivative works" incorporating artwork in t-shirts); *United Feature Syndicate, Inc. v. Koons*, 817 F. Supp. 370, 382 (S.D.N.Y. 1993) (artist licensed artwork for use in "T-shirts, calendars and other derivative works"). Here, Vila admits and the evidence shows that he reproduced and incorporated DD's

copyrighted "Pin-up" girl image into Vila's photograph while combining it with other content (Vila Decl. ¶13-14, Dkt. No 46-3 at 2, and Stark Decl. ¶7), conduct that satisfies the legal definition of derivative work, and thus conduct that a reasonable jury could find demonstrates that Vila's photograph is a derivative work. Vila's motion must be denied for this additional reason.

Third, whether Vila incorporated enough of DD's "Pin-up" girl image to qualify as a derivative work is a question of fact that should not be resolved on this motion. *See Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc.*, 55 F. Supp. 2d 1113, 1122 (D. Nev. 1999). *Tiffany* held that plaintiff's scanning of preexisting photographs to remove images from them to incorporate into plaintiff's own subsequent photographs was copyright infringement as a matter of law. However, it declined to also grant summary judgment that plaintiff's subsequent photographs were infringing derivative works, because "whether Defendant used a sufficient amount of recognizable elements from the 1998 Image to constitute …an infringing derivative work… is a question of fact that should be decided during trial." *Id*. DD believes Vila's copying of virtually the entirety of the DD's copyrighted "Pin-up" girl image in Vila's picture strongly favors a finding that Vila's photograph is a derivative work under the statute as described above, and these facts at least create a material factual dispute that precludes summary judgment on this issue.

Fourth, Vila's citation to *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1078 (9th Cir. 2000) (Dkt. No. 46 at 20-21) does not support his motion, and in fact supports DD's "unauthorized derivative work" affirmative defense and counterclaim. *ETS-Hokin* held that the photograph it considered was not a derivative work, but only because the underlying "work" the photograph at issue included was an uncopyrightable utilitarian object, namely, a vodka bottle. *Id*. Even under *ETS-Hokin*, a photograph is derivative if the "preexisting work… is copyrightable[.]" *ETS-Hokin v. Skyy Spirits, Inc.*, 225 F. 3d at 1078.

Here, DD's preexisting work, namely DD's image of a cartoon-style "Pin-up"

girl, is both copyrightable and copyrighted, and Vila's photograph incorporated virtually all of it in his photograph. (Stark Decl. ¶¶ 5-7.) DD's registration constitutes prima facie evidence that DD's "Pin-up" girl image is copyrightable, as Vila's motion indirectly acknowledges in connection with his copyright registration. (Dkt. No. 46 at 15.) Such original visual art easily qualifies as "a preexisting work that is copyrightable," and therefore makes the photograph a derivative under *ETS-Hokin v. Skyy Spirits, Inc.*, 225 F. 3d at 1078; see also, 17 U.S.C. §101 (definition of "graphic works" includes "art reproduction").

The fact that the image is affixed to DD's clothing does not affect its copyrightability. Visual art is conceptually separable from a "useful article" such as women's clothing to which it may be affixed, and copyright law has long protected conceptually separable visual art affixed to useful articles.  *See* 17 U.S.C. § 101 (definition of ""pictorial and graphic works" includes conceptually separate artistic elements on useful articles); *Star Athletica, L.L.C. V. Varsity Brands, Inc.*, --U.S.--, 137 S. Ct. 1002, 1008 (2017) ("a "pictorial, graphic, or sculptural featur[e]" incorporated into the "design of a useful article" is eligible for copyright protection if it "(1) 'can be identified separately from,' and (2) is 'capable of existing independently of, the utilitarian aspects of the article'"), 137 S. Ct. at 110, quoting 17 U.S.C. §101(definition of "Pictorial, graphic and sculptural works"); *Leicester v. Warner Bros.*, 232 F.3d 1212, 1219 (9th Cir.2000) (courts have traditionally afforded copyright protection to pictorial, graphic and sculptural works incorporated within a useful article); *Mirage Editions, Inc. v. Albuquerque A.R.T. Co.*, 856 F.2d 1341 (9th Cir.1988), *cert. denied*, 489 U.S. 1018 (1989) (affixing an artistic image onto a ceramic tile created a derivative work despite the utilitarian nature of the ceramic tiles).

Since Vila's photograph incorporated DD's conceptually separable, copyrightable and copyrighted "Pin-up" Girl image, a reasonable jury could find that Vila's photograph qualifies as a derivative work under *Ets-Hokin v. Skyy*

*Spirits, Inc*. and other authorities.   *See Michael Grecco Productions, Inc. v. Livingly Media, Inc.*, 2021 WL 2546749, *5 (C.D. Cal. April 16, 2021) ("the Court agrees the Photographs are derivative [under *ETS-Hokin*] because they are based on copyrighted work-the underlying television show[,]" but finds they were not infringing because authorized by a license); *Mackie v. Hippie*, 2010 WL 11561847, *3 (W.D. Wash. March 22, 2020) ("It is possible that defendant's photograph, which is taken from a particular angle and adds additional elements to the [preexisting photographed] sculpture, could be termed a derivative"[;] motion to dismiss on the ground the photograph not a derivative denied).

Indeed, the only circumstance in which a photograph of a preexisting copyrightable work may not qualify as a derivative is when the photograph itself does not contain enough new original expression to qualify for copyright protection because it does not vary "enough from the underlying work to enable the photograph to be distinguished from [the underlying] work…" *Schrock v. Learning Curve Intern. Inc.*, 586 F. 3d 513, 521-11 (7th Cir. 2009).  Here, Vila's copyright registration creates a presumption of originality regarding his photograph, while Vila's copyright infringement arguments judicially estop him from denying his photograph is sufficiently original to qualify for copyright protection. Further, as comparison of DD's underlying image and Vila's photograph demonstrates, Vila's photograph "recasts, transforms and adapts" DD's original image by photographing it from a different angle than the original and adding other content to DD's underlying copyrightable work,  including an image of Irena Shayk wearing clothing to which the image is affixed, a street scene, and other elements.  (Stark Decl.  ¶¶7-8.)  A reasonable jury could find Vila's photograph derivative of DD's underlying image based on this evidence, and thus this "is a question of fact that should be decided during trial." *Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc.*, 55 F. Supp. 2d at 1122  (denying summary judgment on derivative work issue).

And, since Vila's use of DD's "Pin-up" girl image in his photograph was

9

unauthorized, (Stark Decl. ¶ 8), a jury could also find it infringes DD's copyright and is not eligible for independent copyright protection under the law of the Ninth Circuit and several other circuits. "[P]rotection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully[,]" 17 U.S.C. §103(a), and thus once does not have an automatic right to incorporate others' copyrighted works to create a new one, and can infringe underlying copyrights and obtain no copyright protection in the derivative if incorporating underlying works without permission. *See DC Comics v. Towle*, 802 F.3d 1012 (9th Cir. 2015) (defendants' creation of a three-dimensional model of the "Batmobile" from the "Batman" comics were infringing and unauthorized derivative works); *TMTV Corp. v. Mass Productions, Inc.*, 645 F.3d 464 (1st Cir. 2011) (defendants liable for copyright infringement because their television program was an unauthorized derivative of Plaintiff's underlying work); *Sobhani v. @Radical.Media Inc.,* 257 F. Supp. 2d 1234, 1238 (C.D. Cal. 2003) (summary judgment for defendant granted because the original elements in plaintiff's unauthorized derivative work were not entitled to copyright protection); *Anderson  v. Stallone*, 1989 WL 206431 at *8 (C.D. Cal. April 26, 1989) (unauthorized "Rocky" screenplay an unauthorized derivative work not entitled to copyright protection.)

Vila's present motion, like his previous one, does not acknowledge or address this case law, let alone try to distinguish it. This failure implicitly acknowledges the governing nature of this authority, and demonstrates that, unable to prevail on the merits, Vila prefers to talk about something else.  Based on the evidence that Vila's use of DD's "Pin-up" girl image in his photograph was not authorized by DD, a reasonable jury could conclude that Vila's photograph is not entitled to copyright protection, and therefore that his copyright infringement claims must fail.  Vila's unauthorized incorporation into his photograph of DD's copyrighted "Pin-up" girl image at least raises issues concerning the unauthorized

derivative nature of Vila's photograph that must be resolved by a fact finder. Vila's motion for summary judgment must be denied.

**V.      THERE IS AT LEAST AN ISSUE OF FACT WHETHER VILA'S COPYRIGHT REGISTRATION IS INVALID.**

Vila's copyright application did not identify the photograph at issue as incorporating DD's "Pin-up" girl image as described above.  Dkt. No. 46-4; Stark Decl ¶¶ 5-6.)  A copyright application must include derivative work information if the work being registered incorporates a preexisting work,  because "[t]he copyright in a …derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work…"  17 U.S.C. §103(b).  Separate and apart from whether Vila's derivative photograph is unauthorized, his failure to include required derivative work information in his application violates Copyright Office regulations for visual arts and group copyright applications meant to effectuate the limitations of 17 U.S.C. §103(b) and invalidates his registration.

As clearly explained in the Copyright Office's instructions for copyright applications, authors must disclose in their application previous underlying works incorporated into the applicant's new works, and limit protection to new elements in the derivative work, to comply with those regulations and the copyright statute. See "Form VA Copyright Application" for works of visual arts, Space 6 instructions, https://www.copyright.gov/forms/formva.pdf, Copyright Office Circular on registering derivative works, https://www.copyright.gov/circs/circ14.pdf;  and Instructions for Group Registration of Photographs, which are limited to "photographs… created by the same author." See https://www.copyright.gov/circs/circ42.pdf; https://www.copyright.gov/eco/help/group/grpph.html.

Knowing factual inaccuracy in a copyright application and "willful blindness" to the legal requirements of the application can invalidate it pursuant to 17 U.S.C. §

411(b)(1) and (2). *Unicolors, Inc., v. H&M Hennes & Mauritz, L.P.*, --U.S.--, 142 S. Ct. 941, 948 (2022).[1] Vila's application is factually inaccurate in failing to disclose that DD's underlying "Pin-up" girl image is incorporated into the photograph at issue in his application, even though Vila obviously knew that he did not create that "Pin-up" girl image. Further, the clarity of the Copyright Office instructions requiring that derivative work information be disclosed supports a finding that Vila was willfully blind to the legal requirement that disclose it in the application. Courts have granted summary judgment that a copyright applicant is "willfully blind" to applicable legal requirements in such circumstances even when the applicant denied knowing of the legal requirement to disclose derivative status. *Lieb v. Korangy Publishing*, 2022 WL 1124850, *15 (E.D.N.Y. 4/14/2022) (granting summary judgment that "Plaintiff made a knowing misrepresentation to the Register of Copyrights sufficient to require that this matter be referred …to determine whether the registration would have been refused," even though the applicant stated in a declaration that he was not a lawyer and did not understand the legal requirement to identify his work as a derivative when he filed the application); *Healthestate, LLC, v. United States*, 160 Fed. Cl. 91, 93, 96-97 (Ct. Fed. Cl. 2022) (grants motion to refer questions regarding inaccuracies in copyright applications to the Register of Copyrights for an invalidity determination despite a declaration from the applicant which denied that the applications were "knowingly inaccurate.")

Application of these principles is especially appropriate here, because here Vila not only had access to the Copyright Offices' clear instructions and online access to further guidance in the Copyright Office's "Compendium of Copyright

---

[1] Neither this Court nor a jury should first rule on the registration invalidity issue, however. 17 U.S.C. § 411(b)(2) instead requires that the invalidity question be first submitted to the Register of Copyrights for an initial determination on the issue. *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d 1140 (9th Cir. 2019). In light of Vila's reliance on the photograph at issue to pursue his copyright infringement claim against DD here, DD respectfully requests that the Court refer the validity question to the Copyright Office here.

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Offices practices" accessible on the homepage of the Copyright Office's website to

complete the application at issue here, as was the case in *Lieb* and *Heatestate*, but

Vila has filed over 20 copyright infringement actions in the last several years in

New York and California. Since those copyright infringement suits could not be

filed until after a copyright registration is obtained, *AK Futures LLC v. Boyd Street*

*Distro, LLC, supra*, 35 F. 4th at 688, Vila has considerable experience filing

copyright applications, as well as easy access to copyright counsel to answer any

questions concerning copyright application filing requirements. (Lee Decl. and Ex.

1.) Only willful blindness to derivative work filing requirements can explain his

failure to include it in the application at issue.

   Vila's failure to identify the photograph at issue as a derivative work thus at

least creates a material issue of fact whether his registration is invalid. This Court

should not only deny Vila's motion regarding the allegations of his complaint on

this basis, it should refer the issue of the validity of his copyright registration to the

Register of Copyrights for determination pursuant to 17 U.S.C. § 411(b)(1) and (2).

## VI.   VILA'S ARGUMENT THAT HIS PHOTOGRAPH IS "PROTECTED" BY 17 U.S.C. § 113 AS A MATTER OF LAW SHOULD BE REJECTED.

   Although not directly addressing DD's unauthorized derivative work

affirmative defense, Vila's motion for the first time does argue that he cannot be

liable on DD's counterclaims because his photograph is "protected" by 17 U.S.C.

§113(c), and he implies that his photograph cannot be an unauthorized derivative

based on that statute. (Dkt. No. 46 at Mot. 24-25.) That argument lacks merit for

several reasons.

   First, Vila waived that defense when he did not raise it in his answer to

Deadly Doll's counterclaims or any other time before discovery was closed herein.

(Lee Decl. ¶ 3.) A "defendant waives an affirmative defense where the defendant

fails to plead that defense in its answer[,]" and he cannot move for summary

judgment based on it after discovery is closed because of the prejudice that lack of

notice causes the opposing party. *Jorst v. D'Ambrosio Bros. Inv. Co.*, 2001 WL 969039, *9 (N.D. Cal. August 13, 20010), citing *United States Postal Service v. American Postal Workers Union AFL-CIO*, 89 F. 2d 1117, 1122 (9th Cir. 1990) (denying summary judgment based on affirmative defense not raised until more than a year after suit filed, because the opposing party was prejudiced by the substantial completion of discovery without notice of the defense.) Here, fact discovery closed on September 19, 2022, while Vila did not raise the issue until he filed his first motion for summary judgment in October 2022. (Dkt. No. 25 at 24; Dkt. Nos. 40, 46.) Vila's failure to raise the defense here until after discovery was closed made it impossible for DD to conduct discovery on that defense, and thereby prejudiced DD. (Lee Decl. ¶ 3.) Vila should be barred from raising the defense in his present motion for that reason.

Second, to the extent it applies in this action, §113(c) bars Vila's copyright infringement claims against DD, not the reverse. Vila claims DD infringed his copyright in a picture of DD's clothing bearing DD's copyrighted "Pin-up" girl image posted on Instagram so that DD's clothing could be commented on by the public. (Vila Decl. ¶¶ 9-10, Dkt. No. 46-3 at 4-5; Stark Decl. ¶ 12.)  Section 113(c) provides that when a copyrighted work is lawfully reproduced in useful articles such as clothing, "copyright does not include any right to prevent the …display of pictures or photographs of such articles in connection with… commentaries related to…such articles…" DD's posting of a picture of its own clothing on Instagram is obviously intended to invite commentary on its clothing, as DD demonstrates and Vila admits, see Stark Decl. ¶ 12 and Dkt. No. 46-3 at 5, and therefore Vila's alleged "copyright" in his photograph depicting DD's "Pin-up" girl image on an article of clothing "does not include any right to prevent" DD from any "display of such… photographs of such articles" of clothing including its "Pin-up" girl image, such as Vila's photograph of such articles, to engage in such commentary under the plain language of §113(c). And, since the only use of his photograph Plaintiff

alleges DD made is its posting of the photograph on Instagram for public comment, See Dkt. No. Dkt. No. 46-3 at 4-5, applying §113(c) to DD's use would require that summary judgment be entered in DD's favor on Vila's copyright infringement claim, and that his copyright claim be dismissed with prejudice.

Third, and in contrast to DD's use, Vila's reproduction of DD's copyrighted "Pin-up" girl image included on its clothing does not qualify for the protection under §113(c) as a matter of law, because his complaint does not allege and he produced no evidence in discovery to show that his use qualifies for protection under that statute. Section 113(c) "is not intended as a general limitation on the copyright on all pictorial, graphic, and sculptural works that happen to be reproduced in useful articles." William F. Patry, 4 *Patry on Copyright*, Sect. 11:15. Thus, it does not invalidate the copyright of a work when it is affixed to a useful article, or give others the unlimited right to infringe the copyright in such works when they are affixed to useful articles by creating unauthorized derivative works or otherwise.

Instead, §113(c) only exempts from liability specific uses of such works, namely uses that involve "the making, distribution or display of pictures…in connection with advertisements or commentaries related to the distribution or display of such articles, or in connection with news reports."  17 U.S.C. §113(c). Vila's answer to DD's counterclaim does not allege and in discovery he produced no evidence to show that he used his picture of DD's "Pin-up" girl image on DD clothing "in connection with advertisements" for DD's clothing.  He did not allege and in discovery he produced no evidence to show his photograph was used "in connection with …commentaries" about DD's clothing.   He did not allege and in discovery produced no evidence to show that his image was used "in connection with news reports." Thus, Vila did not allege and in discovery did not produce evidence to show that the statute applies to his use of his picture at all, and his §113(c) defense fails as a matter of law. *See Wild v. Benchmark Pest Control, Inc.*,

15

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

2016 WL 1046925. *4 (E.D. Cal. March 16, 2016) (motion to strike 17 U.S.C. §113(c) affirmative defense granted because "Defendant has not pleaded facts to support the assertion that the use was exempted… such as whether Defendant's use was made in connection with any article or news report.")

Fourth, Plaintiff's belated attempt to produce "evidence" with his motion that he did not disclose in discovery cannot support summary judgment. His motion belatedly claims that he licensed the photograph to the "Daily Mail," a British newspaper, and he mentions "other" licenses with entities he does not identify and whose "licensed" uses he does not describe or characterize. (Vila Decl. ¶16, Dkt. No. 46-3 at 2.) That belated "evidence" does not and cannot support his motion for several reasons.

Most fundamentally, Vila did not identify any licensees of the photograph at issue in response to discovery herein as described above (Lee Decl. ¶¶ 2-4 and Ex. 2). "If a party fails to provide information" by disclosure or in discovery, "that party is not allowed to use that information to supply evidence on a motion…" Fed R. Civ. Proc. 37(c)(1). Case law affirms that a party cannot use evidence he did not disclose or produce in discovery on a motion for summary judgment. *Estate of Rodriguez v. Solis*, 2021 WL 4125870, *4 (C.D. Cal. August 12, 2021) (court refuses to consider criminal trial transcript in connection with summary judgment motion because party did not produce it in discovery or disclose it pursuant to Fed R. Civ. Proc. 26); *Lawrence v. City and Cnty. of San Francisco*, 258 F. Supp. 3d 977, 986 (N.D. Cal. 2017) (court excludes surveillance video as evidence at summary judgment stage pursuant to Rule 37(c) because defendants did not produce it during discovery). DD objects to and asks the Court to reject Vila's attempt to rely on such information. This Court should exclude and not consider it on this motion.

Further, Plaintiff's belated claim to one alleged foreign licensed use[2] and "other" unidentified uses would not support his motion for summary judgment even if that "evidence" were considered on the merits (which it should not be as described above). Section 113(c) only exempts specific uses of a copyrighted work as described above, and Vila's terse references to "other" unidentified licenses does not even attempt to claim that those "licenses" were for advertisements, or commentaries, or news reports that could be exempted under the statute. There thus remains an issue of fact whether Vila is liable for infringing uses of his photograph at issue not exempted by §113 even if his motion's untimely "evidence" is considered on the merits. His failure to identify all uses he made of the photograph at issue and the nature of such uses, in discovery and also in support of his motion claiming "protection" based on §113, makes it impossible for this Court to determine whether all of his claimed uses are "exempt" pursuant to that statute.[3] He has therefore failed to meet his burden of proof on this affirmative defense, and his motion based on §113 must be denied.

## VII.   VILA'S FAIR USE AFFIRMATIVE DEFENSE SHOULD NOT BE DECIDED ON THIS MOTION

Vila's argument that DD's declaratory relief and copyright infringement counterclaims against him must be dismissed because his copying of DD's "Pin-up" girl image is fair use as a matter of law (Dkt. No. 46 at Mot. 22-27) lacks merit for a

---

[2] Copyright law is territorial in nature, and thus only actions in the United States should be considered to determine whether U.S. copyright law has been violated. *Subafilms, Ltd. v MGM-Pathe Communications Co.* 24 F. 3d 1088, 1095 (9th Cir. 1994).  The Daily Mail and its website is based in England, see Lee Decl. ¶ 5, https://www.dailymail.co.uk/ushome/index.html, and hence a "licensed" posting of photograph at issue in England is governed by English copyright law, not U.S. copyright law, and the alleged foreign licensed use does not support a Section 113(c) exemption.

[3] And of course, even if his motion belatedly identified all licensees and provided information with which this Court could evaluate his current 113(c) "protection" defense, Vila's  untimely disclosure would have prejudiced DD by preventing it from conducting discovery to determine the credibility of that belated "evidence." This Court should not consider the belated "evidence" in the first place.

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

number of reasons.

First, Vila may not raise fair use as a "sword" to vest copyright in what DD's opposition evidence shows is an unauthorized derivative work. *Sobhani v. @Radical Media Incl.*, 257 F. Supp. 2d 1234, 1239 (C.D. Cal, 2003) (rejects plaintiff's claim of "fair use" to validate the copyright in his unauthorized derivative work because "Plaintiff seeks to use Section 107 as a 'sword' in order to vest copyright in an unauthorized derivative work…it is relatively clear that Congress did not contemplate such.")

Second, fair use should not be decided on summary judgment here because a reasonable jury could determine that Vila's use of DD's copyrighted "Pin-up" girl image was not fair, while DD's use of Vila's image on Instagram was fair on the facts present here.   Facts weighing against fair use are present that raise issues of fact regarding fair use and require denial of Vila's "fair use" motion.

17 U.S.C. §107 codified pre-exiting case law to articulate four factors courts should weigh to evaluate a fair use affirmative defense, and a jury could find those factors weigh against a fair use determination here as follows:

(1)   The "purpose and character" of Vila's use- Commercial uses tend to weigh against fair use determination more than non-profit, educational uses do, and thus this factor weighs against fair use, as Vila admits to a commercial purpose with his photograph. Dkt. No. 46-3 at 4-5. "Transformative" uses can favor fair use even when commercial in nature, but Vila's prosaic use of DD's copyrighted image was not transformative. *Hayden v. 2K Games, Inc.*, 2022 WL 4356211, *6-*7 (N.D. Ohio September 20, 2022); *Alexander v. Take-Two Interactive Software, Inc.*, 489 F. Supp. 3d 812, 821 (S.D. Ill. 2020). A jury could find that Vila's commercial use of DD's copyrighted image weighs against fair use on this evidence.

(2)   The "nature of the copyrighted work" Vila copied- DD's cartoon-like

"Pin-up" girl visual art is close to the core of protected copyright protection, and thus a reasonable jury could find that Vila's copying of it weighs against fair use. *Hayden*, 2022 WL 4356211 at * 7; *Alexander*, 489 F. Supp. 3d at 822.

(3)     The "amount and substantiality of the portion used" by Vila- Vila copied virtually the entirety of DD's "Pin-up Girl" image, which obviously is the heart of DD's copyrighted work. A jury could find that this factor also weighs against fair use. *Hayden*, 2022 WL 4356211 at *7; *Alexander*, 489 F. Supp. 3d at 822.

(4)     The effect of the use upon the potential market" for DD's copyrighted image- Vila's use of DD's "Pin-up" girl image is the type for which it would require a license (Stark Decl. ¶ 8), and thus a jury could find that Vila's unlicensed use threatens the market for licensing of DD's "Pin-up" girl image. *Hayden*, 2022 WL 4356211 at *7-*8; *Alexander*, 489 F. Supp. 3d at 822.

17 U.S.C. §107.

Third, courts have rejected fair uses defense summary judgment motions in analogous factual settings. For example, a case decided since this Court denied Vila's "fair use" motion for judgment on the pleadings herein, *Hayden v. 2K Games, Inc.*, 2022 WL 4356211(N.D. Ohio September 20, 2022), denied a defendant's motion for summary judgment that its use of tattoos of several NBA players in an NBA 2K video game was de minimis and fair use, even though the players depicted in the game actually had the tattoos and gave permission for their use in the game. The Court held that a jury should decide whether Defendants' use of the tattoos in the game was transformative, determine the importance of the amount of the tattoos copied in relation to the entire game and the effect of the copying on the potential market for the tattoos, and the court found that the tattoos were expressive works, such that summary judgment was inappropriate. 2022 WL 4356211 at *6-*8.

Similarly, *Alexander v. Take-Two Interactive Software, Inc.*, 489 F. Supp. 3d 812 (S.D. Ill. 2020), held on summary judgment that a video game's depiction of a wrestler with tattoos in a video game infringed a tattoo artist's copyright in the tattoos he placed on the wrestler and was not a fair use as a matter of law, even though the depictions were created pursuant to a license from the wrestler. In so holding, the court held that a reasonable jury could reject the video game producers' arguments that the reproduction of the tattoo images in the video game was transformative, that the tattoos were only entitled to minimal copyright expression, that only a minor part of the original works were copied in the video game, and that the potential harm to the potential market for derivative and licensing rights weighed against fair use. 489 F. Supp. 3d at 821-23.

A jury in that case subsequently proved the trial court to be correct. At trial it rejected the fair use defense and found copyright infringement liability against the video game company and in favor of the owner of the copyright in the underlying tattoo for copying the tattoo in the game. *Alexander v. Take-Two Interactive Software, Inc.*, Case 3:18-cv-00966-SMY, Dkt. No. 298 (S.D. Ill. 09/30/22) (jury verdict of copyright infringement in favor of tattoo artist).

The impropriety of summary judgment here is even more obvious than in the *Hayden* and *Alexander* decisions discussed above, because here, in contrast to *Hayden* and *Alexander*, Vila did not have Irena Shayk's permission to take her picture wearing DD clothing bearing DD's copyrighted "Pin-up" girl image, and here Vila made a more significant use of virtually all of DD's copyrighted "Pin-up" girl image in his photograph than the brief views of tattoos of characters in the video games at issue there. Here, Vila's use of DD's "Pin-up" girl image in his photograph had a commercial purpose, as he admits, and a jury could find his literal reproduction of DD's "Pin-up" girl image on DD clothing as it is typically seen by the public is not "transformative." DD's "Pin-up" girl image is at the core of creative expression copyright law is intended to protect, as *Hayden* and *Alexander*

both affirmed. Further, Vila's unauthorized use of DD's image in his photograph was unnecessary, as he easily could have obtained a license or "blurred out" DD's "Pin-up" girl image if he did not want one, but chose not to do so. (Stark Decl ¶¶ 8-9.) And, a jury could decide Vila's unlicensed use threatens DD's market for licensing that image in photographs. Id; Hayden and Alexander, supra. A reasonable jury could find Vila's use is not "fair" and infringes DD's copyright, as Hayden recognized and the Alexander jury actually found.

A series of decisions from the Second Circuit Court of Appeals also counsel against a fair use summary judgment ruling here. *Andy Warhol Foundation for the Visual Arts, Inc., v. Goldsmith*, 992 F. 3d 99 (2d Cir. 2021), reversed summary judgment for Andy Warhol and held that his use of an underlying copyrighted image to create 15 different images of "Prince" was not be a fair use as a matter of law, because the images Warhol created were used for commercial and non-transformative purposes, because he took a substantial part of the underlying work, and other factors weighed against a fair use determination. The Supreme Court later accepted certiorari regarding the Second Circuit's decision, *Andy Warhol Foundation for the Visual Arts, Inc., v. Goldsmith*, --U.S.--, 142 S. Ct. 1412 (2022), further underscoring the need for caution in granting summary judgment for any party on fair use grounds.

*Ringgold v. Black Entertainment Television, Inc.*, 126 F. 3d 70 (2d Cir. 1997), reversed a trial court's fair use determination, and held that a television program's use of plaintiff's visual art in the background of a few scenes totaling less than 30 seconds of a 30-minute television program was fair use because there were triable issues of fact on the relevant fair use factors.

*Rogers v. Koons*, 960 F. 2d 301 (2d Cir. 1992), rejected postmodern artist Jeff Koons' argument that the three-dimensional sculpture he created called "String of Puppies" did not infringe a photograph of puppies he used to create the sculpture because his use was a fair use, affirming a trial judge's ruling that none of the fair

use factors favored a holding of fair use.

Taken together, all of the above decisions show that a reasonable jury could find that Vila's use of DD's copyrighted "Pin-up" girl image in his photograph was not fair. When someone includes others' copyrighted content in a work they create, the derivative creator's copyright is not the only one that matters. Just as a video game company's, or Andy Warhol's, or Jeff Koons' desire to use others' underlying copyrighted works to create their own does not make those uses "fair" as a matter of law, Vila's desire to shoot a paparazzi photo of a celebrity does not exempt him from the need to respect others' copyrighted works. Summary judgment should be denied.

**VIII.   <u>CONCLUSION</u>**

Vila's motion should be denied for all the reasons described above.

.Dated:  November 7, 2022                    RIMON, P.C.

                                         By:  _____/s/*Mark S. Lee*_____
                                               Mark S. Lee

                                               Attorneys for Defendant
                                               DEADLY DOLL, INC.

DEADLY DOLL, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT