Craig B. Sanders, Esq. (Cal Bar 284397)
csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600
Facsimile: (516) 282-7878

*Attorneys for Plaintiff and Counterclaim Defendant, Carlos Vila*

SLG SANDERS · LAW GROUP ·

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS VILA,<br><br>Plaintiff,<br><br>vs.<br><br>DEADLY DOLL, INC.,<br><br>Defendant.<br>---------------------------------------------<br><br>DEADLY DOLL, INC.,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>CARLOS VILA,<br><br>Counterclaim Defendant. | Case No. 2:21-cv-05837-ODW-MRW<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Otis D. Wright, II<br><br>Action Filed: July 20, 2021<br>Discovery Cutoff: Sept. 19, 2022<br>Pretrial Conf. Dt: Dec. 28, 2022<br>Trial Date: January 17, 2023<br><br>Hearing**:** November 28, 2022<br>Time**:** 1:30 p.m.<br>Courtroom**:** 350 West 1st Street<br>Los Angeles, CA. 90012<br>Courtroom 5D |

SLG SANDERS · LAW GROUP ·

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................ii
MEORANDUM OF POINTS AND AUTHORITIES ....................1
I. INTRODUCTION ....................1
II. ARGUMENT ....................2
A. SECTION 113 APPLIES ....................2
B. THERE HAS BEEN NO DISCOVERY VIOLATION ....................6
C. THE DECISION IN *ETS-HOKIN* SUPPORTS PLAINTIFF, NOT DEFENDANT ....................8
D. PLAINTIFF'S FAIR USE DEFENSE CAN BE DECIDED ON THE INSTANT MOTION ....................12
CONCLUSION ....................12

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Stallone*,
1989 WL 206431 (C.D. Cal. April 26, 1989)....................9

*Campbell v. Acuff–Rose Music, Inc.*,
510 U.S. 569, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994)....................3

*DC Comics v. Towle*,
802 F.3d 1012 (9th Cir. 2015)....................9

*Ets-Hokin v. Skyy Spirits, Inc.*,
225 F.3d 1068 (9th Cir. 2000)....................6, 7

*Gaylord v. U.S.*,
777 F.3d 1363 (Fed. Cir. 2015)....................8

*Leadsinger, Inc. v. BMG Music Pub.*,
512 F.3d 522 (9th Cir. 2008)....................10

*Major v. Sony Music Entertainment, Inc.*,
No. 92-2826 PKL, 1992 WL 210115 (S.D.N.Y. August 17, 1992)....................9

*Mattel, Inc. v. Walking Mountain Prods.*,
353 F.3d 792 (9th Cir. 2003)....................3

*Mycoskie, LLC v. Ebuys, Inc.*,
293 F. Supp. 3d 1076 (C.D. Cal. 2017)....................5

*S&L Vitamins, Inc. v. Australian Gold, Inc.*,
521 F. Supp. 2d 188 (E.D.N.Y. 2007)....................3

*Sobhani v. @Radical.Media Inc.*,
257 F. Supp. 2d 1234 (C.D. Cal. 2003)....................9

*TMTV Corp. v. Mass Productions, Inc.*,
645 F.3d 464 (1st Cir. 2011)....................9

*United Feature Syndicate, Inc. v. Koons*,
817 F. Supp. 370 (S.D.N.Y. 1993)....................8

*United States v. Ross*,
372 F.3d 1097 (9th Cir. 2004), on reh'g in part, 138 F. App'x 902 (9th Cir. 2005)....................4

*Wild v. Benchmark Pest Control, Inc.*,
No. 1:15-CV-01876- JLT, 2016 WL 1046925 (E.D. Cal. Mar. 16, 2016)....................2

SLG SANDERS · LAW GROUP ·

**Statutes**

17 U.S.C.
§ 107 .......... 3
§ 113 .......... 1, 2, 3
§ 113(c) .......... 2, 4

**Rules**

Fed. R. Civ. Pro.
37(a) .......... 5

SLG SANDERS · LAW GROUP ·

Case: 2:21-cv-05837-ODW-MRW iii
PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

SLG SANDERS · LAW GROUP ·

## MEORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant's opposition to Plaintiff's motion for summary judgment is unavailing because, when stripped of its gratuitous colloquy and invective rhetoric, the Court will see that the argument is devoid of factual or legal support.

Defendant's opposition is essentially threefold. First, Defendant argues that Plaintiff's Photograph is an unauthorized derivative work and, therefore, its Copyright registration is invalid. Second, Defendant argues that Plaintiff purportedly waived his right to claim that any depiction of Defendant's "Pin-Up Girl" image is protected by 17 U.S.C. § 113. Third, and attendantly, Defendant argues that Plaintiff should be precluded from relying on the licensing agreement identified in the moving brief, insofar as Plaintiff purportedly failed to identify same in discovery.

Defendant's first and second arguments, which are interrelated, should be rejected because they rely on an erroneous interpretation of § 113. As to the first point, Defendant's argument ignores the fact that it lost any right to assert such a claim when it affixed its "Pin-Up Girl" image to a useful article—a pair of pants—and offered those pants for sale to the public. As to the second point, Defendant's argument ignores the fact that § 113 is not an affirmative defense to be pled but, rather, is a limitation on copyright.

Defendant's third argument fares no better, insofar as Plaintiff did not fail to disclose any prior licensing agreements in discovery. Instead, Plaintiff's responses expressly indicated that he would produce such proprietary and confidential information subject to the entry of an appropriate confidentiality Order. Defendant took no action to procure such an Order and did not otherwise object to Plaintiff's response. As a result, it should not be heard to advance such a complaint now.

Case: 2:21-cv-05837-ODW-MRW 1

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Even if Defendant's argument had any merit, which it does not, Plaintiff's purported failure to disclose the identity of any specific licensees would have no bearing on the argument advanced by Defendant, insofar as such disclosure merely is offered to confirm the unrebutted testimony that Plaintiff licenses his photographs to gossip and celebrity news media outlets; a fact otherwise known by Defendant and not subject to their criticism.

## II. ARGUMENT

The Court should find Defendant's opposition to Plaintiff's motion to be unavailing for a variety of reasons, but the most significant of which is that Defendant's argument fails to apprehend the significance of the fact that the "Pin-Up Girl" image in which it claims to hold a copyright was affixed to a useful article—a pair of pants (or, an entire line of clothing featuring such image).

### A. SECTION 113 APPLIES

The gravamen of Defendant's opposition alleges that Plaintiff cannot invoke the protections of 17 U.S.C. § 113(c) and, therefore, Plaintiff's motion should be denied. Defendant bases this argument on the contention that § 113 is purportedly an affirmative defense which Plaintiff did not raise, and the Court should not consider such argument as to do so would prejudice Defendant.

To support its argument, Defendant relies on the decision in *Wild v. Benchmark Pest Control, Inc.*, No. 1:15-CV-01876- JLT, 2016 WL 1046925 (E.D. Cal. Mar. 16, 2016) as the singular authority for its contention that § 113 is purportedly an affirmative defense which Plaintiff was required to raise, if at all, in his Answer to Defendant's counterclaims. Defendant's reliance on *Wild* is unavailing. While "[t]here s very little case law interpreting Section 113(c) (*S&L Vitamins, Inc. v. Australian Gold, Inc.*, 521 F. Supp. 2d 188, 212 (E.D.N.Y. 2007), research shows that *Wild* is the *only* case to have treated § 113 as being an affirmative

SLG SANDERS · LAW GROUP ·

defense, and it appears to have done so only because Benchmark chose to plead it as such.

Plaintiff respectfully submits that the Court decline Defendant's invitation to follow *Wild* and, instead, find that § 113(c) is a limitation on copyright, rather than an affirmative defense. Indeed, the language of § 113(c) is plain on its face and provides that:

> "[in] the case of a work lawfully reproduced in useful articles that have been offered for sale or other distribution to the public, copyright does not include any right to prevent the making, distribution, or display of pictures or photographs of such articles in connection with advertisements or commentaries related to the distribution or display of such articles, or in connection with news reports."

17 U.S.C.A. § 113 (West)

In order for Plaintiff's § 113 argument to be considered an affirmative defense, Plaintiff would have needed to admit that his Photograph was an unauthorized derivative work, which he does not. Instead, Plaintiff simply denies Defendant's factual allegation. Accordingly, Defendant's argument must be rejected. See, e.g., *Kneizys v. Fed. Deposit Ins. Corp.*, No. C20-1402RSL, 2022 WL 833669, at *3 (W.D. Wash. Mar. 21, 2022) (the existence of a warranty is an element of plaintiff's claim, and the FDIC is simply denying plaintiff's factual allegation. An affirmative defense, on the other hand, would admit the existence of a warranty and its breach, but allege the existence of other facts that avoid or negate liability). This distinguishes an argument based on § 113(c) from, for example, the fair use defense under 17 U.S.C. § 107 (*Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 800 (9th Cir. 2003)) for which the burden of proof falls on the party asserting that their

SLG SANDERS · LAW GROUP ·

usage was fair. *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 590, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994). In order to assert a fair use defense, the moving party must admit that they used the image and did so without license – thereby admitting the essential elements of a claim of copyright infringement – but asserting an affirmative defense that their usage was allowed under the law. Similarly, one could not argue self-defense while also claiming not to have committed the assault which forms their self-defense claim. Here, Plaintiff has at all times disclaimed infringing on Defendant's copyright through the creation of his image.

As to the second point, the Court should reject Defendant's contention that it has somehow been prejudiced by virtue of the fact that Plaintiff did not raise § 113(c) as an affirmative defense. As was set forth above, Plaintiff was not required to assert the protections afforded him under § 113(c) as an affirmative defense, insofar as Plaintiff would have been required to admit that his Photograph was an unauthorized derivative work, which he does not. Notwithstanding the foregoing, Defendant has failed to articulate, sufficiently or otherwise, the prejudice that it purports to suffer. More specifically, the Declaration of Jesse Jo Stark filed in opposition to Plaintiff's motion (*Dkt. No.* 49-4) is completely silent on this point. Further, the Declaration of Mark S. Lee merely states "[i]f Plaintiff had given us notice that it was going to assert a defense pursuant to 17 U.S.C. §113 during the discovery period, DD would have conducted discovery on the factual issues raised by that defense." *Dkt. No.* 491- at ¶ 3. This is insufficient insofar as Defendant has failed to state what essential facts would have been adduced in such discovery and, therefore, has failed to demonstrate why it is prevented from mounting a defense. *See, e.g., United States v. Ross*, 372 F.3d 1097, 1113 (9th Cir. 2004), on reh'g in part, 138 F. App'x 902 (9th Cir. 2005).

SG SANDERS · LAW GROUP ·

In this regard it should be noted that at all times Defendant was statutorily prevented from claiming ownership of Plaintiff's photograph. 17 U.S.C. §113(c). Further to this point, it is relevant to note that Defendant did not notice a deposition of Plaintiff, although it could have. Defendant should not be able to ask the Court to relieve it of a litigation strategy it chose, merely because it now finds those choices to have been short-sighted.

In light of the foregoing, the Court should reject Defendant's argument that Plaintiff was required to raise § 113(c) as an affirmative defense. The Court should further reject Defendant's argument that it will be prejudiced if the Court were to consider such legal tenet at this time, insofar as Defendant has failed to state the prejudice it will purportedly suffer with any degree of particularity if the Court considers such argument. Even if the Court were to agree with Defendant that such argument is an affirmative defense, the Court should find that Plaintiff is not estopped from arguing that § 113(c) applies to this case on the instant motion because the Ninth Circuit has held that in the absence of a showing of prejudice, an affirmative defense may be raised for the first time at summary judgment. *See Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984).

Further to this point, Vila's declaration filed in support of his motion for summary judgment avers that he is a photojournalist whose focus is on photographing celebrities, models, and other persons with whom the public-at-large is interested, which photographs Plaintiff licenses to online and print news publications, especially those which feature celebrity news and gossip.[1] *Dkt. No.* 46-3 at ¶ 3.

[1] A "photojournalist" is defined as "a photographer who creates news articles using mainly photographs" (https://dictionary.cambridge.org/us/dictionary/english/photojournalist)

SANDERS LAW GROUP

**B. <u>There Has Been No Discovery Violation</u>**

As a companion point to the above, Defendant next argues that the Court should not consider any evidence offered by Plaintiff with respect to licensure of the Photograph as a sanction under Fed. R. Civ. Pro. 37(a), on the grounds that Plaintiff purportedly failed to identify any such licenses in discovery. In support, Defendant argues that it "asked Plaintiff to identify licensees in discovery for other reasons, but Plaintiff did not identify any licensees of the photograph which he claimed [Defendant] infringed in those discovery responses, nor did he describe what kind of uses were made by any licensee in those discovery responses." *Dkt. No.* 49-1 at ¶ 2 (citing *Dkt. No.* 49-3 at ¶ 2). This argument is a canard.

Plaintiff did not fail to respond to this Interrogatory as Defendant contends. Indeed, as the Court can see from the response cited, Plaintiff objected to the subject Interrogatory on the grounds that it called for the disclosure of proprietary and/or sensitive business data. *Dkt. No.* 49-3 at ¶ 2. Notwithstanding the foregoing objection, Plaintiff responded by saying that he would answer the subject Interrogatory upon the entry of an appropriate Protective Order. *Id.* Defendant did not proffer any proposed Protective Order to Plaintiff and did not seek any such Order from the Court. As a result, Defendant's argument should be rejected.

"Under Federal Rule of Civil Procedure 37(c), if a party fails to provide information in their disclosures or in response to requests for production, that party is not allowed to use that information to supply evidence on a motion, unless the failure was substantially justified or is harmless." *Mycoskie, LLC v. Ebuys, Inc.*, 293 F. Supp. 3d 1076, 1081 (C.D. Cal. 2017). In light of this well-settled precedent, it is respectfully submitted the Court should find that one or both of the exceptions applies here.

SLG SANDERS · LAW GROUP ·

As to the first exception, the Court should find that Plaintiff's alleged "failure" was substantially justified, insofar as Plaintiff did not flatly refuse to respond to the subject Interrogatory. Instead, Plaintiff stated a relevant objection—that the Interrogatory called for the disclosure of confidential, proprietary and/or sensitive business information—but nonetheless agreed to answer subject to the entry of an appropriate Protective Order. Insofar as Defendant did not seek the entry of any Protective Order, it should not be heard to now complain that Plaintiff did not respond. Stated otherwise, it was Defendant's inaction that left it with no response to Interrogatory No. 2, and it would be unjust to shift responsibility for Defendant's inaction to Plaintiff.

As to the second exception, the Court could find that Plaintiff's alleged "failure" to respond to Interrogatory No. 2 was harmless, for a variety of reasons. By way of example, Defendant does not dispute that Plaintiff authored the Photograph. *Dkt. No.* 50 (Defendant's responses to Plaintiff's Rule 56-1 Statement of Facts) at ¶¶ 9-11. Defendant also does not dispute that the Photograph was posted to Defendant's Instagram account by Defendant's president, Jesse Jo Stark, and that Plaintiff did not grant Defendant a license or other permission to use the Photograph. *Id.* at ¶¶ 17-30. Further, it is not disputed that Plaintiff authored the Photograph on February 7, 2020 (*Id.* at ¶ 9). To the extent that there is any merit to Defendant's argument, it is not disputed that Defendant did not obtain the Photograph from Plaintiff. In other words, Defendant copied the Photograph from a source other than Plaintiff. Insofar as any approved publication of the Photograph would have given credit to Plaintiff as the author, and the only sources of the Photograph were news outlets, Defendant had actual or constructive notice of Plaintiff's licensure of same.



SLG SANDERS · LAW GROUP ·

## C. THE DECISION IN *ETS-HOKIN* SUPPORTS PLAINTIFF, NOT DEFENDANT

In the next prong of its opposition, Defendant argues that the decision in *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1078 (9th Cir. 2000), relied upon by Plaintiff, purportedly supports Defendant's counterclaims. It does not.[2]

As was set forth more fully in Plaintiff's moving brief, in *Ets-Hokin*, Skyy Spirits ("*Skyy*") hired a professional photographer (Ets-Hokin) to create "product shots," of the Skyy vodka bottle. Ets-Hokin created the desired product shots and registered them for copyright protection. Skyy later claimed that Ets-Hokin's photographs were unsatisfactory and sought to hire other photographers to create its desired product shots. When those efforts failed, Skyy wound up using Ets-Hokin's photographs in promotional advertisements. When Ets-Hokin discovered Skyy's use of his photographs, he sued for copyright infringement. Skyy objected to Ets-Hokin's claims, as Defendant does here, by contenting that Ets–Hokin's photographs were derivative works and, therefore, not subject to copyright protection.

In order to understand the import of the Ninth Circuit's decision in *Ets-Hokin* to the facts of this case, a brief discussion of the District Court's decision is warranted. In the District Court, Skyy argued that Ets-Hokin failed to meet the first element of a copyright infringement claim, *to wit,* that Ets-Hokin held a valid copyright interest in the photographs he authored. Skyy argued that the pictures authored by Ets-Hokin were not copyrightable because they were based on a preexisting work, *to wit,* Skyy's vodka bottle and, therefore, the pictures authored by Ets-Hokin were unauthorized derivative works.

---

[2] Defendant similarly argues that an application of § 113(c) would favor it, rather than Plaintiff. Defendant's argument in this regard is duplicitous because, by Defendant's own argument, it would have been required to plead § 113(c) as an affirmative defense, but, it did not. As this is a corollary point, however, it will not be further discussed.

The District Court agreed with Skyy, stating that "[c]learly a photograph of defendants' bottle (the preexisting work) is a "form in which [the original] work [the bottle] may be recast, transformed or adapted." *Id*. The photographs fall within the statutory definition of derivative works. *Ets-Hokin*, 1998 WL 690856, at *3. As such, the District Court held that it was incumbent upon Ets-Hokin to establish the validity of his copyright in the photographs by showing that: "(1) the 'original aspects of [the] derivative work [are] more than trivial,' and 2) 'the original aspects of [the] derivative work ... reflect the degree to which it relies on preexisting material and [do] not in any way affect the scope of any copyright protection in that preexisting material'."

While the District Court agreed with Skyy, the Ninth Circuit did not. More specifically, while the Ninth Circuit recognized that "a derivative work must be based on a preexisting work that is copyrightable," it disagreed with the fundamental tenet relied upon by the District Court, *to* wit, that the Skyy vodka bottle was a "pre-existing work" for purposes of the Copyright Act. In finding that it was not, the Ninth Circuit held that "the Skyy vodka bottle is a utilitarian object that is not protected by copyright." *Ets-Hokin*, 226 F.3d. at 1078. As a result, the Ninth Circuit held that "because Ets–Hokin's product shots are based on the bottle as a whole, not on the label … we hold that the bottle does not qualify as a "preexisting work" within the meaning of the Copyright Act. As such, the photos Ets–Hokin took of the bottle cannot be derivative works." *Id.* at 1081.

Applying that reasoning to the case-at-bar, Defendant's argument must fail. That is because Defendant's argument focuses on the contention that Plaintiff's Photograph features the "Pin-Up Girl" image, but is dismissive of the fact that Defendant affixed that image to a clothing line—on pants—which were marketed to the public. Insofar as pants are a useful article, Defendant's argument that a

SLG SANDERS · LAW GROUP ·

SLG SANDERS · LAW GROUP ·

photograph of the pants infringes any copyright it holds in the "Pin-Up Girl" image. In other words, Defendant here is Skyy, and is chargeable with infringement by appropriating a photograph that it did not own, under an erroneous claim of right. While Defendant may have a copyright interest in the "Pin-Up Girl" image, by statute it cannot hold any copyright interest in the pants to which it affixed such image. Nor could it use the presence of the "Pin-Up Girl" in Plaintiff's photograph as a justification to copy and display Plaintiff's Photograph. To hold otherwise would be anathematic to the maxims of copyright and ignore the prohibitions established by 17 U.S.C. §113(c).

To this end, Defendant's reliance on *Gaylord v. U.S.*, 777 F.3d 1363, 1370 (Fed. Cir. 2015) and *United Feature Syndicate, Inc. v. Koons*, 817 F. Supp. 370, 382 (S.D.N.Y. 1993) is misplaced. Defendant cites *Gaylord* because it purportedly discussed "derivative works" in the context of "incorporating artwork in t-shirts." *Dkt. No.* 49 at p. 6. Defendant's reliance on *Gaylord* for this premise is curious, insofar as while the Court did mention incorporating artwork in t-shirts, the discussion was merely *dicta* to the extent that such discussion was merely an observation that Gaylord had agreed to a per-unit royalty on revenue as a part of a litigation settlement in a case involving a defendant other than the United States Postal Service. Defendant's citation to *Koons* is equally curious, to the extent that it involved a claim alleging that a sculpture based upon an existing work violated copyright.

Defendant's argument that Plaintiff's Photograph "prominently displayed DD's copyrighted 'Pin-up' girl image" should also be rejected. As the Court can see, the Photograph annexed to the Complaint (*Dkt. No.* 1-1) presents a printable image which is 6 inches wide and 8.5 inches long, equating to an area of 51 square inches. Defendant's 'Pin-up' girl image appears on one leg of the pants worn by

Ms. Shayk, in a rectangle measuring 1 inch by 1.5 inches, for a total of 1.5 square inches. In other words, the Pin-up' girl image occupies approximately less than three percent (actually, 2.9%) of the Photograph authored by Plaintiff. This calculation will not change regardless of whether the original image was larger or smaller, because the ratio will remain constant. Therefore, it is simply risible for Defendant to claim that the Photograph "prominently" features the "skele merch" when the Pin-up' girl image occupies approximately less than three percent of the Photograph.

Defendant's reliance on the decisions in *DC Comics v. Towle*, 802 F.3d 1012 (9th Cir. 2015); *TMTV Corp. v. Mass Productions, Inc*., 645 F.3d 464 (1st Cir. 2011); *Sobhani v. @Radical.Media Inc*., 257 F. Supp. 2d 1234, 1238 (C.D. Cal. 2003); and *Anderson v. Stallone*, 1989 WL 206431 at *8 (C.D. Cal. April 26, 1989) should also be rejected. Defendant cites *DC Comics* for the premise that creation of a three-dimensional model of the "Batmobile" from the "Batman" comics were infringing and unauthorized derivative works. Defendant cites *TMTV Corp*. for the premise that a television program was an unauthorized derivative of an underlying work. Defendant cites *Anderson* for the premise that an unauthorized "Rocky" screenplay was an unauthorized derivative work not entitled to copyright protection.

None of these cases involve the authoring of a photograph which contains a useful article to which an otherwise copyrightable image was affixed. Therefore, these decisions are not persuasive for their reasoning nor is their reasoning applicable here. Instead, as was set forth more fully in Plaintiff's moving brief, Courts have found that images, such as labels or video package covers, which are themselves copyrightable, do not enjoy the same protection once they are affixed to useful articles, as Defendant's "Pin-Up Girl" image was here. See, e.g., *Signorelli v. N. Coast Brewing Co. Inc.*, No. 5:18-CV-02914-EJD, 2019 WL 2569582, at *4

SLG SANDERS · LAW GROUP ·

(N.D. Cal. June 21, 2019); *Major v. Sony Music Entertainment, Inc.*, No. 92-2826 PKL, 1992 WL 210115 (S.D.N.Y. August 17, 1992).

### D. PLAINTIFF'S FAIR USE DEFENSE CAN BE DECIDED ON THE INSTANT MOTION

In the final prong of its opposition, Defendant argues that Plaintiff's fair use defense cannot be decided on summary judgment. Defendant's argument in this regard is based almost exclusively on its erroneous contention that the Photograph is an unauthorized derivative work. For the reasons set forth above, the Court should reject this argument. Even if it does not, the Ninth Circuit has held that "a court can resolve the issue of fair use on a motion for summary judgment when no material facts are in dispute." *Leadsinger, Inc. v. BMG Music Pub*., 512 F.3d 522, 530 (9th Cir. 2008). Here, the only "material fact" claimed to be in dispute by Defendant is whether the Photograph is an unauthorized derivative work. Insofar as the case law clearly shows it is not, there is no impediment to the Court's consideration of Plaintiff's fair use defense, to the extent that such defense would even be necessary once the Court finds that the Photograph is not an unauthorized derivative work.

## CONCLUSION

For all the reasons set forth in Plaintiff's moving brief, as well as those set forth herein, it is respectfully submitted that cause exists to grant Plaintiff's motion for summary judgment in its entirety, together with any such other and further relief as this Court deems just, equitable, and proper.

DATED: November 14, 2022

**SANDERS LAW GROUP**
By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600
*Attorneys for Plaintiff and Counterclaim Defendant, Carlos Vila*

SLG SANDERS · LAW GROUP ·