Craig B. Sanders, Esq. (Cal Bar 284397)
csanders@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600
Facsimile: (516) 282-7878

*Attorneys for Plaintiff and Counterclaim
Defendant, Carlos Vila*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILA, | Case No. 2:21-cv-05837-ODW-MRW |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF ADDITIONAL FACTS PURSUANT TO LOCAL RULE 56-1** |
| vs. | |
| DEADLY DOLL, INC., | |
| Defendant. | Judge: Hon. Otis D. Wright, II |
| ----------------------------------------- | |
| DEADLY DOLL, INC., | Action Filed:      July 20, 2021<br>Discovery Cutoff: Sept. 19, 2022<br>Pretrial Conf. Dt: Dec. 28, 2022<br>Trial Date:         January 17, 2023 |
| Counterclaim Plaintiff, | |
| vs. | Hearing: November 28, 2022<br>Time: 1:30 p.m.<br>Courtroom: 350 West 1st Street |
| CARLOS VILA, | |
| Counterclaim Defendant. | Los Angeles, CA. 90012<br>Courtroom 5D |

Pursuant to Rule 56-1 of the Local Rules of the United States District Court for the Central District of California and Rule 6.f(i) of Your Honor's Case ~~m~~Management Order, Plaintiff and Counterclaim Defendant, Carlos Vila ("*Plaintiff*" or "*Vila*") submits the following Reply to the Statement of Additional Facts proffered by Defendant and Counterclaim Plaintiff Deadly Doll, Inc. (*Dkt. No.* 50).

| ADDITIONAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 37.   DD owns the copyright in its "PinUp" girl image. | Undisputed, but, irrelevant. |
| 38.   DD has obtained a copyright registration in its "Pin-up" girl image. | Undisputed, but, irrelevant. |
| 39.   Plaintiff's photograph incorporates virtually all of DD's "Pin-up" girl image. | Disputed.  Plaintiff's Photograph is of world-renowned model, Irina Shayk, who happens to be wearing a pair of pants purportedly sold by Defendant, to which Defendant affixed its "Pin-up" girl image, and the "Pin-up" girl image comprises less than three percent (3%) of the entirety of Plaintiff's Photograph. *Dkt. No.* 1-1. |
| 40.   Plaintiff's photograph combines DD's "Pin-up" girl image with other content. | Plaintiff does not dispute that his Photograph features world-renowned model, Irina Shayk, photographed while crossing a street in New York City, and that the Photograph features |

| | |
|---|---|
| | other elements, such as the white lines of the crosswalk, a taxicab, a sidewalk and buildings. *Dkt. No.* 1-1. Plaintiff disputes that the Photograph combines DD's "Pin-up" girl image with any other content, insofar as Plaintiff did not photograph DD's "Pin-up" girl image but, instead, photographed world-renowned model, Irina Shayk who was wearing a pair of pants sold by Defendant which purports to feature the "Pin-up" girl image.  Insofar as the "Pin-up" girl image was affixed to a useful article (pants) by Defendant, Plaintiff's Photograph of any individual wearing such pants in a public place is protected by 11 U.S.C. § 113(c). |
| 41.   Plaintiff never asked for, and never obtained, permission from DD to incorporate DD's "Pin-up" girl image into Plaintiff's photograph. | Plaintiff does not dispute that he never asked for, and never obtained, permission from DD to incorporate DD's "Pin-up" girl image into Plaintiff's photograph, but disputes that he was required to do so. Plaintiff did not photograph DD's "Pin-up" girl image but, instead, |

| | | |
|---|---|---|
| | | photographed world-renowned model, Irina Shayk who was wearing a pair of pants sold by Defendant which purports to feature the "Pin-up" girl image.  Insofar as the "Pin-up" girl image was affixed to a useful article (pants) by Defendant, Plaintiff's Photograph of any individual wearing such pants in a public place is protected by 11 U.S.C. § 113(c). |
| 42. | Computer technology permits people to easily "blur out" images and logos from photographs. | Undisputed, but, irrelevant. |
| 43. | Plaintiff did not "blur out" DD's "Pin-up" girl image before loading it on his website and offering to license that photograph to the public. | It is not disputed that Plaintiff did not "blur out" DD's "Pin-up" girl image from his Photograph, but, it is disputed that he was purportedly required to do so. Plaintiff did not photograph DD's "Pin-up" girl image but, instead, photographed world-renowned model, Irina Shayk who was wearing a pair of pants sold by Defendant which purports to feature the "Pin-up" girl image.  Insofar as the "Pin-up" girl image was affixed to a useful article (pants) by |

| | | Defendant, Plaintiff's Photograph of any individual wearing such pants in a public place is protected by 11 U.S.C. § 113. |
|---|---|---|
| 44. | Plaintiff offered and offers to license the photograph incorporating DD's "Pin-up" girl image for commercial purposes, | It is not disputed that Plaintiff offered and offers to license his Photograph to print and media outlets for commercial purposes, but, it is disputed that the Photograph "incorporates" DD's "Pin-up" girl image. Plaintiff did not photograph DD's "Pin-up" girl image but, instead, photographed world-renowned model, Irina Shayk who was wearing a pair of pants sold by Defendant which purports to feature the "Pin-up" girl image. Insofar as the "Pin-up" girl image was affixed to a useful article (pants) by Defendant, Plaintiff's Photograph of any individual wearing such pants in a public place is protected by 11 U.S.C. § 113. |
| 45. | DD's cartoon-style "Pin-up" girl image is highly creative. | Undisputed, but, irrelevant since Plaintiff did not photograph DD's "Pin-up" girl image but, instead, photographed world-renowned |

| | | |
|---|---|---|
| | | model, Irina Shayk who was wearing a pair of pants sold by Defendant which purports to feature the "Pin-up" girl image.  Insofar as the "Pin-up" girl image was affixed to a useful article (pants) by Defendant, Plaintiff's Photograph of any individual wearing such pants in a public place is protected by 11 U.S.C. § 113. |
| 46. | Irena Shayk gave permission to DD to post the photograph that incorporated its "Pin-up" girl image and clothing on its Instagram page. | Disputed as unsupported by any evidence in admissible form. Defendant does not dispute that the Certificate of Registration identifies Plaintiff as the sole author of the Photograph (*Dkt. No.* 50 at ¶ 34) and Defendant has not proffered any declaration from Irina Shayk to support its contention that Ms. Shayk gave Defendant permission to post the Photograph (which permission Ms. Shayk could not have given). |
| 47. | DD posted the photograph of Irina Shayk wearing clothing that incorporated its "Pin-up" girl image to elicit public comment. | It is not disputed that Defendant posted Plaintiff's Photograph to its Instagram account, but, it is disputed that Defendant did so to "elicit public comment." Defendant appended the |

| | | |
|---|---|---|
| | | Photograph with the words "goddess ♥ in skele merch, restock soon" (*Dkt. No.* 1-2). Any plain reading of the foregoing shows that Defendant was using Ms. Shayk's celebrity status to market its products, rather than to elicit comments. |
| 48. | Plaintiff's copyright application did not mention that the photograph at issue photograph included the underlying "Pin-up" girl image DD authored, in which DD obtained a copyright registration. | Disputed to the extent that Defendant did not have any copyright registration for the Pin-Up Girl Image at the time at which Plaintiff authored the Photograph. *Dkt. No.* 50 at ¶ 9 (Plaintiff authored the Photograph on February 7, 2020); *Dkt. No.* 50 at ¶ 36 (Defendant did not apply to register the "Pin-Up Girl" image until August 26, 2021). This statement is further disputed insofar as Plaintiff's Photograph is not a derivative work under 17 U.S.C. § 113. |
| 49. | Plaintiff filed about 20 copyright infringement suits before this action. | Undisputed, but, irrelevant. |

**SANDERS LAW GROUP**
*Attorneys for Plaintiff and Counterclaim*
*Defendant, Carlos Vila*

By:  */s/ Craig B. Sanders*
       Craig B. Sanders