RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 213.375.3811
Facsimile: 213.375.3811
Mark.Lee@rimonlaw.com.

Attorneys for Defendant and
Counterclaimant DEADLY DOLL, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARLOS VILA,<br><br>            Plaintiff,<br><br>      v.<br><br>DEADLY DOLL, INC.,<br><br>            Defendants. | Case No. 2:21-cv-05837-ODW-MRW<br><br>**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S  MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| DEADLY DOLL, INC.,<br><br>            Counterclaim Plaintiff,<br><br>      v.<br><br>CARLOS VILA,<br><br>            Counterclaim Defendant. | (The Hon. Otis D. Wright, II)<br><br>Complaint filed July 20, 2021<br><br>Trial Date: March 28, 2023 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................. 1

II.   THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1] ............................ 1

    A.   SUMMARY OF PLAINTIFFS' CLAIM: COPYRIGHT INFRINGEMENT
        [L.R. 16-4.1(A), (B)]. ....................................................... 1

    B.   SUMMARY OF DEFENDANT'S AFFIRMATIVE DEFENSES
        [L.R. 16-4.1 (D), (E)] ....................................................... 2

        1.   Summary of Defendant's "Unauthorized Derivative
            Work" Affirmative Defense. ................................... 2

        2.   Key Evidence Supporting Defendant's "Unauthorized
            Derivative Work" Affirmative Defense. ...................... 3

        3.   Summary of Defendant's "Fair Use" Affirmative Defense. ........ 5

        4.   Key Evidence Supporting Defendant's "Fair Use"
            Affirmative Defense. .......................................... 5

        5.   Summary of Defendant's "Registration Invalidity"
            Affirmative Defense. .......................................... 6

        6.   Key Evidence Supporting Defendant's "Registration
            Invalidity" Affirmative Defense. .............................. 7

    C.   SUMMARY OF DEFENDANT'S COUNTERCLAIMS: DECLARATORY
        RELIEF AND COPYRIGHT INFRINGEMENT [L.R. 16-4.1(A), (B)] ...... 9

        1.   Summary of Declaratory Relief Counterclaim ................... 9

        2.   Key Evidence Supporting Declaratory Relief Counterclaim ...... 9

        3.   Summary of Defendant's Copyright Infringement
            Counterclaim. ................................................ 10

        4.   Key Evidence Supporting Copyright Infringement
            Counterclaim. ................................................ 10

        5.   Summary of Plaintiff's "Fair Use" Affirmative Defense to
            Defendant's Counterclaims. ................................... 11

i

**TABLE OF CONTENTS CONT'D**

**Page**

      6.     Key Facts relevant to Plaintiff's "Fair Use" Defense.................11

   D.    ANTICIPATED LEGAL AND EVIDENTIARY ISSUES [L.R. 16-4.1(H) AND (I)] ........................................................................................13

      1.     Anticipated Evidentiary Issues [L.R. 16-4.1(h) ........................13

      2.     Anticipated Legal Issues [L.R. 16-4.1 (i)]..................................14

III.  BIFURCATION OF ISSUES .............................................................17

IV.  JURY TRIAL ....................................................................................17

V.  ATTORNEYS' FEES .........................................................................17

VI.  ABANDONMENT OF ISSUES ........................................................17

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AK Futures LLC v. Boyd Street Distro*, *LLC*,
    supra, 35 F. 4th at 688 ............................................................................. 8

*Alexander v. Take-Two Interactive Software, Inc.*,
    489 F. Supp. 3d 812 (S.D. Ill. 2020) ........................................... 12, 13

*Alexander v. Take-Two Interactive Software, Inc.*,
    Case 3:18-cv-00966-SMY, Dkt. No. 298 (S.D. Ill. 09/30/22) .......................... 13

*Anderson v. Stallone*,
    1989 WL 206431 (C.D. Cal. April 26, 1989) ...................................... 5

*DC Comics v. Towle*,
    802 F.3d 1012 (9th Cir. 2015) ..................................................... 4

*Ets-Hokin v. Skyy Spirits, Inc.*,
    225 F.3d 1068 (9th Cir. 2000) ................................................ 2, 3

*Gaylord v. U.S.*,
    777 F.3d 1363 (Fed. Cir. 2015) .................................................. 2

*Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*,
    925 F. 3d 1140 (9th Cir. 2019) .............................................. 6, 17

*Hayden v. 2K Games, Inc.*,
    2022 WL 4356211 (N.D. Ohio September 20, 2022) ............................ 12

*Healthestate, LLC, v. United States*,
    160 Fed. Cl. 91 (Ct. Fed. Cl. 2022) ......................................... 6, 8

*Jorst v. D'Ambrosio Bros. Inv. Co.*,
    2001 WL 969039 (N.D. Cal. August 13, 20010) ................................. 14

*Lawrence v. City and Cnty. of San Francisco*,
    258 F. Supp. 3d 977 (N.D. Cal. 2017) ........................................ 14

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM
OF CONTENTIONS OF FACT AND LAW**

# <u>TABLE OF AUTHORITIES CONT'D</u>

**Page(s)**

**Cases**

*Leicester v. Warner Bros.*,
   232 F.3d 1212 (9th Cir.2000) ................................................................. 2

*Lieb v. Korangy Publishing*,
   2022 WL 1124850 (E.D.N.Y. 4/14/2022) ........................................ 6, 8

*Mackie v. Hippie*,
   2010 WL 11561847 (W.D. Wash. March 22, 2020) ............................ 4

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ...................... 9

*Michael Grecco Productions, Inc. v. Livingly Media, Inc.*,
   2021 WL 2546749 (C.D. Cal. April 16, 2021) .................................... 3

*Mirage Editions, Inc. v. Albuquerque A.R.T. Co.*,
   856 F.2d 1341 (9th Cir.1988), *cert. denied,* 489 U.S. 1018 (1989) ................... 3

*Estate of Rodriguez v. Solis*,
   2021 WL 4125870 (C.D. Cal. August 12, 2021) ............................... 13

*Schrock v. Learning Curve Intern. Inc.*,
   586 F. 3d 513 (7th Cir. 2009) .............................................................. 4

*Sobhani v. @Radical.Media Inc*.,
   257 F. Supp. 2d 1234 (C.D. Cal. 2003) ......................................... 4, 11

*Star Athletica, L.L.C. V. Varsity Brands, Inc*.,
   --U.S.--, 137 S. Ct. 1002 (2017) ........................................................ 2

*Subafilms, Ltd. v MGM-Pathe Communications Co*.
   24 F. 3d 1088 (9th Cir. 1994) ............................................................ 16

*TMTV Corp. v. Mass Productions, Inc.*,
   645 F.3d 464 (1st Cir. 2011) ............................................................... 4

*Unicolors, Inc., v. H&M Hennes & Mauritz, L.P.*,
   --U.S.--, 142 S. Ct. 941 (2022) ....................................................... 6, 8

iv

# TABLE OF AUTHORITIES CONT'D

**Page(s)**

**Cases**

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
   853 F.3d 980 (9th Cir. 2017) .................................................................*passim*

*United Feature Syndicate, Inc. v. Koons*,
   817 F. Supp. 370 (S.D.N.Y. 1993) ....................................................... 2

*Walsh v. Townsquare Media, Inc.*,
   464 F. Supp. 3d 570 (S.D.N.Y. 2020) ................................................... 5

*Wild v. Benchmark Pest Control, Inc.*,
   2016 WL 1046925. (E.D. Cal. March 16, 2016) .......................... 14, 16

*Williams v. Gaye*,
   895 F.3d 1106 (9th Cir. 2018) ..................................................... 2, 10

**Statutes**

17 U.S.C. §101 ............................................................................. 2, 3

17 U.S.C. §103(a) .............................................................................. 4

17 U.S.C. §103(b) .............................................................................. 7

17 U.S.C. § 107 ..................................................................... 5, 11, 12

17 U.S.C. §113(c) .................................................................. 14, 15, 16

17 U.S.C. § 411(b)(1)(2) .......................................................... 6, 8, 9, 17

17 U.S.C. §505 ................................................................................ 17

28 U.S.C. § 2201(a) .......................................................................... 9

Copyright Act ............................................................................. 3, 5

**Other Authorities**

Fed R. Civ. Proc. 37(c)(1) ............................................................... 13

www.dailymail.co.uk/ushome/index.html............................................. 16

## TABLE OF AUTHORITIES CONT'D

**Page(s)**

**Cases**

www.copyright.gov/circs/circ14.pdf; ...........................................................................7

www.copyright.gov/circs/circ42.pdf;
   https://www.copyright.gov/eco/help/group/grpph.html .......................................7

www.copyright.gov/forms/formva.pdf; ........................................................................7

William F. Patry, 4 *Patry on Copyright* ..................................................15

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Pursuant to Local Rule 16-4 and the Court's Scheduling Order, Defendant and Counterclaim Plaintiff, Deadly Doll, Inc. ("Defendant" or "DD") respectfully submits the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties as regards to the trial scheduled to commence on March 28, 2023.

## I.   INTRODUCTION

Plaintiff Carlos Vila is a paparazzo photographer who claims DD infringed his copyright in a photograph of Irena Shayk wearing an item of DD clothing when DD briefly posted it on DD's Instagram page with Irina Shayk's permission to elicit public comment about DD's clothing. Defendant DD denies infringing Plaintiff's photograph, because (a) Plaintiff's photograph is an unauthorized derivative work not eligible for copyright protection, (b) DD's use of the copyright was "fair" under copyright law, and  (c) Plaintiff's copyright registration is fatally defective due to its factual inaccuracy and Plaintiff's "willful blindness" to the legal consequences of that inaccuracy.

DD also counterclaims against Plaintiff for declaratory relief that Plaintiff has no valid copyright in his photograph, and for copyright infringement for Plaintiff's copying of DD's underlying image that Plaintiff copied in his photograph without permission.

## II.   THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1]

### A.   Summary of Plaintiffs' Claim: Copyright Infringement [L.R. 16-4.1(a), (b)].

Summary- Plaintiff alleges a single claim of copyright infringement against DD.

Elements-Plaintiff  has the burden of demonstrating (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by Defendant.

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Sources- *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)); *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018); Ninth Circuit Manual of Model Jury Instructions: Civil § 17.5 (2017).

Plaintiff 's copyright infringement claim also must not be subject to Defendant's affirmative defenses, described below.

**B.    Summary of Defendant's Affirmative Defenses [L.R. 16-4.1 (d), (e)]**

    **1.    Summary of Defendant's "Unauthorized Derivative Work" Affirmative Defense.**

Summary- DD's first affirmative defense alleges that Plaintiff's photograph does not qualify for copyright protection because it is a derivative work created without the permission of the DD, owner of the underlying work Plaintiff copied in its photograph.

Elements- DD must prove that Plaintiff's photograph qualifies as a derivative work, and that Plaintiff created his derivative photograph without the permission of DD, owner of the underlying copyrighted work, to prevail on this claim.

Sources- 17 U.S.C. §101(definition of "derivative work"); *Gaylord v. U.S.*, 777 F.3d 1363, 1370 (Fed. Cir. 2015) (discussing "derivative works" incorporating artwork in t-shirts); *United Feature Syndicate, Inc. v. Koons,* 817 F. Supp. 370, 382 (S.D.N.Y. 1993) (artist licensed artwork for use in "T-shirts, calendars and other derivative works"); *Ets-Hokin v. Skyy Spirits, Inc.,* 225 F.3d 1068, 1078 (9th Cir. 2000) (photograph is derivative if the "preexisting work... is copyrightable"); *Star Athletica, L.L.C. V. Varsity Brands, Inc*., --U.S.--, 137 S. Ct. 1002, 1010 (2017) ("a "pictorial, graphic, or sculptural featur[e]" incorporated into the "design of a useful article" like clothing is eligible for copyright protection if it "(1) 'can be identified separately from,' and (2) is 'capable of existing independently of, the utilitarian aspects of the article'""); *Leicester v. Warner Bros.,* 232 F.3d 1212, 1219 (9th Cir.2000) (courts have traditionally afforded copyright protection to pictorial,

2

graphic and sculptural works incorporated within a useful article); *Mirage Editions, Inc. v. Albuquerque A.R.T. Co.,* 856 F.2d 1341 (9th Cir.1988), *cert. denied,* 489 U.S. 1018 (1989) (affixing an artistic image onto a ceramic tile created a derivative work despite the utilitarian nature of the ceramic tiles).

### 2. Key Evidence Supporting Defendant's "Unauthorized Derivative Work" Affirmative Defense.

Plaintiff's photograph incorporated DD's conceptually separable, copyrightable and copyrighted "Pin-up" Girl image as shown below:

**DD's Copyrighted Image**             **Plaintiff's Derivative Image**

 

Plaintiff's photograph qualifies as a derivative work under the Copyright Act and relevant case law in these circumstances, because it "recasts, transforms and adapts" DD's original image by photographing it from a different angle than the original and adding other content to DD's underlying copyrightable work. 17 U.S.C. §101(definition of "derivative work"); see *Ets-Hokin v. Skyy Spirits, Inc.; Michael Grecco Productions, Inc. v. Livingly Media, Inc.,* 2021 WL 2546749, *5 (C.D. Cal. April 16, 2021) ("the Court agrees the Photographs are derivative [under *ETS-*

3

*Hokin*] because they are based on copyrighted work-the underlying television show[,]" but finds they were not infringing because authorized by a license); *Mackie v. Hippie*, 2010 WL 11561847, *3 (W.D. Wash. March 22, 2020) ("It is possible that defendant's photograph, which is taken from a particular angle and adds additional elements to the [preexisting photographed] sculpture, could be termed a derivative"[;] motion to dismiss on the ground the photograph not a derivative denied).  Indeed, the only circumstance in which a photograph of a preexisting copyrightable work may not qualify as a derivative is when the photograph itself does not contain enough new original expression to qualify for copyright protection because it does not vary "enough from the underlying work to enable the photograph to be distinguished from [the underlying] work*…" Schrock v. Learning Curve Intern. Inc.*, 586 F. 3d 513, 521-11 (7th Cir. 2009).  Here, Plaintiff's copyright infringement claim judicially estops him from denying his photograph is sufficiently original to qualify for copyright protection.

And, since Vila's use of DD's "Pin-up" girl image in his photograph was unauthorized, it infringes DD's copyright and is not eligible for independent copyright protection under the law of the Ninth Circuit and several other circuits. "[P]rotection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully[,]" 17 U.S.C. §103(a) Plaintiff   did not have an automatic right to incorporate  DD's copyrighted works to create a new one, and he can obtain no copyright protection in the derivative if he incorporated DD's underlying work without permission.  See *DC Comics v. Towle*, 802 F.3d 1012 (9th Cir. 2015) (defendants' creation of a three-dimensional model of the "Batmobile" from the "Batman" comics were infringing and unauthorized derivative works); *TMTV Corp. v. Mass Productions, Inc.*, 645 F.3d 464 (1st Cir. 2011) (defendants liable for copyright infringement because their television program was an unauthorized derivative of Plaintiff's underlying work); *Sobhani v. @Radical.Media Inc*., 257 F.

4

Supp. 2d 1234, 1238 (C.D. Cal. 2003) (summary judgment for defendant granted because the original elements in plaintiff's unauthorized derivative work were not entitled to copyright protection); *Anderson  v. Stallone*, 1989 WL 206431 at *8 (C.D. Cal. April 26, 1989) (unauthorized "Rocky" screenplay an unauthorized derivative work not entitled to copyright protection.)

### 3. Summary of Defendant's "Fair Use" Affirmative Defense.

Summary- DD's second affirmative defense alleges that it is not liable to Plaintiff for copyright infringement because its brief posting of Plaintiff's image on DD's Instagram  page with Irena Shayk's permission to encourage public comment is "fair" and therefore not infringing as that term is defined under the Copyright Act.

Elements- To establish "fair use," DD must show that, on balance, the facts weigh in favor of a determination that its use was "fair" and therefore not infringing under the following factors: (1) the purpose and character of DD's posting; (2) the nature of Plaintiff's copyrighted work; (3) the amount and substantiality of the portion DD used in relation to the copyrighted work as a whole; and (4) the effect upon the potential market for or value of  Plaintiff's copyrighted work.

Sources- 17 U.S.C. § 107; Ninth Circuit Manual of Model Jury Instructions: Civil § 17.22 (2017).

### 4. Key Evidence Supporting Defendant's "Fair Use" Affirmative Defense.

Defendant briefly posted Plaintiff's photograph of a celebrity wearing Defendant's clothing on its Instagram account for purposes of eliciting public comment and discussion. This weighs in favor of fair use under relevant "fair use" statutory factors. *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570 (S.D.N.Y. 2020) (publisher's unauthorized posting of celebrity photograph on social media was transformative because it was intended to promote discussion and criticism, and therefore a fair use.)

1

### 5.    Summary of Defendant's "Registration Invalidity" Affirmative Defense.

2

<u>Summary</u>- Defendant's fifth affirmative defense alleges that Plaintiff's

3

copyright registration is invalid because it did not identify the photograph it

4

purported to register as a derivative work.

5

<u>Elements</u>- Knowing factual inaccuracy in a copyright application and "willful

6

blindness" to the legal requirements of the application can invalidate it. "Willful

7

blindness" can be inferred from failure to follow clear Copyright Office instructions.

8

<u>Sources</u>- 17 U.S.C. § 411(b)(1) and (2); *Unicolors, Inc., v. H&M Hennes &*

9

*Mauritz, L.P.*, --U.S.--, 142 S. Ct. 941, 948 (2022); *Lieb v. Korangy Publishing*,

10

2022 WL 1124850, *15 (E.D.N.Y. 4/14/2022) (granting summary judgment that

11

"Plaintiff made a knowing misrepresentation to the Register of Copyrights sufficient

12

to require that this matter be referred …to determine whether the registration would

13

have been refused" based on evidence Plaintiff did not comply with clear Copyright

14

Office instructions concerning "derivative work" status, even though the applicant

15

declared he was not a lawyer and did not understand the legal requirement to

16

identify his work as a derivative when he filed the application); *Healthestate, LLC,*

17

*v. United States*, 160 Fed. Cl. 91, 93, 96-97 (Ct. Fed. Cl. 2022) (grants motion to

18

refer questions regarding inaccuracies in copyright applications to the Register of

19

Copyrights for an invalidity determination despite a declaration from the applicant

20

which denied that the applications were "knowingly inaccurate.")[1]

21

22

23

24

─────────────────

25

[1] Neither this Court nor a jury should first rule on the registration invalidity issue,
however. 17 U.S.C. § 411(b)(2) instead requires that the invalidity question be first

26

submitted to the Register of Copyrights for an initial determination on the issue. *Gold
Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d 1140 (9th Cir.

27

2019).  In light of Vila's reliance on the photograph at issue to pursue his copyright
infringement claim against DD here, DD respectfully requests that the Court refer the

28

validity question to the Copyright Office here.

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

### 6.     Key Evidence Supporting Defendant's "Registration Invalidity" Affirmative Defense.

Without DD's knowledge or consent, without disclosing to the U.S. Copyright Office that it was a derivative work that included DD's underlying "Pin-up" girl image without DD's permission, Vila applied for and obtained Copyright Registration No. VA 2-201-931 in the above unauthorized derivative image, and claims a copyright in it.

Vila, who claims to be a professional photographer, has alleged in complaint that he included the above-described unauthorized derivative image in his portfolio of images he offers to online and print publications, and that he attempted to license that unauthorized derivative image to online and print publications.

Vila's copyright application did not identify the photograph at issue as incorporating DD's "Pin-up" girl image. A copyright application must include derivative work information if the work being registered incorporates a preexisting work, because "[t]he copyright in a …derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work…"  17 U.S.C. §103(b).  Separate and apart from whether Vila's derivative photograph is unauthorized by DD, his failure to include required derivative work information in his application violates Copyright Office regulations for visual arts and group copyright applications meant to effectuate the limitations of 17 U.S.C. §103(b) and invalidates his registration.

As clearly explained in the Copyright Office's instructions for copyright applications, authors must disclose in their application previous underlying works incorporated into the applicant's new works, and limit protection to new elements in the derivative work, to comply with those regulations and the copyright statute. See "Form VA Copyright Application" for works of visual arts, Space 6 instructions, https://www.copyright.gov/forms/formva.pdf; Copyright Office Circular on registering derivative works, https://www.copyright.gov/circs/circ14.pdf;  and

7

1  Instructions for Group Registration of Photographs, which are limited to

2  "photographs… created by the same author." See

3  https://www.copyright.gov/circs/circ42.pdf;

4  https://www.copyright.gov/eco/help/group/grpph.html.

5       Knowing factual inaccuracy in a copyright application and "willful blindness"

6  to the legal requirements of the application can invalidate it pursuant to 17 U.S.C. §

7  411(b)(1) and (2). *Unicolors, Inc., v. H&M Hennes & Mauritz, L.P.*, --U.S.--, 142 S.

8  Ct. 941, 948 (2022).  Vila's application is factually inaccurate in failing to disclose

9  that DD's underlying "Pin-up" girl image is incorporated into the photograph at

10 issue in his application, even though Vila obviously knew that he did not create that

11 "Pin-up" girl image. Further, the clarity of the Copyright Office instructions

12 requiring that derivative work information be disclosed supports a finding that Vila

13 was willfully blind to the legal requirement that disclose it in the application. Courts

14 have granted summary judgment that a copyright applicant is "willfully blind" to

15 applicable legal requirements in such circumstances even when the applicant denied

16 knowing of the legal requirement to disclose derivative status as described above.

17 *Lieb v. Korangy Publishing*, 2022 WL 1124850, *15 (E.D.N.Y. 4/14/2022);

18 *Healthestate, LLC, v. United States*, 160 Fed. Cl. 91, 93, 96-97 (Ct. Fed. Cl. 2022).

19      Application of these principles is especially appropriate here, because Vila

20 not only had access to the Copyright Offices' clear instructions and online access to

21 further guidance in the Copyright Office's "Compendium of Copyright Offices

22 practices" accessible on the homepage of the Copyright Office's website to

23 complete the application at issue here, as was the case in *Lieb* and *Heathestate*, but

24 Vila has filed over 20 copyright infringement actions in the last several years in

25 New York and California. Since those copyright infringement suits could not be

26 filed until after a copyright registration is obtained, *AK Futures LLC v. Boyd Street

27 Distro*, *LLC*, supra, 35 F. 4th at 688, Vila has considerable experience filing

28 copyright applications, as well as easy access to copyright counsel to answer any

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

questions concerning copyright application filing requirements.  Only willful blindness to derivative work filing requirements can explain his failure to include it in the application at issue.

Vila's failure to identify the photograph at issue as a derivative work thus at least creates a material issue of fact whether his registration is invalid.  This Court should not only deny Vila's motion regarding the allegations of his complaint on this basis, it should refer the issue of the validity of his copyright registration to the Register of Copyrights for determination pursuant to 17 U.S.C. § 411(b)(1) and (2).

### C.    Summary of Defendant's Counterclaims: Declaratory Relief and Copyright Infringement [L.R. 16-4.1(a), (b)]

DD counterclaims against Vila for 1) declaratory relief that Vila's alleged copyright in his unauthorized derivative work is invalid for the reasons described above, and 2) copyright infringement for reproducing and creating an unauthorized derivative work that used DD's underlying "Pin-up" girl image without DD's permission as described above.

### 1.    Summary of Declaratory Relief Counterclaim

<u>Summary</u>- DD seeks a declaration that his photograph is not eligible for copyright protection because it is an unauthorized derivative work.

<u>Elements</u>- A declaratory relief action requires a substantial controversy between parties having adverse legal interest of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

<u>Sources</u>-  28 U.S.C. § 2201(a);  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126, 127 S.Ct. 764, 771, 166 L.Ed.2d 604 (2007).

### 2.    Key Evidence Supporting Declaratory Relief Counterclaim

Plaintiff alleges that Defendant has infringed his copyright in a photograph that Defendant contends is not eligible for copyright protection because it is an unauthorized derivative work and invalidly registered as described above. A real and

9

substantial controversy warranting issuance of a declaratory judgment is present in these circumstances.

### 3. Summary of Defendant's Copyright Infringement Counterclaim.

Summary- Defendant alleges that it owns a copyright in a "Pin-up" girl image Plaintiff copied in a photograph he reproduced on his website without Defendants' permission, and that Plaintiff is liable for copyright infringement on that basis.

Elements- Plaintiffs have the burden of demonstrating (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant.

Sources- *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)); *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018); Ninth Circuit Manual of Model Jury Instructions: Civil § 17.5 (2017).

### 4. Key Evidence Supporting Copyright Infringement Counterclaim.

DD Is a California company that, inter alia, manufactures and sells cutting edge clothing that is beloved by fashion forward celebrity fans such as Dua Lipa, Bella Hadid and Irina Shayk. Among the recurring motifs in DD's clothing is its use of distinctive, original artwork, song lyrics, and other graphics that often are prominently displayed on its clothing.

Among the graphic images DD utilizes on its clothing is a cartoon-style image of a "Pin-up" girl holding a skull in her left hand.  The artwork which includes that "Pin-up" girl image was created for DD has been registered for copyright by DD with the U.S. Copyright Office, and has been assigned Copyright Registration No. VA0002263282.  DD is the author and owner of that copyright on a "work made for hire" basis.

The "Pin-up" girl image DD has registered for and used and is using on certain items of its clothing is shown on the left image in Section B.2. above. On or

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

about February 7, 2020, Vila, without DD's knowledge or consent, took a photograph of Irina Shayk wearing clothing manufactured by DD that prominently displayed DD's copyrighted "Pin-up" girl image as shown on the right image in Section B.2. above.

### 5. Summary of Plaintiff's "Fair Use" Affirmative Defense to Defendant's Counterclaims.

<u>Summary</u>-Plaintiff alleged that his copying of DD's "Pin up" girl image was "fair use" in his answer to Defendants' counterclaim and in subsequent briefing.[2]

<u>Elements</u>- To establish that his copying was "fair," Plaintiff must show that his copying and use of DD's images was not infringing under the following factors: (1) the purpose and character of DD's posting; (2) the nature of Plaintiff's copyrighted work; (3) the amount and substantiality of the portion DD used in relation to the copyrighted work as a whole; and (4) the effect upon the potential market for or value of the copyrighted work.

<u>Sources</u>- 17 U.S.C. § 107; Ninth Circuit Manual of Model Jury Instructions: Civil § 17.22 (2017).

### 6. Key Facts relevant to Plaintiff's "Fair Use" Defense.

Initially, Vila "fair use affirmative defense is not properly raised by Plaintiff to validate his unauthorized derivative work. One may not use fair use as a "sword" to vest copyright in an unauthorized derivative work. *Sobhani v. @Radical Media Incl.,* 257 F. Supp. 2d 1234, 1239 (C.D. Cal, 2003) ("Plaintiff seeks to use Section 107 as a 'sword' in order to vest copyright in an unauthorized derivative work…it is relatively clear that Congress did not contemplate such.")

Further, Plaintiff's use is not "fair" under relevant factors as follows:

---

[2] Plaintiff raises the additional affirmative defenses of "Failure to State a Claim," "Copyright Misuse," "No Willfulness," and "Failure to Mitigate" in his answer, see Dkt. No. 23, but he conducted no discovery and took no discovery on those other defenses after filing his answer herein, and thus has apparently abandoned them. Defendants do not discuss those additional defenses in this Memorandum of Contentions of Fact and Law for that reason.

(1)  *The "purpose and character" of Vila's use-* Commercial uses tend to weigh against fair use determination more than non-profit, educational uses do, and thus this factor weighs against fair use, as Vila admits to a commercial purpose with his photograph. Dkt. No. 46-3 at 4-5. "Transformative" uses can favor fair use even when commercial in nature, but Vila's prosaic use of DD's copyrighted image was not transformative. *Hayden v. 2K Games, Inc.*, 2022 WL 4356211, *6-*7 (N.D. Ohio September 20, 2022); *Alexander v. Take-Two Interactive Software, Inc*., 489 F. Supp. 3d 812, 821 (S.D. Ill. 2020). A jury could find that Vila's commercial use of DD's copyrighted image weighs against fair use on this evidence. *Id.*

(2)  *The "nature of the copyrighted work" Vila copied-* DD's cartoon-like "Pin-up" girl visual art is close to the core of protected copyright protection, and thus a reasonable jury could find that Vila's copying of it weighs against fair use. *Hayden*, 2022 WL 4356211 at * 7; *Alexander,* 489 F. Supp. 3d at 822.

(3)  *The "amount and substantiality of the portion used" by Vila-* Vila copied virtually the entirety of DD's "Pin-up Girl" image, which obviously is the heart of DD's copyrighted work. A jury could find that this factor also weighs against fair use. *Hayden*, 2022 WL 4356211 at *7; *Alexander,* 489 F. Supp. 3d at 822.

(4)  *The effect of the use upon the potential market" for DD's copyrighted image-* Vila's use of DD's "Pin-up" girl image is the type for which it would require a license, and thus a jury could find that Vila's unlicensed use threatens the market for licensing of DD's "Pin-up" girl image. *Hayden*, 2022 WL 4356211 at *7-*8; *Alexander,* 489 F. Supp. 3d at 822.

17 U.S.C. §107.

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Courts have rejected fair uses defense summary judgment motions in analogous factual settings. *Hayden v. 2K Games, Inc.*, 2022 WL 4356211, *6-*8 (N.D. Ohio September 20, 2022), denied a defendant's motion for summary judgment that its use of tattoos of several NBA players in an NBA 2K video game was *de minimis* and fair use, even though the players depicted in the game actually had the tattoos and gave permission for their use in the game. *Alexander v. Take-Two Interactive Software, Inc.*, 489 F. Supp. 3d 812, 821-23 (S.D. Ill. 2020), held on summary judgment that a video game's depiction of a wrestler with tattoos in a video game infringed a tattoo artist's copyright in the tattoos he placed on the wrestler and was *not* a fair use as a matter of law, even though the depictions were created pursuant to a license from the wrestler); see also, *Alexander v. Take-Two Interactive Software, Inc.*, Case 3:18-cv-00966-SMY, Dkt. No. 298 (S.D. Ill. 09/30/22), where a jury finds copyright infringement in favor of copyright owner.

**D.     Anticipated Legal and Evidentiary Issues [L.R. 16-4.1(h) and (i)]**

In previous briefing, Plaintiff after discovery was closed attempted to introduce evidence he did not disclose or produce in discovery to support a legal theory he did not raise until after discovery closed herein.

**1.     Anticipated Evidentiary Issues [L.R. 16-4.1(h)]**

Vila's complaint does not allege that he used the photograph in which he claims copyright in any advertisement or commentary related to any DD product, or in connection with any news report.  His complaint does not describe any use of the photograph by Vila at all, and he identified no licensee of the photograph in either his Rule 26 disclosures or in discovery. However, after discovery was closed, he sought to introduce evidence regarding licensees he had not raised in any affirmative defense, pleading or brief filed before the discovery cutoff herein.

Plaintiff should not be permitted to introduce such previously undisclosed evidence. "If a party fails to provide information" by disclosure or in discovery, "that party is not allowed to use that information to supply evidence on a motion [or

at trial]…" Fed R. Civ. Proc. 37(c)(1).  Case law affirms that a party cannot use evidence he did not disclose or produce in discovery. *Estate of Rodriguez v. Solis*, 2021 WL 4125870, *4 (C.D. Cal. August 12, 2021) (court refuses to consider criminal trial transcript in connection with summary judgment motion because party did not produce it in discovery or disclose it pursuant to Fed R. Civ. Proc. 26); *Lawrence v. City and Cnty. of San Francisco*, 258 F. Supp. 3d 977, 986 (N.D. Cal. 2017) (court excludes surveillance video as evidence at summary judgment stage pursuant to Rule 37(c) because defendants did not produce it during discovery).

DD objects to and asks the Court to reject Plaintiff's attempt to rely on such undisclosed evidence.

## 2.    Anticipated Legal Issues [L.R. 16-4.1 (i)]

After pleadings and discovery were closed in this action, Plaintiff for the first time argued in a motion that his photograph is "protected" by 17 U.S.C. §113(c), and that he cannot be liable on Defendant's counterclaim for that reason. Defendant objects to Plaintiff's belated raising of that affirmative defense, and Defendant asks the Court to preclude Plaintiff from raising it at trial, for several reasons.

First, Plaintiff's citation to §113(c) tries to invoke an affirmative defense. See *Wild v. Benchmark Pest Control, Inc.*, 2016 WL 1046925. *4 (E.D. Cal. March 16, 2016) (motion to strike 17 U.S.C. §113(c) affirmative defense granted.) Plaintiff waived that defense when he did not raise it in his answer to DD's counterclaims or any other time before discovery was closed herein. A "defendant waives an affirmative defense where the defendant fails to plead that defense in its answer[,]" and he cannot introduce it after discovery is closed because of the prejudice that lack of notice causes the opposing party.  *Jorst v. D'Ambrosio Bros. Inv. Co.*, 2001 WL 969039, *9 (N.D. Cal. August 13, 20010), citing *United States Postal Service v. American Postal Workers Union AFL-CIO*, 89 F. 2d 1117, 1122 (9th Cir. 1990) (denying summary judgment based on affirmative defense not raised until more than

1    a year after suit filed, because the opposing party was prejudiced by the substantial
2    completion of discovery without notice of the defense.)

3        Second, to the extent it applies in this action, §113(c) bars Vila's copyright
4    infringement claims against DD, not the reverse. Plaintiff claims DD infringed his
5    copyright in a picture of DD's clothing bearing DD's copyrighted "Pin-up" girl
6    image posted on Instagram so that DD's clothing could be commented on by the
7    public. Section 113(c) provides that when a copyrighted work is lawfully
8    reproduced in useful articles such as clothing, "copyright does not include any right
9    to prevent the …display of pictures or photographs of such articles in connection
10   with… commentaries related to…such articles…" DD's posting of a picture of its
11   own clothing on Instagram is intended to invite commentary on its clothing, and
12   therefore Vila's alleged "copyright" in his photograph depicting DD's "Pin-up" girl
13   image on an article of clothing "does not include any right to prevent" DD from any
14   "display of such… photographs of such articles" of clothing including its "Pin-up"
15   girl image, such as Vila's photograph of such articles, to engage in such
16   commentary under the plain language of §113(c). And, since the only use of his
17   photograph Plaintiff alleges DD made is its posting of the photograph on Instagram
18   for public comment, applying §113(c) to DD's use would require that his copyright
19   claim be dismissed with prejudice.

20       Third, and in contrast to DD's use, Vila's reproduction of DD's copyrighted
21   "Pin-up" girl image included on its clothing does *not* qualify for the protection
22   under §113(c) as a matter of law, because his complaint does not allege and he
23   produced no evidence in discovery to show that his use qualifies for protection
24   under that statute. Section 113(c) "is not intended as a general limitation on the
25   copyright on all pictorial, graphic, and sculptural works that happen to be
26   reproduced in useful articles." William F. Patry, 4 *Patry on Copyright,* Sect. 11:15.
27   Thus, it does not invalidate the copyright of a work when it is affixed to a useful
28

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

article, or give others the unlimited right to infringe the copyright in such works when they are affixed to useful articles by creating unauthorized derivative works.

Instead, §113(c) only exempts from liability specific uses of such works, namely uses that involve "the making, distribution or display of pictures…in connection with advertisements or commentaries related to the distribution or display of such articles, or in connection with news reports."  17 U.S.C. §113(c). Plaintiff's answer to DD's counterclaim does not allege and in discovery he produced no evidence to show that he used his picture of DD's "Pin-up" girl image on DD clothing "in connection with advertisements" for DD's clothing.  He did not allege and in discovery he produced no evidence to show his photograph was used "in connection with …commentaries" about DD's clothing.   He did not allege and in discovery he produced no evidence to show that his image was used "in connection with news reports." Thus, Vila did not allege and in discovery did not produce evidence to show that the statute applies to his use of his picture at all, and his §113(c) defense fails on the merits as a matter of law. See *Wild v. Benchmark Pest Control, Inc.*, supra, 2016 WL 1046925 at *4 (motion to strike 17 U.S.C. §113(c) affirmative defense granted because "Defendant has not pleaded facts to support the assertion that the use was exempted… such as whether Defendant's use was made in connection with any article or news report.")

Fourth, Plaintiff did not identify any licensees of the photograph at issue in response to discovery herein, and allowing him to do so after discovery is closed would prejudice Defendant as described above. Further, Plaintiff's belated claim to one alleged foreign licensed use after discovery was closed herein [3] and other

---

[3] Copyright law is territorial in nature, and thus only actions in the United States should be considered to determine whether U.S. copyright law has been violated. *Subafilms, Ltd. v MGM-Pathe Communications Co*. 24 F. 3d 1088, 1095 (9th Cir. 1994). The Daily Mail and its website is based in England, https://www.dailymail.co.uk/ushome/index.html, and hence a "licensed" posting of photograph at issue in England is governed by English copyright law, not U.S. copyright law, and the alleged foreign licensed use does not support a Section 113(c) exemption.

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

unidentified uses are insufficient to support this defense. Section 113(c) only exempts specific uses of a copyrighted work as described above, and Vila's terse references to "other" unidentified licenses does not even attempt to claim that those "licenses" were for advertisements, or commentaries, or news reports that could be exempted under the statute. He has therefore failed to meet his burden of proof on this affirmative defense.

## III.   BIFURCATION OF ISSUES

Defendant does not believe that any issues herein should be bifurcated at the trial of this action. However, as described in footnote 1 above, questions of registration invalidity raised in Defendants' third affirmative defense should first be be first submitted to the Register of Copyrights for an initial determination on the issue under 17 U.S.C. § 411(b)(2) and Ninth Circuit authority, see *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d 1140 (9th Cir. 2019). Defendant therefore respectfully requests that said issue  be first submitted to the Register of Copyrights for an initial determination on the issue before this case is tried to a jury.

## IV.   JURY TRIAL

Both Plaintiff and Defendant have demanded that the claims in the complaint and counterclaim be tried to a jury.

## V.   ATTORNEYS' FEES

Defendant requests attorneys' fees from plaintiff on the copyright infringement claims in Plaintiff's complaint and Defendants' Counterclaim pursuant to 17 U.S.C. §505.

## VI.   ABANDONMENT OF ISSUES

Defendant does not abandon any of the claims in its counterclaims.

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Dated: February 13, 2023

RIMON, P.C.

By: _____/s/*Mark S. Lee*_____
Mark S. Lee

Attorneys for Defendant and
Counterclaimant DEADLY DOLL, INC.

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM
OF CONTENTIONS OF FACT AND LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 13, 2023, I electronically filed the foregoing Plaintiffs' Memorandum of Contentions of Fact and Law using the CM/ECF system.  All parties' and/or their counsel are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Mark S. Lee

Mark S. Lee

**DEFENDANT AND COUNTERCLAIMANT DEADLY DOLL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**